Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Suite 1202
New York, New York 10007
(212) 286-0225
*Attorneys for Claimant Katoen Natie Tank*
*Operations Inc.,*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X        19-cv-5731 (GHW)
IN THE MATTER OF THE COMPLAINT OF

HAPAG-LLOYD AKTIENGESSELSCHAFT                            **CLAIM AND ANSWER TO**
a/k/a HAPAG-LLOYD AG                                      **COMPLAINT**

AS OWNERS AND OPERATORS OF THE
M/V YANTIAN EXPRESS

-----------------------------------------------------------X


**CLAIM  AND ANSWER OF KATOEN NATIE TANK OPERATIONS INC.**

Claimant herein, Katoen Natie Tank Operations Inc., (hereinafter "Katoen Natie" or

"Claimant"), by its attorneys, Casey & Barnett, LLC, makes claim against the above-named

Complainant as follows:

**CLAIM**

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.

2.      Katoen Natie is a corporation organized and existing pursuant to the laws of one

of the states within the United States and has an office and place of business located at 10925

SH 225, La Porte, Texas 77571. Claimant was a consignee and owner of certain cargoes laden

on board the captioned vessel, which may have been partially or totally damaged, and who

have been called upon by Plaintiff and Vessel Interests to guarantee salvage claims and General

1

Average expenses which may be assessed if said cargoes have not been totally destroyed.

3.     At and during all times hereinafter mentioned, Plaintiff Hapag Lloyd Aktiengesellschaft (hereinafter "Hapag Lloyd") was and now is a foreign corporation duly organized and existing pursuant to the laws of Germany with a place of business at Hapag Lloyd Haus, Ballindamm 25, 20095 Hamburg, Germany, and was engaged in business as a common carrier of merchandise by water for hire and owned, operated, managed, chartered and/or controlled the above named vessel, which operates in a regularly scheduled liner service between, *inter alia,* ports in Asia and North America.

4.     On or about December 13, 2018 in Singapore there was delivered to the vessel and to Plaintiff a consignment consisting four container-loads of Stepan C-25 PD015, in bulk, in containers numbered PDQU 6502103, CRXU 8691735, EXFU 4411381 and PDQU 6502335, which were in at said time in good order and condition, which said vessel and Plaintiff received, accepted and agreed to transport to Halifax, Nova Scotia, Canada, for certain consideration and pursuant to Hapag Lloyd bill of lading no. HLCUSIN181113612.

5.     On or about December 13, 2018 in Singapore there was delivered to the vessel and to Plaintiff a consignment consisting of four container-loads of Stepan C-42 PD008, in bulk, in containers numbered PDQU 2504670, CXTU 1004718, PDQU 2503740, and BULU 1502729, which were at said time in good order and condition, which said vessel and Plaintiff received, accepted and agreed to transport to Halifax, Nova Scotia, Canada for certain consideration and pursuant to Hapag Lloyd bill of lading no. HLCUSIN181017363.

6.     The aforementioned containers were on board the subject vessel when on or around January 3, 2019, a fire occurred aboard the Vessel, while on the high seas.

7.     The vessel proceeded to Freeport, Bahamas, as a port of refuge, where the

aforementioned containers were discharged and inspected.

8.      The four containers carried pursuant to Hapag Lloyd bill of lading no. HLCUSIN181113612 were inspected and were deemed to be a total or constructive total loss due to fire, smoke and/or heat damage.

9.      The cargo in container PDQU 2504670 which was carried pursuant to Hapag Lloyd bill of lading no. HLCUSIN181017363 was also deemed to be a total or constructive total loss due to fire, smoke and/or heat damage.

10.      Since then, the cargo has not been delivered in the same good order and condition in which it was received and Claimant has been called upon by Plaintiff to guarantee salvage claims and alleged General Average expenses.

11.      The fire damage to the M/V YANTIAN EXPRESS and to the cargo that was transported on the vessel and resulting in damages sustained by Claimant was proximately caused by the acts, omissions, fault, negligence, breach of contract, and breach of warranty by others, including the Plaintiff, without any contributory fault by Katoen Natie.

12.      No salvage of the cargo laden inside the aforementioned 5 containers was possible.

13.      Plaintiff, by reason of the premises, breached its duties to the Claimant as a common carrier of goods by water for hire and was otherwise at fault.

14.      Claimant was the consignee and owner or otherwise had a proprietary interest of and in the aforementioned consignments of Stepan C-25 PD015 and Stepan C-42 PD008, and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in said consignments, as their respective interests may ultimately appear, and Claimant is entitled to maintain this action.

3

15.     Claimant has performed all duties and obligations on its part to be performed.

16.     By reason of the foregoing, Claimant has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $337,186.08, as set forth in Attachment A hereto.

## ANSWER OF CLAIMANT

17.     Claimant admits the allegations set forth in Paragraphs 1,2, 3, 4, 5, 6, 14, 15, and 16 of the Complaint.

18.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 8, 10, 12, 13, 17, 18, 19, 20, 22, 23, 24,, 25, 26, 31, 32, 33, 34, 35, 36 and 37 of the Complaint.

19.     With respect to the allegations contained in Paragraph 39 of the Complaint, Claimant denies each and every allegation set forth in said Paragraph except admits that Plaintiff has deposited with the Court an Ad Interim Stipulation or Value/ Letter of Undertaking in the sum of US $15,889,407, plus interest at the rate of six (6%) percent per annum.

20.     With respect to the allegations contained in Paragraph 40 of the Complaint, Claimant denies each and every allegation set forth in said Paragraph except admits that Plaitniff has deposited with the Court, as security for costs a Stipulation for Costs in the amount of $500.

21.     Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint except Admits that its cargo, identified above, was carried pursuant to bills of lading issued by Hapag Lloyd, as carrier.

22.     To the extent that Paragraphs 41 of the Complaint assert legal argument, no response is required from Answering Claimant.

23.     Claimant otherwise denies the allegations set forth in Paragraphs 7, 9, 11, 27, 28,

29, 30, 42, 43, 44 and 45 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

24.     The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

25.     The amount of security sought in the Complaint is not sufficient and must be increased because, inter alia, such amount does not adequately reflects the value of the vessel M/V YANTIAN EXPRESS together with her pending freight and because, *inter alia*, such amount is inadequate to secure the Plaintiff's liabilities and obligations to Claimant herein and other Cargo Claimants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

26.     The carriage of Claimant's cargo on board the M/V YANTIAN EXPRESS was subject to the terms and conditions of various bills of lading and/or other contracts of carriage. The losses, damages and/or charges and expenses suffered by or on connection with Claimant's cargoes were caused in whole or in part by the Plaintiff's negligent and/or willful breaches of the aforesaid contracts.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

27.      Prior to, and at all times referenced in the Complaint, Plaintiff failed to exercise due diligence to make the M/V YANTIAN EXPRESS seaworthy. The M/V YANTIAN EXPRESS was at all relevant times not fit to undertake the service in which she was engaged. The losses, damages and/or charges and expenses suffered by or in connection with Claimant's cargoes were caused in whole or in part by the Plaintiff's failure to exercise due diligence to make the M/V YANTIAN EXPRESS seaworthy at the commencement of the voyage.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

28.     Plaintiff, as the Owner and/or Operator of the vessel, is not entitled to either exoneration from or limitation of liability, for any and all of its losses, damages and/or injuries caused by the fire, as the fire was due solely to the unseaworthy condition of the vessel, and this condition was within the privity and knowledge of the Master, Owner, Operator and/or his agents, which knowledge is imputed to the Plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

29.     The fire, as referenced in the Complaint was caused or contributed to by the negligence of the Plaintiff in its capacity as Owner and/or Operator of the vessel, or it was a caused by the Plaintiff's violations of applicable federal safety and operating regulations and/or statutes.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

30.     The amount of security posted by the Plaintiff in this limitation proceeding is insufficient to properly discharge Plaintiff's liabilities and obligations, and it does not reflect the correct values required by law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

31.     The losses, damages and/or charges and expenses suffered by or in connection with Claimant's cargoes, as well as the casualty alleged in the Complaint, were caused in whole or in part by the fault, design or neglect, or want of care on the part of Plaintiff and/or the MV YANTIAN EXPRESS, and/or those in charge of the M/V YANTIAN EXPRESS, and/or persons for whom Plaintiff is responsible.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

32.     The losses, damages and/or charges and expenses suffered by or in connection with Claimant's cargoes, as well as the casualty alleged in the Complaint, resulted from causes

6

within the privity and knowledge of Plaintiff, and/or its officers, directors, managers, supervisors, superintendents, and/or such persons whose privity and knowledge are imputable to Plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

33.     Plaintiff is severally liable for the negligent acts of third parties who are not entitled to exoneration from or limitation of liability.

**WHEREFORE**, Claimant respectfully requests that the Court issue and Order:

1.     Dismissing the Complaint in all respects;

2.     Or, in the alternative, direct Plaintiff to post additional financial security to discharge and secure the Plaintiff's liabilities and obligations to Claimant and to the other Cargo Claimants;

3.     And/or in the further alternative, directing Plaintiff to post additional financial security sufficient to reflect the actual value of the Vessel together with pending freight;

4.     That this Court allow Claimant's claim to be asserted against Plaintiff in its exoneration from, or limitation of, liability proceeding with this Court;

5.     That judgment be entered in Claimant's favor and against Petitioner for an amount not less than $337,186.08, plus the costs of this action, prejudgment interest, and such additional post- judgment interest as allowed by law; and

6. That Claimant receives such other and further relief as the Court deems just and proper.

Dated:   New York New York
         September 25, 2019

Respectfully submitted,
**CASEY & BARNETT, LLC**
Attorneys for Claimant
Katoen Natie Tank Operations, Inc.

By:   *Martin F. Casey*
      Martin F. Casey
      305 Broadway, Suite 1202
      New York, New York 10007
      (212) 286-0225
      email:  mfc@caseybarnett.com

TO:    All Counsel of Record

| Container No. | Bill of Lading No. | Shipper | Consignee | Nature of the cargo | Invoice value | Freight | Value container | Total claim per container |
|---|---|---|---|---|---|---|---|---|
| PDQU2504670 | HLCUSIN181017363 | KATOEN NATIE TANK OPERATIONS PTE LTD (Singapore) | KATOEN NATIE TANK OPERATIONS INC. (Texas) | STEPAN C-42 PD008 BULK | $40,052.13 | $4,450.00 | $16,012.90 | $60,515.03 |
| PDQU6502103 | HLCUSIN181113612 | KATOEN NATIE TANK OPERATIONS PTE LTD (Singapore) | KATOEN NATIE TANK OPERATIONS INC. (Texas) | STEPAN C-25 PD015 BULK | $49,135.02 | $4,450.00 | $11,941.58 | $65,526.60 |
| CRXU8691735 | HLCUSIN181113612 | KATOEN NATIE TANK OPERATIONS PTE LTD (Singapore) | KATOEN NATIE TANK OPERATIONS INC. (Texas) | STEPAN C-25 PD015 BULK | $49,431.17 | $4,450.00 | $19,537.00 | $73,418.17 |
| EXFU4411381 | HLCUSIN181113612 | KATOEN NATIE TANK OPERATIONS PTE LTD (Singapore) | KATOEN NATIE TANK OPERATIONS INC. (Texas) | STEPAN C-25 PD015 BULK | $49,209.06 | $4,450.00 | $18,400.00 | $72,059.06 |
| PDQU6502335 | HLCUSIN181113612 | KATOEN NATIE TANK OPERATIONS PTE LTD (Singapore) | KATOEN NATIE TANK OPERATIONS INC. (Texas) | STEPAN C-25 PD015 BULK | $49,060.99 | $4,450.00 | $12,156.23 | $65,667.22 |
| | | **TOTAL** | | | **$236,888.37** | **$22,250.00** | **$78,047.71** | **$337,186.08** |