HILL RIVKINS LLP
*Attorneys for Plaintiffs*
45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X
IN THE MATTER OF THE COMPLAINT OF          :
HAPAG-LLOYD AKTIENGESELLSCHAFT             :
A/K/A HAPAG-LLOYD AG:                       :          Docket No. 19-cv-5731 (GHW)
                                            :
AS OWNERS AND OPERATORS OF THE M/V         :
YANTIAN EXPRESS,                            :
                                            :
                    Limitation Plaintiffs,  :          **AMENDED**
-----------------------------------------------------------------------X   **THIRD-PARTY**
FEDERAL INSURANCE COMPANY, INDEMNITY       :          <u>**COMPLAINT**</u>
INSURANCE COMPANY OF NORTH AMERICA,        :
AGCS MARINE INSURANCE COMPANY,TOKIO        :
MARINE AMERICA INSURANCE COMPANY, MITSUI   :
SUMITOMO INSURANCE COMPANY LTD, MITSUI     :
SUMITOMO INSURANCE COMPANY OF AMERICA,     :
MITSUI SUMITOMO INSURANCE USA LTD., HDI    :
GLOBAL INSURANCE COMPANY, TRAVELERS        :
PROPERTY CASUALTY COMPANY OF AMERICA,      :
ST. PAUL FIRE AND MARINE INSURANCE         :
COMPANY, FPG INSURANCE (THAILAND) PUBLIC   :
COMPANY LTD, QBE INSURANCE (VIETNAM)       :
COMPANY LTD, SAFETY INSURANCE PUBLIC       :
COMPANY LTD, PT ASURANSI CENTRAL ASIA,     :
GREAT AMERICAN INSURANCE COMPANY LTD,      :
AXA INSURANCE (THAILAND) PUBLIC COMPANY    :
LTD, AXA INSURANCE (SINGAPORE) PTE LTD,    :
TAIAN INSURANCE COMPANY LTD, CHINA         :
PACIFIC INSURANCE COMPANY LTD, CHARAN      :
INSURANCE COMPANY LTD, NEW INDIA           :
ASSURANCE COMPANY LTD, AXA XL UK, AXA XL   :
USA, STARR INDEMNITY AND LIABILITY         :
COMPANY, ALLIANZ USA, ZURICH INSURANCE     :
UK, TOKIO MARINE THAILAND PLC, BAO VIET    :
INSURANCE CORPORATION, PT ASURANSI ARTHA   :
GUNA, MUANG THAI INSURANCE PLC, STARR      :
USA, AXA XL SINGAPORE, ALLIANZ SRI LANKA,  :

PRAGATI INSURANCE LTD, VIETINBANK          :
INSURANCE COMPANY LTD, AXA XL SWEDEN,       :
NEW YORK MARINE AND GENERAL INSURANCE       :
COMPANY, PROSIGHT SPECIALTY UK, HOTAI       :
INSURANCE COMPANY LTD, BMS GROUP,           :
BAOMINH INSURANCE CORP, WISE                :
UNDERWRITING AGENCY LTD, PLUS ULTRA         :
SEGUROS GENERALES Y VIDA SA, MITSUI         :
SUMITOMO INSURANCE CO LTD, MITSUI           :
SUMITOMO MARINE MANAGEMENT USA, RSA         :
NEDERLAND, TOKIO MARINE AND NICHIDO FIRE    :
INSURANCE COMPANY, MSIG INSURANCE           :
SINGAPORE PTE LTD, ASPEN INSURANCE UK LTD,  :
RSA CANADA, ALLIANZ INSURANCE LANKA, LTD,   :
ALLIANZ MALAYSIA, ALLIANZ MARINE AND        :
TRANSIT UNDERWRITING AGENCY LTD, ALLIANZ    :
C.P. GENERAL INSURANCE CO LTD, AXA          :
CORPORATE HONG KONG, AXA GENERAL            :
INSURANCE HONG KONG LTD, AXA INSURANCE      :
COMPANY, BAJAJ ALLIANZ GENERAL INSURANCE    :
CO. LTD, BANKOK INSURANCE PUBLIC CO. LTD,   :
BAO LONG INSURANCE CORP, BERKSHIRE          :
HATHAWAY NY, BHARTI AXA GENERAL             :
INSURANCE CO LTD, BIDV INSURANCE CORP,      :
BRIT INSURANCE USA, BURNS AND WILCOX LTD,   :
CEYLINCO GENERAL INSURANCE LTD,             :
CHOLAMANDALAM MS GENERAL INSURANCE CO       :
LTD, CHUBB SAMAGGI INSURANCE PUBLIC CO      :
LTD, CHUBB MELBOURNE, CHUBB                 :
LONDON,CHUBB MILAN, PT ASURANSI DAYIN       :
MITRA TBK, WISMA HAYAM WURUK, FAIRFIRST     :
INSURANCE LTD, FALVEY CARGO                 :
UNDERWRITING, FUBON INSURANCE CO LTD,       :
FUTURE GENERALI INSURANCE CO LTD, GREAT     :
EASTERN GENERAL INSURANCE LTD, HANOVER      :
INSURANCE GROUP, HDFC ERGO GENERAL          :
INSURANCE CO LTD, ICICILOMBARD GENERAL      :
INSURANCE CO LTD, INTACT INSURANCE CO,      :
KYOEI FIRE AND MARINE INSURANCE CO LTD,     :
LIBERTY MUTUAL INSURANCE, LIBERTY           :
INSURANCE PTE, MARKEL INSURANCE CO, MPI     :
GENERALI INSURANS BERHAD, NATIONAL          :
INSURANCE CO LTD, NEW INDIA ASSURANCE CO    :

LTD, NORTHBRIDGE GENERAL INSURANCE CORP,  :
NATIONAL TRANSPORT INSURANCE CO LTD,         :
ORIENTAL INSURANCE CO LTD, PACIFIC            :
INSURANCE BHD, PEOPLE'S INSURANCE            :
COMPANY OF CHINA LTD, PETROVIETNAM           :
INSURANCE CORPORATION, QBE HONG KONG         :
AND SHANGHAI INSURANCE LTD, RECKITT          :
BENCKISER GROUP PLC, RELIANCE GENERAL        :
INSURANCE CO LTD, RLI INSURANCE, ROYAL AND   :
SUNALLIANCE INSURANCE (CHARLOTTE), ROYAL     :
SUNDARAM GENERAL INSURANCE CO LTD,           :
SAMSUNG FIRE AND MARINE INSURANCE CO LTD,    :
SBI GENERAL INSURANCE CO LTD, PT ASURANSI    :
SINARMAS, ASURANSI SOMPO JAPAN NIPPONKOA     :
INDONESIA, PT SOMPO INSURANCE INDONESIA      :
LTD, SOMPO INTERNATIONAL, THAISRI            :
INSURANCE CO LTD, TOKIO MARINE INSURANCE     :
SINGAPORE LTD, TOKIO MARINE NEWA             :
INSURANCE CO LTD, UNITED INDIA INSURANCE     :
CO LTD, UNITED INSURANCE COMPANY OF          :
VIETNAM CO LTD, PT ASURANSI WAHANA TATA,     :
ZURICH INSURANCE, BALOISE BELGIUM NV, AIG    :
EUROPE SA, AIG INSURANCE COMPANY OF          :
CANADA, AIG INSURANCE COMPANY CHINA LTD.,    :
AIG INSURANCE HONG KONG LTD, PT AIG          :
INSURANCE INDONESIA, AIG KOREA INC, AIG      :
GENERAL INSURANCE COMPANY LTD, NEW           :
HAMPSHIRE INSURANCE COMPANY, AIG             :
INSURANCE THAILAND, AMERICAN                 :
INTERNATIONAL GROUP UK LTD, TATA AIG         :
GENERAL INSURANCE COMPANY LTD., AXA          :
CORPORATE SOLUTIONS ASSURANCE, AXA XL,       :
AXA INSURANCE CO, THE CONTINENTAL            :
CASUALTY COMPANY, THE CONTINENTAL            :
INSURANCE COMPANY, ATLANTIC SPECIALTY        :
INSURANCE COMPANY, MUNICHRE SYNDICATE        :
LIMITED/ROANOKE INTERNATIONAL BROKERS        :
LTD, NEXUS UNDERWRITING LTD, LIBERTY         :
SPECIALTY MARKETS/LIBERTY MUTUAL             :
INSURANCE GROUP, MS AMLIN UNDERWRITING       :
LTD, QBE EUROPEAN OPERATIONS, MARKEL         :
INTERNATIONAL, CENTRAAL BEHEER ACHMEA,       :
BRIT GLOBAL SPECIALTY, CATHEDRAL CAPITAL,    :

3

BEAZLEY GROUP, ASCOT UNDERWRITING LTD,          :
NAVIGATORS INSURANCE CO, MUNICH RE              :
SYNDICATE LTD, CHUBB INSURANCE OF               :
CANADA, LAMPE & SCHWARTZ KG, MSIG               :
INSURANCE (VIETNAM) CO LTD, ROYAL SUN AND :
ALLIANCE INSURANCE PLC, MSIG INSURANCE          :
(THAILAND) PLC, MITSUI SUMITOMO INSURANCE :
CO LTD (JAPAN), COASTAL UNDERWRITERS LTD,  :
SOMPO JAPAN NIPPONKOA INSURANCE INC,            :
DZUNGSRT AND ASSOCIATES LLC, SOMPO              :
INSURANCE (HONG KONG) LTD                       :
                                                :
                Claimants/Third-Party Plaintiffs, :
                                                :
            - against -                          :
                                                :
YANG MING MARINE TRANSPORT CORP.; OCEAN :
NETWORK EXPRESS PTE. LTD.; TRANSWORLD           :
TRANSPORTATION CO. LTD.; ORIENT STAR            :
TRANSPORT INTERNATIONAL LTD.; BAO BINH          :
IMPORT EXPORT BUSINESS COMPANY LIMITED;         :
ZEMU INTERNATIONAL, INC.;                       :
ACU TRANSPORT COMPANY LIMITED; ADVANCED :
INTERNATIONAL FREIGHT, INC.; ALLCARGO           :
LOGISTICS LTD.; AMERICAN CARGO EXPRESS, INC.:
APEX SHIPPING CO.; APEX LOGISTICS               :
INTERNATIONAL, INC.; APEX LOGISTICS             :
INTERNATIONAL (VIETNAM) CO. LTD.; ARK           :
SHIPPING, INC; BARSAN GLOBAL LOGISTICS INC.; :
CAF WORLDWIDE, INC.; CMX PRIVATE LIMITED;       :
CARGO CONTAINER LINE LTD.; CARGO CARE           :
LOGISTICS, INC.; C.H. ROBINSON INTERNATIONAL, :
INC. DBA CHRISTAL LINES; CONTINENTAL            :
CARRIERS PVT LTD.; CRANE WORLDWIDE              :
LOGISTICS LLC; DAHNAY LOGISTICS PVT LTD.;       :
DAMCO USA INC.; DANMAR LINES LTD.;              :
DART GLOBAL LOGISTICS PVT LTD.; DELTRANS        :
INTERNATIONAL SHIPPING CORPORATION;             :
DIRECT SERVICE, INC.; DJR LOGISTICS, INC.;      :
DSV AIR & SEA, INC.; EFL CONTAINER LINES LLC;  :
EMU LINES PVT LTD.; EIMSKIP LOGISTICS, INC.;   :
EXPOLANKA FREIGHT (PVT) LIMITED; EXPO           :
FREIGHT (PVT) LIMITED; EXPELOGIX (PVT) LTD.;   :

EXPEDITORS INTERNATIONAL OF WASHINGTON,   :
INC.; FML CONTAINER LINES LTD.;   :
FAMOUS TARGET CORP.; FREIGHT SYSTEMS   :
CO. LTD.; FEDEX TRADE   :
NETWORKS TRANSPORT & BROKERAGE, INC.;   :
HANSEATIC CONTAINER LINES, LTD.; HANSE   :
OCEAN LINE LTD.; HELLMANN WORLDWIDE   :
LOGISTICS INC.; HONOUR LANE SHIPPING LTD.;   :
HYOSUNG TRANS WORLD CO. LTD.;   :
INTERGLOBO NORTH AMERICA, INC; INTERPORT   :
GLOBAL LOGISTICS PVT LTD.; INTERNATIONAL   :
CARGOTRANS, INC.; JAMES WORLDWIDE, INC.   :
KINTETSU WORLD EXPRESS, INC.; KLN   :
CONTAINER LINE LTD.; KUEHNE & NAGEL, INC.   :
LF LOGISTICS (CHINA) CO. LTD.; LEGEND   :
CARGO LOGISTICS COMPANY LTD.; MATRIX   :
FREIGHT SYSTEMS PRIVATE LTD.; MITSUBISHI   :
ELECTRIC LOGISTICS CORP.; MN CONTAINER   :
LINES, INC.; M&M TRANSPORT SERVICES, INC.;   :
MONTANE SHIPPING PRIVATE LIMITED; NIPPON   :
CONCEPT CORP.; NIPPON EXPRESS CO. LTD.;   :
NIPPON STEEL & SUMIKIN LOGISTICS CO. LTD.;   :
OCEAN NAVIGATOR EXPRESS LINE LTD.;   :
OIA GLOBAL INDIA PVT LTD.; ORIENT   :
EXPRESS CONTAINER CO. LTD.;   :
PANTAINER (H.K.) LTD.' PINNACLE   :
INTERNATIONAL FREIGHT FORWARDER, INC.   :
PYRAMID LINES LTD.; QUALITY EXPRESS USA INC.:
RITRA CARGO HOLLAND BV;   :
ROUND-THE-WORLD LOGISTICS, INC.   :
AIRSCHOTT, INC DBA SEA SCHOTT   :
SCHENKEROCEAN LTD.   :
AGILITY LTD. DBA SEAQUEST LINE   :
PT SAVINO DEL BENE (INDONESIA) LTD.   :
SEAGATE LOGISTICS LTD.; SEAGOLD   :
(PRIVATE) LTD.; SEAHORSE CONTAINER   :
LINES LTD.; SOJITZ LOGISTICS CORP.   :
SINO CONNECTIONS LOGISTICS INC.;   :
SHIPCO TRANSPORT, INC.; SUMISHO GLOBAL   :
LOGISTICS (USA) CORP.; SUNNY INTERNATIONAL   :
LOGISTICS, INC.; SUN CARGO CONTAINER LINE LTD:
SUPER CARGO SERVICE CO. LTD.; SWIFT   :
FREIGHT (USA) INC.; TEAMGLOBAL LOGISTICS   :

5

PVT LTD.; TOPOCEAN CONSOLIDATION SERVICES   :
(LOS ANGELES) INC.; TRANSCONTAINER (USA)   :
INC.; TRANSCONTAINER LTD.; TRANSFREIGHT   :
EXPRESS LINE LTD.; UPS ASIA GROUP PTE. LTD.   :
VTG TANKTAINER GMBH; WORLDWIDE EXPRESS,   :
INC.WORLDWIDE LOGISTICS (INDIA) PVT LTD.   :
YUSEN LOGISTICS CO. LTD.; A2Z LOGISTICS INDIA   :
PVT LTD.; ADVANTIS FREIGHT PVT LTD.; AIRLIFT   :
(U.S.A.) INC.; ALBATROSS LOGISTICS PVT LTD.;   :
ALL WORLD SHIPPING CORP.; AMERICAN GLOBAL   :
LOGISTICS LLC; AO CONTAINER LINES INC.; APL   :
LOGISTICS LTD.; ARK SHIPPING LINE INC.; ASIA   :
PACIFIC LOGISTICS CO. LTD.; ASSOCIATED   :
CONTAINER LINE PVT LTD.; ATA FREIGHT LINE   :
LTD.; BINEX LINE CORP.; BLUE SKY BLUE SEA   :
INC.; BNSF LOGISTICS OCEAN LINE INC.;   :
CAR GO WORLDWIDE INC.; CARGO CONSOL INDIA   :
PVT LTD.; CARONEX WORLDWIDE, INC.; CHOICE   :
TRADING CORPORATION PVT LTD.; CJC LOGISTICS   :
LLC; CLOUD OCEAN LINE LTD.; CL SYNERGY PVT   :
LTD.; COHESION FREIGHT (HK) LTD.; COLLYER   :
LOGISTICS INTERNATIONAL LTD.; CONSOLTAINER   :
LINE TRANSPORT GMBH; DHL INTERNATIONAL   :
GMBH; DOLPHIN LOGISTICS CO. LTD.; DOMEK   :
LOGISTICS LLC; DRAFT CARGOWAYS INDIA PVT   :
LTD.; FLEXPORT INTERNATIONAL LLC;   :
FLYJAC LOGISTICS PVT LTD.; GFG CORP. USA;   :
GLC OCEAN LINES LTD.; HECNY   :
TRANSPORTATION INC.; HTL LOGISTICS   :
INDIA PVT LTD.; KAMIGUMI CO. LTD.;   :
LGS LOGISTICS INC.; LOGISTICS PLUS, INC.;   :
LORDS FREIGHT (INDIA) PVT LTD.; M & R   :
LOGISTICS (INDIA) PVT LTD.; MAX IGL, INC.; OOCL   :
 LOGISTICS LINE LTD.; PELORUS OCEAN LINE   :
LTD.; PCL CO., LTD S.A.; QUINGDAO KAOYOUNG   :
INTERNATIONAL LOGISITICS CO. LTD.; RENUS   :
LOGISTICS PTE LTD.; ROHLIG USA LLC.; SAR   :
TRANSPORT SYSTEMS PVT LTD.; SDS TRANS INC.;   :
SOMA UNIVERSAL LOGISTICS PVT LTD.; SPRINT   :
 GLOBAL INC.; TOLL GLOBAL FORWARDING   :
(HK) LTD.; TOTAL TRANSPORT SYSTEMS LTD.;   :
TRANSPAC CARGO LINE LTD.; TRANSPORT TEAM   :
WORLDWIDE LTD.; TRIUMPH LINK LOGISTICS   :

LTD.; TRUST FREIGHT SERVICES, INC.; TT OCEAN  :
LOGISTICS, LLC.; UNITED CARGO MANAGEMENT,  :
INC.; UNIWORLD LOGISTICS LTD.; VANTECH  :
HTS FORWARDING, LTD.; WAC LOGISTICS LTD.;  :
OMNITRANS, INC.; PT TIMODA LOGISTICS;  :
HONOUR LANE LOGISTICS CO. LTD.; TOLL  :
GLOBAL FORWARDING (INDIA) PVT LTD.; NISSIN  :
INTERNATIONAL TRANSPORT USA INC.; LAUFER  :
GROUP INTERNATIONAL LTD.; FOREWAY  :
LOGISTICS PVT. LTD.; BDP TRANSPORT INC,;  :
KINGWOOD LOGISTICS LTD.; CITY OCEAN  :
LOGISTICS CO. LTD.; NEWPORT TANK  :
CONTAINERS (USA) LLC; UNIFREIGHT GLOBAL  :
LOGISTICS; CLEARSHIP FORWARDERS PVT. LTD.;  :
K LINE LOGISTICS LTD.; JAS WORLDWIDE INC.  :
D/B/A BLUE WORLD LINE; TEAM LEADER  :
LOGISTICS PVT. LTD.; LCL LOGISTICS (INDIA)  :
LTD.; PANTAINER (HK) LTD.; KOMINIS  :
INTERNATIONAL LLC D/B/A POSEIDON LINES;  :
EVERSTAR SEALANDAIR CO. LTD.; CROWN  :
LOGISTICS LTD.; GLOBAL CONTAINER LINES  :
PVT. LTD.; TRANS SERVICES LINES CO. LTD.  :
D/B/A TRANS SERVICE LINE; ON TIME SHIPPING  :
LINE LTD.; LCL CANADA LTD. D/B/A LYMAN  :
CONTAINER LINE; SHINE INTERNATIONAL  :
TRANSPORTATION (HK) LTD. D/B/A SHINE  :
SHIPPING LTD.; OEC FREIGHT WORLDWIDE  :
CO. LTD.; SEAHORSE SHIPPING CORP.; ASF  :
GLOBAL, LLC; KATOEN NATIE TANK  :
OPERATIONS INC.; INDIA MARITIME AGENCY  :
LLC D/B/A INTERNATIONAL MARITIME AGENCY  :
LLC; DYNAMIC INTERTRANSPORT CO. LTD.;  :
OCEAN TRACK, INC.; GLOBAL OCEAN AGENCY  :
LINES LLC; UNITED GLOBAL LOGISTICS INC.;  :
PINNACLE WORLD TRANSPORT PTE. LTD.;  :
UNIQUE LOGISTICS INTERNATIONAL (HK) LTD.;  :
OCEAN WIDE LOGISTICS INC.; RS LOGISTICS LTD.;  :
LOGFRET, INC.; UNICROSS FREIGHT SERVICES;  :
TOPOCEAN CONSOLIDATION SERVICE (LOS  :
ANGELES) INC.; PANWIN INTERNATIONAL  :
LOGISTICS CO. LTD.  :
   :
                    Third Party Defendants.  :

-----------------------------------------------------------------------X

Claimants/Third-Party Plaintiffs, by and through their attorneys, HILL RIVKINS LLP ("Hill Rivkins' Claimants"), complaining of the above-named Third-Party Defendants, allege upon information and belief:

## PARTIES

1.    At and during all times relevant hereto, Claimants/Third-Party Plaintiffs were and now are corporations or other legal entities having interests in connection with certain bills of lading with principal offices and places of business stated in Schedules One through Seventeen ("The Schedules") hereto annexed as Exhibit A and by this reference made a part hereof. Claimants/Third-Party Plaintiffs are the Insurers of cargoes carried aboard the M/V YANTIAN EXPRESS and in order to obtain release of the cargoes that they insured were required to post security for Limitation Plaintiffs' claims for General Average and Salvage and otherwise may be required to pay certain claims arising out of the loss of or damage to cargoes insured by them on the subject voyage.

2.    At and during all times relevant hereto, the M/V YANTIAN EXPRESS (the "Vessel") was and now is a 2002 built German-flagged containership, IMO No. 9229831, that was employed in the common carriage of merchandise by water for hire and now is, or will be during the pendency of this action, within this District and the jurisdiction of this Honorable Court. The Vessel was in a liner service, whereby it was scheduled to load and/or discharge cargoes at ports along the East Coast, including but not limited to the Port of New York.

3.    At and during all times relevant hereto, Hapag-Lloyd AG ("Limitation Plaintiff") was and now is a corporation or other business entity organized and existing by virtue of foreign law with

an office and principal place of business at Hapag-Lloyd Haus, Ballindamn 25, 20095 Hamburg, Germany, and was and now is the owner, charterer, manager and/or operator of the Vessel and was scheduled to load and/or discharge cargoes at ports along the East Coast, including but not limited to the Port of New York.

4.      Additionally, Limitation Plaintiff Hapag-Lloyd AG ("HL") was and now is a common carrier of goods for hire issuing bills of lading for carriage of cargo aboard the Vessel and was scheduled to load and/or discharge cargoes at ports along the East Coast, including but not limited to the Port of New York.

5.      Limitation Plaintiff, on its own behalf and as, or on behalf of, the Owner of the Vessel, has invoked the jurisdiction of this Honorable Court by filing for exoneration from or limtiation of liability in connection with the subject voyage (the "Limitation Action").

6.      At and during all times relevant hereto, defendant Yang Ming Marine Transport Corp. ("Yang Ming"), was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at No. 271, Ming De 1st Road, Cidue District, Keelung 20646, Taiwan (Republic of China).  Yang Ming was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

7.      At and during all times relevant hereto, defendant Ocean Network Express Pte. Ltd. ("ONE"), was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 7 Straits View, #1601 Marina One East

Tower, Singapore 018936, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

8.      At all material times to the allegations set forth in this Third-Party Complaint, Yang Ming and ONE transacted business in the state of New York.

9.      HL, Yang Ming, and ONE (collectively, the "Vessel Defendants") were members of an alliance or other association under which they operated, controlled and/or managed the Vessel and shared space and container slots on the Vessel pursuant to a vessel sharing or slot charter agreement whereby the shipments were received, approved for loading, and transported in designated slots and/or holds depending on, *inter alia,* the determination as to what cargoes were or were not hazardous, and the stability requirements for the Vessel, and the port rotation and schedule for berthing and/or discharging cargo.

10.      At and during all times relevant hereto, defendant Transworld Transportation Co. Ltd. ("Transworld") was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 10F-1, No. 130, Sec. 2 Chung Hsiao E. Rd., Taipei, Taiwan, Republic of China, and was and now is engaged in business as a non-vessel owning common carrier of goods for hire, including carrying cargoes destined for ports along the East Coast of the United States including but not limited to New York.

11.      At and during all times relevant hereto, Orient Star Transport International Ltd. ("Orient Star") was and is organized and existing under foreign law with an office and place of business at Rm 8-10 18/f Evergain Plaza Tower 1 88 Container Port Rd Kwai Chung, Hong Kong

and was and now is engaged in business as a non-vessel owning common carrier for hire, including carrying cargoes destined for ports along the East Coast of the United States including but not limited to New York and who issued bill of lading no. HCSAVSIN0559/Document No. HCSEIP027 dated December 10, 2018, for the carriage of coconut pellets to Savannah, Georgia.

12.     At all material times to the allegations set forth in this Third-Party Complaint, Transworld and Orient Star transacted business in the state of New York and contracted to carry cargoes destined for the United States.

13.     At and during all material times relevant hereto, defendant Bao Binh Import Export Business Company Limited ("Bao Binh") was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 15/32/45 Vo Duy Nimh, Ward 22, District Bionh Thanh, Ho Chi Minh City, Vietnam and was the owner, shipper, manufacturer and/or seller of a certain shipment of coconut pellets carried in container UACU5272502 aboard the Vessel destined for Savannah, Georgia (the "Coconut Pellet Cargo") and which, upon information and belief, is believed to be at or near the origin/source of the subject Fire.

14.     At and during all material times relevant hereto, defendant Zemu International, Inc. ("Zemu") was and now is a corporation or other business entity organized and existing by virtue of Georgia law with an office and principal place of business at 3073 McCall Drive, Suite #6, Atlanta, Georgia 30340 and was and now is the owner, receiver, and/or consignee of a certain shipment of coconut pellets carried in container UACU5272502 aboard the Vessel destined for Savannah,

Georgia and which is believed to be the subject Fire originated. (Zemu and Bao Binh are referred to herein as the "Coconut Pellet Defendants") and it was stowed, on deck, in vicinity of Bay 12.

15.    Bao Binh and Zemu transacted business for the delivery of coconut pellets or other cargoes into the United States.

16.    At and during all times relevant hereto, third-party defendant ACU Transport Company Limited was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at _99/9 Yenakart Road, Chongnonsee Yannawa, Bangkok 10120 Thailand_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

17.    At and during all times relevant hereto, third-party defendant Advanced International Freight, Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at  20 Enterprise Avenue N., Secaucus, NJ 07094 USA_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

18.    At and during all times relevant hereto, third-party defendant Allcargo Logistics Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Avashya House, 6th Floor, CST Road, Kalina, Santacruz (East) Mumbai 400098 India_and was and now is engaged in business as a common

carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

19.     At and during all times relevant hereto, third-party defendant American Cargo Express, Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 14459 157th St. Jamaica, NY 11434 USA_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

20.     At and during all times relevant hereto, third-party defendant Apex Shipping Co. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 20 North Central Avenue, 2nd Floor, Suite D Valley Stream, NY 11580 and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

21.     At and during all times relevant hereto, third-party defendant Apex Logistics International, Inc., was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 18554 South Susana Rd., Rancho Dominguez, CA 90221 and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

22.     At and during all times relevant hereto, third-party defendant Apex Logistics International (Vietnam) Co. Ltd., was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at _Room 2, 5th Floor, VIT Tower, 519 Kim Ma Street, Ba Dinh, Hanoi, Vietnam and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

23.     At and during all times relevant hereto, third-party defendant Ark Shipping, Inc. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Les Cascades Building, Edith Cavell Street, Port Louis, Mauritius, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

24.     At and during all times relevant hereto, third-party defendant Barsan Global Logistics Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 432 Bergen Blvd Unit D, Ridgefield, NJ 07657 and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

25.     At and during all times relevant hereto, third-party defendant CAF Worldwide, Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an

14

office and principal place of business at 1981 Marcus Ave. Suite 240, Lake Success, NY 11042 USA, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

26.     At and during all times relevant hereto, defendant CMX Private Limited was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Dhaka-Bangladesh, Road No. 13, House No. 548 DOHS Barldhara and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

27.     At and during all times relevant hereto, third-party defendant Cargo Container Line Ltd.  was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 9/F., Continental Electric Industrial Building, No. 17 Wang Chiu Road, Kowloon Bay, Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

28.     At and during all times relevant hereto, third-party defendant Cargo Care Logistics, Inc. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Blue Sky Tower, 6/F., 01 Bach Dang St. Ward 2, Tan Binh District, Ho Chi Minh City, Vietnam, and was and now is engaged in business as a

common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

29.     At and during all times relevant hereto, third-party defendant C.H. Robinson International, Inc. dba CHRistal Lines  was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 1501 North Mittel Blvd., Suite B, Wood Dale, Illinois 60191 and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

30.     At and during all times relevant hereto, third-party defendant Continental Carriers Pvt Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at _Continental House, 76-77, Kapashera, Bijwasan Road, New Delhi 110037 India,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

31.     At and during all times relevant hereto, third-party defendant Crane Worldwide Logistics LLC was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 1500 Rankin Rd. Houston, TX 77073 USA,and was and now is engaged in business as a common carrier of goods for hire and issued bills

of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

32.     At and during all times relevant hereto, third-party defendant DahNay Logistics Pvt Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at No : 62, 9th Floor, K.G.N Towers, Ethiraj Salai, Egmore, Chennai, Tamil Nadu 600008, India and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

33.     At and during all times relevant hereto, third-party defendant Damco USA Inc. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 180 Park Ave. Building 105, Florham Park, NJ 07932 USA, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

34.     At and during all times relevant hereto, third-party defendant Danmar Lines Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at P.O. Box 2651, 4002 Basel Switzerland and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

35.    At and during all times relevant hereto, third-party defendant Dart Global Logistics Pvt Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at George Court,4th Floor, No.5C/501, 5th Main HRBR, 2nd Block, Bangalore - 560 043 and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

36.    At and during all times relevant hereto, third-party defendant Deltrans International Shipping Corporation was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Suite 107, Cidel Place Lower Collymore Rock, Bridgetown, St. Michael, 11000 Barbados, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

37.    At and during all times relevant hereto, third-party defendant Direct Service, Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 1209 John Reed Court, City of Industry, CA 91745 USA, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

38.     At and during all times relevant hereto, third-party defendant DJR Logistics, Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 11 James St. Mt. Ephriam, NJ 08059 USA, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

39.     At and during all times relevant hereto, third-party defendant DSV Air & Sea, Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 100 Walnut Avenue, Suite 405, Clark, NJ 07066_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

40.     At and during all times relevant hereto, third-party defendant EFL Container Lines LLC was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 1975 Linden Blvd. Suite 200 Elmont, NY 11003 USA, _and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

41.     At and during all times relevant hereto, third-party defendant EMU Lines Pvt Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 35-A, Siddharth Chambers-II Kalu Sarai, Hauz

19

Khas, New Delhi 110016 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

42.     At and during all times relevant hereto, third-party defendant Eimskip Logistics, Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 460 Commercial St. Portland, ME 04101 USA and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

43.     At and during all times relevant hereto, third-party defendant Expolanka Freight (Pvt) Limited , was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Global HQ No. 10, Mile Post Avenue, Colombo 3, Sri Lanka and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

44.     At and during all times relevant hereto, third-party defendant Expo Freight (Pvt) Limited  was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at No. 78 Josies Street, Nungambakkarn, Chennai-34 India and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

45.    At and during all times relevant hereto, third-party defendant Expelogix (Pvt) Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 4/F., Sayuru Sevana No. 46/12, Nawam, Mawatha, Colombo 02 Sri Lanka,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

46.    At and during all times relevant hereto, third-party defendant Expeditors International of Washington, Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 1015 Third Ave, 12th Fl. Seattle, WA 98104 USA,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

47.    At and during all times relevant hereto, third-party defendant FML Container Lines Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 2009 Emerold House 2nd Fl. D.Ro Secunderbad 500003 India,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

48.    At and during all times relevant hereto, third-party defendant Famous Target Corp. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 14739 175th Street #215, Jamaica, NY 11434 and was and

now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

49.    At and during all times relevant hereto, third-party defendant Freight Systems Co. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Plot M00539, Street 732C, Jebel Ali Free Zone Dubai 61243 UAE, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

50.    At and during all times relevant hereto, third-party defendant FedEx Trade Networks Transport & Brokerage, Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 128 Dearborn St. Buffalo, NY 14207 USA, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

51.    At and during all times relevant hereto, third-party defendant Hanseatic Container Lines, Ltd. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 333 Pierce Road, Itasca, Illinois 60143 and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

52.     At and during all times relevant hereto, third-party defendant Hanse Ocean Line Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 2nd Floor, 625 King's Road, North Point, Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

53.     At and during all times relevant hereto, third-party defendant Hellmann Worldwide Logistics Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 117 Sunfield Ave, Edison, NJ 08837 and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

54.     At and during all times relevant hereto, third-party defendant Honour Lane Shipping Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Room 1501, 15/F, Nina Tower, Tower 2, 8 Yeung UK Road, Tsuen Wan, N.T. Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

55.     At and during all times relevant hereto, third-party defendant Hyosung Trans World Co. Ltd.  was and now is a corporation or other business entity organized and existing by virtue of

foreign law with an office and principal place of business at 3/F., Hyosung Harrington Square A, Mapo-Daero, Mapo-Gu, Seoul 04168 South Korea, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

56.     At and during all times relevant hereto, third-party defendant Interglobo North America, Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 2 Colony Road, Jersey City, NJ 07305 USA,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

57.     At and during all times relevant hereto, third-party defendant Interport Global Logistics Pvt Ltd. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 17 Cotters Lane, East Brunswick, NJ 08816 USA,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

58.     At and during all times relevant hereto, third-party defendant International Cargotrans, Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 9245 Laguna Springs Drive, Suite 200, Elk Grove, CA 95758 USA, and was and now is engaged in business as a common carrier of goods

for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

59.     At and during all times relevant hereto, third-party defendant James Worldwide, Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 18000 Studebaker Road, Cerritos, CA 90703 and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

60.     At and during all times relevant hereto, third-party defendant Kintetsu World Express, Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at One Jericho Plaza, Suite 100, Jericho, NY 11753 USA, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

61.     At and during all times relevant hereto, third-party defendant KLN Container Line Ltd.  was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 16/F Kerry Cargo Centre, Kwai Chung, N.T. Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

62.     At and during all times relevant hereto, third-party defendant Kuehne & Nagel, Inc. dba Blue Anchor Line and Blue Anchor America Line was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 10 Exchange Place, Jersey City, NY 07032 and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

63.     At and during all times relevant hereto, third-party defendant LF Logistics (China) Co. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 7/F, Li Fung Plaza, Tower 1, 2000 Yishan Road, Shanghai 201103 China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

64.     At and during all times relevant hereto, third-party Legend Cargo Logistics Company Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 5/F., Loc Phat Building, 68 Bach Dang St., Tan Binh District, Ho Chi Minh City, Vietnam, _and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

65.     At and during all times relevant hereto, third-party defendant Matrix Freight Systems Private Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at F-1210, LGF, Chittaranjan Park, New Delhi 110019 India,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

66.     At and during all times relevant hereto, third-party defendant Mitsubishi Electric Logistics Corp. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 2-1-6, Sasazuka Shibuya-Ku, Tokyo 151-0073 Japan,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

67.     At and during all times relevant hereto, third-party defendant MN Container Lines, Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 17100 Norwalk Blvd. Suite 103, Cerritos, CA 90703 USA,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

68.     At and during all times relevant hereto, third-party defendant M&M Transport Services, Inc. as and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 129 W. Dudley Town Rd., Bloomfield, CT

06002 USA,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

69.    At and during all times relevant hereto, third-party defendant Montane Shipping Private Limited was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at #180/64 Armenian Strret, Catholic Centre, 11th Floor, Chennai-60001, Tamilnadu, India_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

70.    At and during all times relevant hereto, third-party defendant Nippon Concept Corp. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Fokoku Seimei Bldg, 8/F., 2-2 Uchisaiwaicho 2-Chome, Chiyoda-Ku Tokyo 100-0011 Japan,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

71.    At and during all times relevant hereto, third-party defendant Nippon Express Co. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 1-9-3, Higashi-Shimbashi Minato-Ku Tokyo 105-8322 Japan, and was and now is engaged in business as a common carrier of goods for hire and

28

issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

72.     At and during all times relevant hereto, third-party defendant Nippon Steel & Sumikin Logistics Co. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 1-23-4 Shinkawa Chuo-Ku, 104-0033 Japan, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

73.     At and during all times relevant hereto, third-party defendant Ocean Navigator Express Line Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 7007-8 West Wing, Asia Terminals Centre A Berth 3, Kwai Chung Container Terminal, Kwai Chung, N.T. Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

74.     At and during all times relevant hereto, third-party defendant OIA Global India Pvt Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 1 Unit No. 701 A-Wing 7th Floor, Sagar Texh Plaza, Sakinaka Junction, Mumbai 400072 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel

including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

75.     At and during all times relevant hereto, third-party defendant Orient Express Container Co. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 30 Decastro Road, Road Town, Tortola, British Virgin Islands,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

76.     At and during all times relevant hereto, third-party defendant Pantainer (H.K.) Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 13011-13W 13/F ATL Logistics Centre B, Berth 3 Kwai Chung Container terminal N.T. Hong Kong SAR and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

77.     At and during all times relevant hereto, third-party defendant Pinnacle International Freight Forwarder, Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 2700 Avenger Drive, Virginia Beach, VA 23452 USA, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

78.     At and during all times relevant hereto, third-party defendant Pyramid Lines Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Level 54 Hopewell Centre, 183 Queens Road East, Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

79.     At and during all times relevant hereto, third-party defendant Quality Express USA Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 179-17 149th Avenue Suite 200, Jamaica, NY 11434 USA,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

80.     At and during all times relevant hereto, third-party defendant Ritra Cargo Holland BV was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Albert Plesmanweg 61C, Rotterdam 3088 GB Netherlands,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

81.     At and during all times relevant hereto, third-party defendant Round-the-World Logistics, Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at  333 Cantor Avenue, Linden NJ 07036 and

was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

82.    At and during all times relevant hereto, third-party defendant Airschott, Inc dba Sea Schott was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 2609 Cabover Drive, Bay #9, Hanover, MD 21076 and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

83.    At and during all times relevant hereto, third-party defendant SchenkerOcean Ltd was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 21/F & 35/F., Skyline Tower, 29 Wang Kwong Road, Kowloon Bay, FN Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

84.    At and during all times relevant hereto, third-party defendant Agility Ltd. dba Seaquest Line was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 11th Ruei Guang Rd. Neihu District, Taipei, Taiwan 114 Republic of China,_and was and now is engaged in business as a common carrier

of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

85.    At and during all times relevant hereto, third-party defendant PT Savino del bene (Indonesia) Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Wisma A. Manunggal 20th Floor, Jl. Jend G Subroto Kav 22, Jakarta, Seletan 12930 and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

86.    At and during all times relevant hereto, third-party defendant Seagate Logistics Ltd. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 64 North Cnetral Ave, Valley Stream, NY 11580 USA, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

87.    At and during all times relevant hereto, third-party defendant Seagold (Private) Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Suite 418-421, 4/F The Plaza, G-7, Clifton Block 9, KDA Scheme 5, Karachi, Pakistan, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

33

88.     At and during all times relevant hereto, third-party defendant Seahorse Container Lines Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Flat/Room 6, 28/F., Trendy Centre, 682 Castle Peak Road, Lai Chi Kok, Kowloon, Hong Kong S.A.R. China,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

89.     At and during all times relevant hereto, third-party defendant Sojitz Logistics Corp. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 2-1-1, Uchisaiwaicho Chiyoda-Ku, Tokyo 100-8691 Japan,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

90.     At and during all times relevant hereto, third-party defendant Sino Connections Logistics Inc. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Unit 1014, 10/F., Tower B, Hung Hom Comm Center, 27-29 Ma Tau Wai Road, Hung Hom, Kowloon, Hong Kong S.A.R. China,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

91.     At and during all times relevant hereto, third-party defendant Shipco Transport, Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 699 Kapkowski Road, Elizabeth, NJ 07201 and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

92.     At and during all times relevant hereto, third-party defendant Sumisho Global Logistics (USA) Corp.  was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 1979 Marcus Ave. Suite 200, Lake Success, NY 11042 USA,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

93.     At and during all times relevant hereto, third-party defendant Sunny International Logistics, Inc.  was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 400 S. Atlantic Blvd, Suite 503, Monterey Park, CA 91754 and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

94.     At and during all times relevant hereto, third-party defendant Sun Cargo Container Line Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 9/F., Continental Electric Industrial

Bldg., No. 17 Wang Chiu Road, Kowloon Bay, Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

95.     At and during all times relevant hereto, third-party defendant Super Cargo Service Co. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 3G Pho Quang St. Ward 2, Tan Binh District, Ho Chi Minh City, Vietnam, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

96.     At and during all times relevant hereto, third-party defendant Swift Freight (USA) Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 11835 E. Smith Ave, Santa Fe Springs, CA 90670_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

97.     At and during all times relevant hereto, third-party defendant Teamglobal Logistics Pvt Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Times Square, A Wing 7th Floor, Kurla Road, Andheri East, Mumbai, Maharashtra 400059, India and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel

including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

98.     At and during all times relevant hereto, third-party defendant TopOcean Consolidation Services (Los Angeles) Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 2727 Workman Mill Rd., City of Industry, CA 90601 USA,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

99.     At and during all times relevant hereto, third-party defendant Transcontainer (USA) Inc. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 1 Pierce Place, Suite 225E, Itasca, IL 60143 USA,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

100.     At and during all times relevant hereto, third-party defendant Transcontainer Ltd. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 300 Merrick Road Suite 308 Lynbrook, NY 11563 and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

101.    At and during all times relevant hereto, third-party defendant Transfreight Express Line Ltd. was and now is a corporation or other business entity organized and existing by virtue of law with an office and principal place of business at 2792 Nationwide Parkway 14-20, Brunswick, OH 44212 USA,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

102.    At and during all times relevant hereto, third-party defendant UPS Asia Group Pte. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 22 Changi South Avenue 2, #06-00, UPS House, Singapore 486064 Singapore,_and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

103.    At and during all times relevant hereto, third-party defendant VTG Tanktainer GmbH was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Hammerbrookstrasse 5, 20097 Hamburg  and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

104.    At and during all times relevant hereto, third-party defendant Worldwide Express, Inc. was and now is a corporation or other business entity organized and existing by virtue of  law with an office and principal place of business at 70 Jansen Avenue, Suite 202, Essington, PA 19029 and was

and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

105.   At and during all times relevant hereto, third-party defendant Worldwide Logistics (India) Pvt Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Worldwide House, No. 12, VGP Murphy Square, 1 Cross Street, St. Thomas Mount Chennai 600016 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

106.   At and during all times relevant hereto, third-party defendant Yusen Logistics Co. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Sumitomo Fudosan, Shinagawa Building, 4-10-27, Higashi Shinagawa, Shinagawa-Ku, Tokyo 140-0002 Japan, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

107.   At and during all times relevant hereto, third-party defendant A2Z Logistics India Pvt Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at No. 16 MMTC Colony 2nd Main Rd. Nanganallur, Chennai Tamil Nadur 600061 India, and was and now is engaged in business as a

common carrier of goods for hire and issued bills of lading for carriage of cargo board the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

108.    At and during all times relevant hereto, third-party defendant Advantis Freight Pvt. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 400 Thurburn Wing, Deans Road, Colombo 01000 Sri Lanka, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

109.    At and during all times relevant hereto, third-party defendant Airlift U.S.A. Inc. was and now is a corporation or other business entity organized and existing by virtue of New York law with an office and principal place of business at 11099 S. La Cienega Blvd. Suite 151 Los Angeles, CA 90045, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

110.    At and during all times relevant hereto, third-party defendant Albatross Logistics Pvt. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at No-9, Basement Floor, Port Agents, Freight Forwarders Ceebros Centre No-45, Montieth Road, Egmore, Chennai Tamil Nadu 600008 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading

40

for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

111.    At and during all times relevant hereto, third-party defendant All World Shipping Corp. was and now is a corporation or other business entity organized and existing by virtue of Florida law with an office and principal place of business at 550 North Reo Street, Suite 300 Tampa, Florida 33609, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

112.    At and during all times relevant hereto, third-party defendant American Global Logistics LLC was and now is a corporation or other business entity organized and existing by virtue of Georgia with an office and principal place of business at 3399 Peachtree Rd. NE Atlanta, GA 30326, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

113.    At and during all times relevant hereto, third-party defendant AO Container Lines Inc. was and now is a corporation or other business entity organized and existing by virtue of California law with an office and principal place of business at 421 North Oak St. Inglewood, CA 90302, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

41

114.    At and during all times relevant hereto, third-party defendant APL Logistics Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 1085 Morris Ave. #7, Union NJ 07083, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

115.    At and during all times relevant hereto, third-party defendant Ark Shipping Line Inc. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 371 Hoes Lane Suite 200, Piscataway NJ 08854, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

116.    At and during all times relevant hereto, third-party defendant Asia Pacific Logistics Co. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 1/F No. 41 Lane 145, Duhua North Road, Songshan District, Taipei 105 Taiwan, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

117.    At and during all times relevant hereto, third-party defendant Associated Container Line Pvt. Ltd. was and now is a corporation or other business entity organized and existing by virtue

of foreign law with an office and principal place of business at Office No. 202, White House, 1482

Sadashiv Peth, Opposite Tilak Smarak Mandir, Sadashiv Pet, Pune Maharashtra 411030 India , and

was and now is engaged in business as a common carrier of goods for hire and issued bills of lading

for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of

the United States including but not limited to New York.

118.    At and during all times relevant hereto, third-party defendant ATA Freight Line, Ltd.

was and now is a corporation or other business entity organized and existing by virtue of New York

law with an office and principal place of business at 400 Garden City Plaza, Suite 404, Garden City,

NY 11530, and was and now is engaged in business as a common carrier of goods for hire and issued

bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the

East Coast of the United States including but not limited to New York.

119.    At and during all times relevant hereto, third-party defendant Binex line Corp. was

and now is a corporation or other business entity organized and existing by virtue of California with

an office and principal place of business at 19515 S. Vermont Ave. Torrence, CA 90502, and was

and now is engaged in business as a common carrier of goods for hire and issued bills of lading for

carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the

United States including but not limited to New York.

120.    At and during all times relevant hereto, third-party defendant Blue Sky Blue Sea Inc.

was and now is a corporation or other business entity organized and existing by virtue of California

with an office and principal place of business at 13500 S. Figueroa St. Los Angeles, CA 90061, and

was and now is engaged in business as a common carrier of goods for hire and issued bills of lading

for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

121.     At and during all times relevant hereto, third-party defendant BNSF Logistics Ocean Line Inc. was and now is a corporation or other business entity organized and existing by virtue of Texas law with an office and principal place of business at 1600 Lakeside Parkway, Suite 100 Flower Mound, TX 75028 and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

122.     At and during all times relevant hereto, third-party defendant Car Go Worldwide Inc. was and now is a corporation or other business entity organized and existing by virtue of California law with an office and principal place of business at 172 E. Manville St. Compton, CA 90220, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

123.     At and during all times relevant hereto, third-party defendant Cargo Consol India Pvt. Ltd was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 4th Floor, Chennai City Centre, Unit No. A2, 10 & 11 Dr. Radhakrishnan Salai, Mylapore Chennai 600004 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

124.     At and during all times relevant hereto, third-party defendant Caronex Worldwide, Inc. was and now is a corporation or other business entity organized and existing by virtue of California law with an office and principal place of business at 6301 Beach Blvd Suite 227, Buena Park, CA 90621, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

125.     At and during all times relevant hereto, third-party defendant Choice Trading Corporation Pvt. Ltd. d/b/a Choice Shipping Lines was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Choice House, P.V. Sreedharan Road, Kumbalam, Ernakulam, Kerala 682506 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

126.     At and during all times relevant hereto, third-party defendant CJC Logistics LLC was and now is a corporation or other business entity organized and existing by virtue of Florida law with an office and principal place of business at 710 Oakfield Drive Suite 265, Brandon, FL 33511, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

127.     At and during all times relevant hereto, third-party defendant Cloud Ocean Line, Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law

with an office and principal place of business at Units 1701 & 1703, 17/F Tower 1, Enterprise Square, 9 Sheung Yuet Road, Kowloon Bay, Kowloon, Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

128.    At and during all times relevant hereto, third-party defendant CL Synergy Pvt. Ltd. d/b/a CLS Lines was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at No. 30, 6th Fl. R.A. De Mel Mawatha, Colombo 03 Sri Lanka, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

129.    At and during all times relevant hereto, third-party defendant Cohesion Freight (HK) Ltd. d/b/a Cohesion Freight Worldwide was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Unit A2, 8/F Sunshine Kowloon Bay Cargo Centre, 59 Tai Yip St. Kowloon Bay, Kowloon, Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

130.    At and during all times relevant hereto, third-party defendant Collyer Logistics International Ltd. d/b/a Collyer Container Line was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Rm.

1806-1807 18/F Ever gain Plaza Tower 1, 88 Container Port Road, Kwai Tsing, Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

131.    At and during all times relevant hereto, third-party defendant Consoltainer Line Transport GmbH was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Airportstrasse A-2401 Fischamend. Austria, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

132.    At and during all times relevant hereto, third-party defendant DHL International GmbH was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Charles De Gaulle Str. 20 53113 Bonn, Nordrhein-Westfalen Germany, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

133.    At and during all times relevant hereto, third-party defendant Dolphin Logistics Co. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at No. 308, SEC. 2, Bade Rd. Zhongshan Dist., Taipei Taiwan, and was and now is engaged in business as a common carrier of goods for hire and

issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

134.     At and during all times relevant hereto, third-party defendant Domek Logistics LLC was and now is a corporation or other business entity organized and existing by virtue of Illinois law with an office and principal place of business at 265 Exchange Dr. Suite 206, Crystal Lake, IL 60014, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

135.     At and during all times relevant hereto, third-party defendant Draft Cargoways India Pvt. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at New No. 31. Moore St. Chennai 600001 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

136.     At and during all times relevant hereto, third-party defendant Flexport International LLC was and now is a corporation or other business entity organized and existing by virtue of Delaware law with an office and principal place of business at 760 Market St. 8th Fl. San Francisco, CA 94102, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

137.     At and during all times relevant hereto, third-party defendant Flyjac Logistics Pvt. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at No. 25-32 Readymade Garment Complex, SIDCO Industrial Estate, Guindy Chennai 600032 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

138.     At and during all times relevant hereto, third-party defendant GFG Corp. USA was and now is a corporation or other business entity organized and existing by virtue of New York law with an office and principal place of business at 2574 West 16th St. #1C, Brooklyn, NY 11214, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

139.     At and during all times relevant hereto, third-party defendant GLC Ocean Lines Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 1156 Cecil St. 11-02/03 Far East Bank Building, Singapore 069544 Singapore, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

140.     At and during all times relevant hereto, third-party defendant Hecny Transportation Inc. was and now is a corporation or other business entity organized and existing by virtue of

California law with an office and principal place of business at 150 North Hill Drive, Suite 1, Brisbane, CA 94005, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

141.   At and during all times relevant hereto, third-party defendant HTL Logistics India Pvt. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Trifecta Adatto Building, 13th Fl. ITPL Main Road, Garudachar Palya, Mahadevapura, Bengaluru, Karnataka 560048 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

142.   At and during all times relevant hereto, third-party defendant Kamigumi Co. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 4-1-11 Hamabe-dori, Chuo-ku, Kobe, Hyogo Japan., and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

143.   At and during all times relevant hereto, third-party defendant LGS Logistics Inc. was and now is a corporation or other business entity organized and existing by virtue of California law with an office and principal place of business at 1707 East Del Amo Blvd. Carson, CA 90746, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading

for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

144.    At and during all times relevant hereto, third-party defendant Logistics Plus, Inc. was and now is a corporation or other business entity organized and existing by virtue of Pennsylvania law with an office and principal place of business at 1406 Peach St. Erie, PA 16501, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

145.    At and during all times relevant hereto, third-party defendant Lords Freight (India) Pvt. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Shree Park Building, 578 Mayor Sundar Rao Rd. Teynampet, Thiru Vi Ka, Kudiyiruppu, Teynampet, Chennai, Tamil Nadu 600006 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

146.    At and during all times relevant hereto, third-party defendant M & R Logistics (India) Pvt. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 3rd Fl. 56/57, Rajaji, Salai Chennai 600001 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

147.     At and during all times relevant hereto, third-party defendant Max IGL, Inc. was and now is a corporation or other business entity organized and existing by virtue of California law with an office and principal place of business at 1250 W. Artesia Blvd. Compton, CA 90220, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

148.     At and during all times relevant hereto, third-party defendant OOCL Logistics Line Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 31/F Harbour Centre, 25 Harbour Road, Wanchai, Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

149.     At and during all times relevant hereto, third-party defendant Pelorus Ocean Line Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Room 812, Silvercord Tower 1, 30 Canton Road, Tsimshatsui, Kowloon Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

150.     At and during all times relevant hereto, third-party defendant PCL Co. Ltd. S.A. d/b/a Penanshin Container Line was and now is a corporation or other business entity organized and

existing by virtue of foreign law with an office and principal place of business at Dresdner Tower, 5th Fl., 50th and 55th St., Panama City, Panama, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

151.    At and during all times relevant hereto, third-party defendant Quingdao Kaoyoung International Logistics Co. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Room 1004 and 1002 10/F Flat B, Futai Building, No. 18, Hong Kong (M) Rd. Shinan District, Quingdao, Shandong 266071 China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

152.    At and during all times relevant hereto, third-party defendant Renus Logistics Pte. Ltd was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 10 Anson Rd. International Plaza Singapore 079903 Singapore, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

153.    At and during all times relevant hereto, third-party defendant Rohlig USA LLC was and now is a corporation or other business entity organized and existing by virtue of Delaware law with an office and principal place of business at 20 Commerce Dr. Suite 250, Cranford, NJ 07016,

and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

154.    At and during all times relevant hereto, third-party defendant SAR Transport Systems Pvt. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Gold Crest Business Park, 908-914 9th Fl. L.B.S. Marg, Ghatkopar West, Mubai 400086 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

155.    At and during all times relevant hereto, third-party defendant SDS Trans, Inc. was and now is a corporation or other business entity organized and existing by virtue of New York law with an office and principal place of business at 14538 157th St., Jamaica, NY 11434, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

156.    At and during all times relevant hereto, third-party defendant Soma Universal Logistics Pvt. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Office No. 12, Ground Floor, Trade Center, Plot No. 46, Sector 8, Gandhidham Gujarat 370201 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo

aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

157.     At and during all times relevant hereto, third-party defendant Sprint Global Inc. was and now is a corporation or other business entity organized and existing by virtue of North Carolina law with an office and principal place of business at 3731 NW Cary Parkway, Cary, NC 27531, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

158.     At and during all times relevant hereto, third-party defendant Toll Global Forwarding (Hong Kong) Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 14/F Ever Gain Plaza Tower 1, 88 Container Port Road, Kwai Chung, Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

159.     At and during all times relevant hereto, third-party defendant Total Transport Systems Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 7th Fl. Times Square, Opposite Chandivali Petrol Pump, Sakinaka, Andheri (E) Mumbai 400072 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel

including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

160.    At and during all times relevant hereto, third-party defendant Transpac Cargo Line Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 25/F Evergo House, 38 Gloucester Road, Wanchai, Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

161.    At and during all times relevant hereto, third-party defendant Transport Team Worldwide Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 4th Floor, Rupayan Golden Age, 99 Gulshan Ave. Dhaka 1212 Bangladesh, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

162.    At and during all times relevant hereto, third-party defendant Triumph Link Logistics Ltd. was and now is a corporation or other business entity organized and existing by virtue of California law with an office and principal place of business at 2415 S. Sierra Dr. Compton, CA 90220, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

163.    At and during all times relevant hereto, third-party defendant Trust Freight Services, Inc. was and now is a corporation or other business entity organized and existing by virtue of New York law with an office and principal place of business at 150-130 132nd Ave. Jamaica, NY 11434, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

164.    At and during all times relevant hereto, third-party defendant TT Ocean Logistics LLC was and now is a corporation or other business entity organized and existing by virtue of Florida law with an office and principal place of business at 10201 NW 112th Ave. Miami, FL 33178, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

165.    At and during all times relevant hereto, third-party defendant United Cargo Management, Inc. was and now is a corporation or other business entity organized and existing by virtue of California law with an office and principal place of business at 19401 S. Main Street #202 Gardena, CA 90248, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

166.    At and during all times relevant hereto, third-party defendant Uniworld Logistics Pvt. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 225 S.T. Bed Extension 5th Main, 4th Block,

Koramangala, Bangalore Karnataka 560034 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

167.    At and during all times relevant hereto, third-party defendant Vantech HTS Forwarding, Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 1-8-10 Harumi Chuo-ku, Tokyo 104-6027 Japan, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

168.    At and during all times relevant hereto, third-party defendant WAC Logistics Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Safura Tower 7th Fl. 20 Kamal Ataturk Ave. Banani C/A, Dhaka-1213 Bangladesh, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

169.    At and during all times relevant hereto, third-party defendant Omnitrans Inc. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 4300 Jean-Talon West, Montreal, QC H4P 1W3 Canada, and was and now is engaged in business as a common carrier of goods for hire and issued bills of

lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

170.     At and during all times relevant hereto, third-party defendant PT. Timoda Logistics was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Jalan Madukoro Raya Semarang Indah, Office Building Block DXI No. 3, Tawangmas, West Semarang, Semarang, Central Java 50144 Indonesia, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

171.     At and during all times relevant hereto, third-party defendant Honour Lane Logistics Co. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 4th Fl. CCT Building, 109 Surawong Rd. Suriyawong Bangrak, Bankok 10500 Thailand, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

172.     At and during all times relevant hereto, third-party defendant Toll Global Forwarding (India) Pvt. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at The Qube, A Wing, 803 M V Road, Marol Pipeline-andheri East, Mumbai 400059 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage

59

of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

173.    At and during all times relevant hereto, third-party defendant Nissin International Transport U.S.A. Inc. was and now is a corporation or other business entity organized and existing by virtue of California law with an office and principal place of business at 1540 W. 190th St., Torrence, CA 90501, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

174.    At and during all times relevant hereto, third-party defendant Laufer Group International Ltd. was and now is a corporation or other business entity organized and existing by virtue of New York law with an office and principal place of business at 20 Vesey St. New York, NY 10007, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

175.    At and during all times relevant hereto, third-party defendant Foreway Logistics Pvt. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 18 Macleod Rd., Colombo 00400 Sri Lanka, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

176.     At and during all times relevant hereto, third-party defendant BDP Transport, Inc. was and now is a corporation or other business entity organized and existing by virtue of Pennsylvania law with an office and principal place of business at 510 Walnut St. Philadelphia, PA 19006, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

177.     At and during all times relevant hereto, third-party defendant City Ocean Logistics Co. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 22/F Suite A, Hangtian Mansion, No. 4019 Shennan Ave, Futian D. Shenzhen, Guangdong 518048 China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

178.     At and during all times relevant hereto, third-party defendant Kingwood Logistics Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 1501-2 15th Fl. 625 King's Road, North Point, Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

179.     At and during all times relevant hereto, third-party defendant Newport Tank Containers (USA) LLC was and now is a corporation or other business entity organized and existing

61

by virtue of Ohio law with an office and principal place of business at 1340 Depot St. Rocky River, OH 44116, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

180.    At and during all times relevant hereto, third-party defendant Unifreight Global Logistics was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 55 Sultan Hussein St., Bab Sharq, Alexandria, Egypt, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

181.    At and during all times relevant hereto, third-party defendant Clearship Forwarders Pvt. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 414-416 V N Purav Marg Mumbai 400071 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

182.    At and during all times relevant hereto, third-party defendant K Line Logistics Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at KLL Nihonbashi Building, 8-16, Nihonbashi Honcho 1-chome, Chuo-ku, Tokyo 103-0023 Japan, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel

including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

183.     At and during all times relevant hereto, third-party defendant JAS Forwarding Worldwide d/b/a Blue World Line was and now is a corporation or other business entity organized and existing by virtue of Georgia law with an office and principal place of business at 6195 Barfield Rd. Atlanta, GA 30328, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

184.     At and during all times relevant hereto, third-party defendant Team Leader Logistics Pvt. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 802 Trade Star C Wing, 8th Fl. NR. Chakala, Sir MV Road, Andheri Kurla Road, Andheri (E) Mumbai 400059 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

185.     At and during all times relevant hereto, third-party defendant LCL Logistics (India) Pvt. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 220 Sai Commercial Centre, Govandi Station Road, Mumbai 400088 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

186.     At and during all times relevant hereto, third-party defendant Pantainer (HK) Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Rm. 13011-13W 13/F ATL Log, Kwai Chung, NT Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

187.     At and during all times relevant hereto, third-party defendant Kominis International LLC d/b/a Poseidon Lines was and now is a corporation or other business entity organized and existing by virtue of Virginia law with an office and principal place of business at 2447 Shenandoah St. Vienna, VA 22180, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

188.     At and during all times relevant hereto, third-party defendant Everstar Sealandair Co. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 220/09 Nguyen Trong Tuyen Street, Ho Chi Minh City, Vietnam, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

189.     At and during all times relevant hereto, third-party defendant Crown Logistics Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Apt. 4C, House 3B, Rd. 49, Gulshan 2 Dhaka 1212

64

Bangladesh, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

190.    At and during all times relevant hereto, third-party defendant Global Container Lines Pvt. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 302 Kaveri Building, Sakinaka, Andheri (E) Mumbai 400072 India, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

191.    At and during all times relevant hereto, third-party defendant Trans Service Lines Co. Ltd. d/b/a Trans Service Line was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 9/F C-Bons International Center, 108 Wai Yip Street, Kowloon, Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

192.    At and during all times relevant hereto, third-party defendant On Time Shipping Line Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Unit 18 1/F Sino Ind. Plaza, Kowloon Bay, Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for

hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

193.    At and during all times relevant hereto, third-party defendant LCL Canada Ltd. d/b/a Lyman Container Line was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 1880 Matheson Blvd. E. Mississauga, ON L4W 2A2, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

194.    At and during all times relevant hereto, third-party defendant Shine International Transportation (HK) Ltd. d/b/a Shine Shipping Limited was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Unit 305-307 3/F, Kwai Cheong Centre, no. 50 Kwai Cheong Road, Kwai Chung, N.T. Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

195.    At and during all times relevant hereto, third-party defendant OEC Freight Worldwide Co. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 7F, No. 131 Section 3, Nanking East Road, Taipei 104 Taiwan (R.O.C.), and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

196.    At and during all times relevant hereto, third-party defendant Seahorse Shipping Corp. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 5 Dong Nai, Phuong 2, Tan Binh, Ho Chi Minh 72108 Vietnam, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

197.    At and during all times relevant hereto, third-party defendant ASF Global, LLC was and now is a corporation or other business entity organized and existing by virtue of Alabama law with an office and principal place of business at 3812 Springhill Ave. Mobile AL 36608, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

198.    At and during all times relevant hereto, third-party defendant Katoen Natie Tank Operations Inc. was and now is a corporation or other business entity organized and existing by virtue of Texas law with an office and principal place of business at 10925 Highway 225 La Porte, TX 77571-8718, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

199.    At and during all times relevant hereto, third-party defendant India Maritime Agency LLC d/b/a International Maritime Agency was and now is a corporation or other business entity organized and existing by virtue of New Jersey law with an office and principal place of business at

80 Route 4 East, Suite 210 Paramus, NJ 07652, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

200.    At and during all times relevant hereto, third-party defendant Dynamic Intertransport Co. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 313 C.P. Tower 22nd Fl. Silom, Bangrak, Bangkok 10500 Thailand, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

201.    At and during all times relevant hereto, third-party defendant Ocean Track, Inc. was and now is a corporation or other business entity organized and existing by virtue of Florida law with an office and principal place of business at 2401 W. Bay Dr. suite 122 & 123 Largo, Fl. 33770, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

202.    At and during all times relevant hereto, third-party defendant Global Ocean Agency Lines LLC was and now is a corporation or other business entity organized and existing by virtue of Florida law with an office and principal place of business at 1180 Ponce de Leon Blvd. Bldg. 601 Clearwater, FL 33756, and was and now is engaged in business as a common carrier of goods for

hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

203. At and during all times relevant hereto, third-party defendant United Global Logistics Inc. was and now is a corporation or other business entity organized and existing by virtue of New York law with an office and principal place of business at 124 E. Merrick Rd. Suite 101 Valley Stream, NY 11580, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

204. At and during all times relevant hereto, third-party defendant Pinnacle World Transport Pte. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 135 Middle Road #05-13/14, Bylands Building, Singapore 188975 Singapore, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

205. At and during all times relevant hereto, third-party defendant Unique Logistics International (HK) Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Rm. B&D 4/F Sunshine Kowloon Bay Cargo Center, 59 Tai Yip St. Kowloon Bay, Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for

carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

206.    At and during all times relevant hereto, third-party defendant Ocean Wide Logistics Inc. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Room 2912-2916, CEO Tower, 77 Wing Hong Street, Lai Chi Kok, Kowloon, Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

207.    At and during all times relevant hereto, third-party defendant RS Logistics Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at Unit 1502, Nina Tower, 8 Yeung Uk Rd. Tsuen Wan Hong Kong S.A.R. China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

208.    At and during all times relevant hereto, third-party defendant Logfret, Inc. was and now is a corporation or other business entity organized and existing by virtue of New Jersey law with an office and principal place of business at 6801 West Side Ave. North Bergen, NJ 07047, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

209.    At and during all times relevant hereto, third-party defendant Unicross Freight Services was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at 99 Gulshan Ave. 4th Fl. Rupayan golden Age Dhaka 1212 Bangladesh, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

210.    At and during all times relevant hereto, third-party defendant Topocean Consolidation Services (Los Angeles) Inc. was and now is a corporation or other business entity organized and existing by virtue of California law with an office and principal place of business at 2601 Workman Mill Rd. City of Industry, CA 90601, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

211.    At and during all times relevant hereto, third-party defendant Panwin International Logistics Co. Ltd. was and now is a corporation or other business entity organized and existing by virtue of foreign law with an office and principal place of business at No. 52 Xiang Gang Zhong Rd. Quingdao, Shindong, China, and was and now is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the Vessel including cargoes destined for ports along the East Coast of the United States including but not limited to New York.

212.    The Third-Party Defendants set forth in paragraphs 16-211 are referred to herein as the "NVOCC Third-Party Defendants".

## JURISDICTION

213.    This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333 and this is a maritime and admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. In addition, this Honorable Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the claims asserted herein arise out of the same transaction or occurrence and for part of the same case or controversy

## VENUE

214.    Venue was and is proper in the United States District Court for the Southern District of New York, the judicial district in which Limitation Plaintiff filed its Limitation Action, where certain of the cargoes were scheduled to be discharged and where the *concursus* of claims for the Limitation Action has been filed and demanded.

215.    Yang Ming transacts business in the state of New York and the bills of lading it issued for the subject voyage had a forum selection clause designated to its consent to jurisdiction here in New York. To the extent that any other jurisdiction is asserted by Yang Ming, as the forum for the filing of claims, such jurisdiction was waived by the filing of the Limitation Action by the Vessel and its Owner, which sought the protection of this honorable Court and where *concursus* of claims provided by the Limitation Act has been demanded.

216.    ONE transacts business in the state of New York, and to the extent that the bills of lading for the subject voyage had a forum selection clause designating Singapore as the place for the filing of claims, such jurisdiction was waived by the filing of the Limitation Action by the Vessel and its Owner, which sought the protection of this honorable Court and where a *concursus* of claims provided by the Limitation Act has been demanded.

217.     The Limitation Plaintiff and the Vessel filed the Limitation Action pursuant to 46 U.S.C. §30501 on or about June 19, 2019, seeking exoneration from or otherwise limiting their liability to the value of the Vessel and pending freight at the time of the Fire.  These parties also sought and obtained a "Concursus" pursuant to the Limitation Act, and invoked the jurisdiction of the United States District Court for the Southern District of New York, obtaining an Order restraining, *inter alia,* the Hill Rivkins' Claimants from commencing or prosecuting any action and prohibiting them from obtaining any further warrants of arrest, seizure or attachment against the foregoing parties. [Docket No. 12].

218.     By reason of the foregoing, The Limitation Plaintiff and the Vessel have invoked the exclusive jurisdiction of this Honorable Court and have waived the benefits of any so-called forum selection clauses in any bill of lading issued in connection with the subject voyage.

219.     Yang Ming and ONE did not own the Vessel and, therefore, are not entitled to limit their liability under the Limitation Act.

## **BACKGROUND**

220.     On January 3, 2019, while in-transit from Colombo, Sri Lanka to Halifax, Nova Scotia and ports along the U.S. East Coast, including the Port of New York, a fire erupted aboard the Vessel about 1,900 kilometers Southeast of Nova Scotia (the "Fire").

221.     Shortly after the Fire broke out, HL retained Smit Salvage Americas, professional salvors, under a Lloyd's Open Form ("LOF") to fight the Fire and tow the Vessel to a port of refuge.

222.    Although the crew made efforts to fight the Fire prior to the arrival of Smit, the 8 officers and 13 crew abandoned the Vessel on or about January 7, 2019, and were taken aboard the tug Smit Nicobar.

223.    The Fire was eventually brought under control by Smit and five crew members re-boarded the Vessel.

224.    On January 25, 2019, HL declared General Average ("GA") and appointed Richards Hogg Lindley ("RHL"), general average adjusters, to collect security from cargo interests for general average.

225.    Although the Vessel was destined for Halifax at the time of the fire, an otherwise suitable port of refuge, the decision was made to have the Vessel proceed to Freeport, Bahamas as a port of refuge.

226.    The Vessel proceeded to Freeport and, after receiving clearance from the Port Authorities, berthed in Freeport on February 4, 2019.

227.    Approximately, 198 cargo laden containers that are a total loss and about 460 cargo laden containers were affected by the Fire.

228.    Discharge of the damaged cargo and containers was completed on or about May 1, 2019, and the Vessel Defendants conditioned delivery of the containers on the posting of General Average security by Plaintiffs and their Insureds.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract of Carriage - All Vessel Defendants)

229.    Hill Rivkins Claimants repeat and reallege each and every allegation set forth in paragraphs 1-123 as if set forth herein at length.

74

230.    On or about the dates and at the ports of shipment stated in The Schedules, there was delivered to the Vessel and the Vessel Defendants in good order and condition and suitable in every respect for the intended transportation the shipments described in The Schedules, which the Vessel and Vessel Defendants received, accepted and agreed to transport for certain consideration to the ports of destination stated in The Schedules, and the referenced bills of lading.

231.    Certain cargoes insured by Hill Rivkins' Claimants are either a total loss or have sustained damage as a result of the Fire. In addition, certain other cargoes insured by Hill Rivkins Claimants that have not been damaged are subject to salvage and general average liens and payment related to the salvage and general average claims that have been asserted as a result of the Fire.

232.    By reason of the premises, the Vessel was unseaworthy and the Vessel Defendants breached, failed and violated their duties to the Hill Rivkins' Claimants as common carriers by water for hire and/or bailees and caused additional aggravated damages above and beyond the invoice value of the cargo, as set forth above and were negligent and otherwise at fault.

233.    The Vessel, the Limitation Plaintiff and/or the Vessel Defendants knew or had reason to know of the unseaworthy conditions leading to the Fire aboard the Vessel that were the proximate cause of the loss.

234.    Upon information and belief, the Fire was caused by a certain dangerous/hazardous cargo, which was accepted, stowed and carried aboard the Vessel by the Vessel Defendants.

235.    Due to the Vessel and the Vessel Defendants' failure to properly and safely determine whether the cargo(es) was properly described as hazardous or non-hazardous; to properly and safely stow the cargo(es) aboard the Vessel in order to eliminate the risk of fire and explosion; to ensure

that the cargo was properly described, to properly and safely extinguish the Fire and prevent its spread, and for such other and further reasons as may be developed in discovery, the Hill Rivkins' Claimants suffered damage as a result of the Fire.

236.    Upon information and belief, the Fire was caused or contributed to by defects in the Vessel's design, construction and/or electrical systems aboard the Vessel.

237.    The Hill Rivkins' Claimants were the shippers, consignees, owners, cargo insurers or their authorized representatives in connection with the shipments as described in The Schedules and bring this action on their own behalf and, as agents and trustees, on behalf of and for all interests of parties who may be or become interested in the said shipments as their respective interests may ultimately appear and plaintiffs are entitled to maintain this action.

238.    Hill Rivkins' Claimants have duly performed all duties and obligations on their part to be performed.

239.    By reason of the premises, the Hill Rivkins' Claimants have sustained damage, no part of which has been paid although duly demanded, as set forth in more detail in The Schedules.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Declaratory Judgment General Average)

240.    The Hill Rivkins' Claimants repeat and reallege the allegations set forth in paragraphs 1-134 as if set forth herein at length.

241.    On January 25, 2019, HL declared General Average ("GA") and appointed Richards Hogg Lindley to collect security from cargo interests for general average.

242.     The Vessel, HL and/or the Vessel Defendants knew or had reason to know of the unseaworthy conditions leading to the Fire aboard the Vessel that were the proximate cause of the loss.

243.     Upon information and believe, the Fire was caused by hazardous cargo carried aboard the Vessel, which was accepted, stowed and carried aboard the Vessel by the Vessel Defendants.

244.     Due to the Vessel and the Vessel Defendants failure to properly and safely determine whether the cargo(es) was properly described as hazardous or non-hazardous; to properly and safely stow the cargo(es) aboard the Vessel in order to eliminate the risk of fire and explosion; to properly and safely extinguish the Fire and prevent its spread, and for such other and further reasons as may be developed in discovery, Third Party Plaintiffs have suffered damage.

245.     By reason of the premises, HL and the Vessel Defendants are not entitled to declare General Average and are not entitled to any contribution in General Average from any of the Hill Rivkins' Claimants.

246.     Hill Rivkins' Claimants were the shippers, consignees, owners, cargo insurers or their authorized representatives in connection with the shipments as described The Schedules and bring this action on their own behalf and, as agents and trustees, on behalf of and for all interests of parties who may be or become interested in the said shipments as their respective interests may ultimately appear and are entitled to maintain this action.

247.     The Hill Rivkins' Claimants have duly performed all duties and obligations on their part to be performed.

248.     By reason of the premises, the Hill Rivkins' Claimants are entitled to a declaration that the Vessel and Vessel Defendants are not entitled to General Average.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Tort – Vessel Defendants, Transworld and Orient Star)

249.     The Hill Rivkins' Claimants repeat and realleges the allegations set forth in paragraphs 1 through 143 as if set forth herein at length.

250.     The Vessel Defendants owed a duty to all cargo carried aboard the Vessel to exercise due diligence to provide a seaworthy ship, to coordinate the receipt, acceptance, loading and delivery of the cargoes to the ports of destination in good order and condition and to determine the hazardous and/or dangerous propensities of cargoes accepted for shipment, to properly stow all cargo including hazardous and/or dangerous cargo.

251.     Transworld and Orient Star, as parties to certain bills of lading and/or as non-vessel owning common carriers, owed a duty to all cargo aboard the Vessel to exercise due diligence to provide a seaworthy ship, to coordinate the receipt, acceptance, loading and delivery of the cargoes to the ports of destination in good order and condition and to determine the hazardous and/or dangerous propensities of cargoes accepted for shipment, to properly stow all cargo including hazardous and/or dangerous cargo.

252.     The Vessel Defendants, Transworld and/or Orient Star failed to discharge their duties and responsibilities in accordance with the general maritime law and/or the International Maritime Dangerous Goods ("IMDG") Code, and were otherwise negligent.

253.     The Fire and resulting damage to cargo and exposure to potential payments for Salvage and General Average were directly and proximately caused by the Vessel Defendants,

Transworld and Orient Star's breach of the standards of care under the general maritime law and/or the IMDG Code.

254.    The Vessel Defendants, Transworld and Orient Star, either individually or collectively are liable to Hill Rivkins' Claimants for breach of the duty of care and the resulting Fire that resulted in damage to the cargoes and exposure to potential payments for Salvage and General Average.

255.    The Hill Rivkins' Claimants bring this action on their own behalf and, as agents and trustees, on behalf of and for all interests of parties who may be or become interested in the said shipments as their respective interests may ultimately appear and plaintiffs are entitled to maintain this action.

256.    Hill Rivkins' Claimants have duly performed all duties and obligations on their part to be performed.

257.    By reason of the premises, Hill Rivkins' Claimants may be called upon to pay damages as nearly as same can now be determined, in excess of $75,000,000.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to Warn Against Third-Party Defendants Bao Binh and Zemu)

258.    The Hill Rivkins' Claimants repeat and reallege the allegations set forth in paragraphs 1 to 152 as if set forth herein at length.

259.    Third-Party Defendants Bao Binh and Zemu were the owners, manufacturers, shippers, consignees, receivers, and/or buyers of the Coconut Pellet Cargo and knew or should have

known of the inherently dangerous nature of the cargo prior to delivery to the Vessel Defendants and the Vessel.

260.    Third-Party Defendants Bao Binh and Zemu were obligated to adequately warn and/or inform Plaintiffs' Insureds, the Vessel and the Vessel Defendants of the inherently dangerous nature of the Coconut Pellet Cargo.

261.    The Coconut Pellet Cargo constituted goods of an inflammable, explosive or dangerous nature.

262.    Third-Party Defendants Bao Binh and Zemu introduced the Coconut Pellet Cargo into the stream of commerce and transported the cargo to the United States without providing any warning of its inherently dangerous nature.

263.    In failing to warn and/or inform Plaintiffs' Insureds, the Vessel and/or Vessel Defendants of the inherently dangerous, inflammable and/or explosive nature of the cargo makes Third-Party Defendants Bao Binh and Zemu, as shippers and/or consignees, liable for all of the damages and expenses directly or indirectly arising out of or resulting from such shipment pursuant to 46 U.S.C. § 1304 and any and all other applicable law.

264.    The Hill Rivkins' Claimants were the shippers, consignees, owners, cargo insurers or their authorized representatives in connection with the shipments as described in The Schedules and bring this action on their own behalf and, as agents and trustees, on behalf of and for all interests of parties who may be or become interested in the said shipments as their respective interests may ultimately appear and plaintiffs are entitled to maintain this action.

265.    Plaintiffs have duly performed all duties and obligations on their part to be performed.

266. By reason of the premises, Plaintiffs may be called upon to pay damages as nearly as same can now be determined, in excess of $75,000,000.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Warn Against Third-Party Defendants Transworld and Orient Star)

267. The Hill Rivkins' Claimants repeat and reallege the allegations set forth in paragraphs 1 to 161 as if set forth herein at length.

268. Third-Party Defendants Transworld and Orient Star were the shippers and consignees of the Coconut Pellet Cargo on certain bills of lading and knew or should have known of the inherently dangerous nature of the cargo prior to delivery to the Vessel Defendants and the Vessel.

269. Third-Party Defendants Transworld and Orient Star were obligated to adequately warn and/or inform Plaintiffs' Insureds, the Vessel and the Vessel Defendants of the inherently dangerous nature of the Coconut Pellet Cargo.

270. The Coconut Pellet Cargo constituted goods of an inflammable, explosive or dangerous nature.

271. Third-Party Defendants Transworld and Orient Star introduced the Coconut Pellet Cargo into the stream of commerce and transported the cargo to the United States without providing any warning of its inherently dangerous nature.

272. In failing to warn and/or inform Plaintiffs' Insureds, the Vessel and/or Vessel Defendants of the inherently dangerous, inflammable and/or explosive nature of the cargo makes Third-Party Defendants Transworld and Orient Star, as shippers and/or consignees, liable for all of

the damages and expenses directly or indirectly arising out of or resulting from such shipment pursuant to 46 U.S.C. § 1304 and any and all other applicable law.

273.    The Hill Rivkins' Claimants were the shippers, consignees, owners, cargo insurers or their authorized representatives in connection with the shipments as described in The Schedules and bring this action on their own behalf and, as agents and trustees, on behalf of and for all interests of parties who may be or become interested in the said shipments as their respective interests may ultimately appear and plaintiffs are entitled to maintain this action.

274.    The Hill Rivkins' Claimants have duly performed all duties and obligations on their part to be performed.

275.    By reason of the premises, the Hill Rivkins' Claimants may be called upon to pay damages as nearly as same can now be determined, in excess of $75,000,000.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (Negligence Against Third-Party Defendants Bao Binh, Zemu, Transworld and Orient Star)

276.    The Hill Rivkins' Claimants repeat and reallege the allegations set forth in paragraphs 1 to 170 as if set forth herein at length.

277.    Third-Party Defendants as the owners, manufacturers, shippers, consignees receivers and./or buyers of the Coconut Pellets Cargo were obligated and duty-bound, regardless of knowledge, to adequately warn and/or inform the Hill Rivkins' Claimants, the Vessel and the Vessel Defendants of the inherently dangerous, explosive and/or flammable nature of the Coconut Pellet Cargo and to properly package, brace and stow said cargo prior to carriage.

278.    Third-Party Defendants Bao Binh, Zemu, Transworld and Orient Star were obligated to adequately warn, fully investigate the conditions necessary for its safe packing, handling, packaging and carriage and/or inform Plaintiffs' Insureds, the Vessel and the Vessel Defendants of the inherently dangerous, explosive and/or flammable nature of the Coconut Pellet Cargo.

279.    Third-Party Defendants Bao Binh, Zemu, Transworld and Orient Star knew or should have known of the inherently dangerous, explosive and/or flammable nature of the Coconut Pellet Cargo and failed to alert, investigate and./or notify the Vessel and/or Vessel Defendants.

280.    The Coconut Pellet Cargo constituted goods of an inflammable, explosive or dangerous nature.

281.    Third-Party Defendants Bao Binh, Zemu, Transworld and Orient Star introduced the Coconut Pellet Cargo into the stream of commerce and transported the cargo to the United States without providing any warning of its inherently dangerous nature.

282.    The Hill Rivkins' Claimants were the shippers, consignees, owners, cargo insurers or their authorized representatives in connection with the shipments as described in The Schedules and bring this action on their own behalf and, as agents and trustees, on behalf of and for all interests of parties who may be or become interested in the said shipments as their respective interests may ultimately appear and plaintiffs are entitled to maintain this action.

283.    The Hill Rivkins' Claimants have duly performed all duties and obligations on their part to be performed.

284.    By reason of the premises, the Hill Rivkins' Claimants may be called upon to pay damages as nearly as same can now be determined, in excess of $75,000,000.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Strict Liability Against Third-Party Defendants Bao Binh, Zemu, Transworld and Orient Star)

285.   The Hill Rivkins' Claimants repeat and reallege the allegations set forth in paragraphs 1 to 179 as if set forth herein at length.

286.   Third-Party Defendants as the owners, manufacturers, shippers, consignees receivers and./or buyers of the Coconut Pellets Cargo were obligated and duty-bound, regardless of knowledge, to adequately warn and/or inform the Hill Rivkins' Claimants, the Vessel and the Vessel Defendants of the inherently dangerous, explosive and/or flammable nature of the Coconut Pellet Cargo and to properly package, brace and stow said cargo prior to carriage.

287.   The Coconut pellet Cargo was unsafe and unreasonably dangerous and was the direct and proximate cause of the Fire.

288.   Third-Party Defendants Bao Binh, Zemu, Transworld and Orient Star introduced the Coconut Pellet Cargo into the stream of commerce and transported the cargo to the United States in an unsafe and unreasonably dangerous condition.

289.   The Hill Rivkins' Claimants were the shippers, consignees, owners, cargo insurers or their authorized representatives in connection with the shipments as described in The Schedules and bring this action on their own behalf and, as agents and trustees, on behalf of and for all interests of parties who may be or become interested in the said shipments as their respective interests may ultimately appear and plaintiffs are entitled to maintain this action.

290.   The Hill Rivkins' Claimants have duly performed all duties and obligations on their part to be performed.

291.     By reason of the premises, the Hill Rivkins' Claimants may be called upon to pay damages as nearly as same can now be determined, in excess of $75,000,000.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Breach of Contract of Carriage - All NVOCC Third-Party Defendants)

292.     Hill Rivkins Claimants repeat and reallege each and every allegation set forth in paragraphs 1-186 as if set forth herein at length.

293.     On or about the dates and at the ports of shipment stated in The Schedules, there was delivered to the NVOCC Third-Party Defendants in good order and condition and suitable in every respect for the intended transportation the shipments described in The Schedules, which the NVOCC Third-Party Defendants received, accepted and agreed to transport for certain consideration to the ports of destination stated in The Schedules, and the referenced bills of lading.

294.     Certain cargoes insured by Hill Rivkins' Claimants are either a total loss or have sustained damage as a result of the Fire. In addition, certain other cargoes insured by Hill Rivkins Claimants that have not been damaged are subject to salvage and general average liens and payment related to the salvage and general average claims that have been asserted as a result of the Fire.

295.     By reason of the premises, the Vessel was unseaworthy and the NVOCC Third-Party Defendants breached, failed and violated their duties to the Hill Rivkins' Claimants as common carriers by water for hire and/or bailees and caused additional aggravated damages above and beyond the invoice value of the cargo, as set forth above and were negligent and otherwise at fault.

296.    The Vessel, the Limitation Plaintiff and/or the Third-Party Defendants knew or had reason to know of the unseaworthy conditions leading to the Fire aboard the Vessel that were the proximate cause of the loss.

297.    Upon information and belief, the Fire was caused by a certain dangerous/hazardous cargo, which was accepted, stowed and carried aboard the Vessels.

298.    The Hill Rivkins' Claimants were the shippers, consignees, owners, cargo insurers or their authorized representatives in connection with the shipments as described in The Schedules and bring this action on their own behalf and, as agents and trustees, on behalf of and for all interests of parties who may be or become interested in the said shipments as their respective interests may ultimately appear and plaintiffs are entitled to maintain this action.

299.    Hill Rivkins' Claimants have duly performed all duties and obligations on their part to be performed.

300.    By reason of the premises, the Hill Rivkins' Claimants have sustained damage, no part of which has been paid although duly demanded, as set forth in more detail in The Schedules.

*W H E R E F O R E*, Claimants/Third-Party Plaintiffs pray:

1.    That process in due form of law according to the practice of this Court may issue against the Third-Party Defendants.

2.    That if the Third-Party Defendants cannot be found within this District, that all of their property within this District, as shall be described in the affidavit, be attached in the sum set forth in Schedule A, with interest and costs.

3.      That judgment be entered against the Vessel Defendants on the First Cause of Action in the amount of Plaintiffs' damage, together with interest, costs and attorneys' fees.

4.      That judgment be entered against the Vessel Defendants on the Second Cause of Action finding that they are not entitled to General Average, together with interest, costs and attorneys' fees.

5.      That judgment be entered against the Vessel Defendants on the Third Cause of Action in the amount of Plaintiffs' damage, together with interest, costs and attorneys' fees.

6.      That judgment be entered against the Third-Party Defendants Bao Binh and Zemu on the Fourth Cause of Action in the amount of Plaintiffs' damage, together with interest, costs and attorneys' fees.

7.      That judgment be entered against the Third-Party Defendants Transworld and Orient Star on the Fifth Cause of Action in the amount of Plaintiffs' damage, together with interest, costs and attorneys' fees.

8.      That judgment be entered against Third-Party Defendants Bao Binh, Zemu, Transworld and Orient Star on the Sixth Cause of Action in the amount of Plaintiffs' damage, together with interest, costs and attorneys' fees.

9.      That judgment be entered against Third-Party Defendants Bao Binh, Zemu, Transworld and Orient Star on the Seventh Cause of Action in the amount of Plaintiffs' damage, together with interest, costs and attorneys' fees.

10.     That judgment be entered against the NVOCC Third-Party Defendants on the Eighth Cause of Action in the amount of Plaintiffs' damage, together with interest, costs and attorneys' fees.

11.      Plaintiff further prays for such other, further and different relief as to this Court may

seem just and proper in the premises.

Dated: New York, New York
        March 4, 2020

                            HILL RIVKINS LLP
                            Attorneys for Claimants/Third-Party Plaintiffs


                    By:     /s/ James A. Saville, Jr.
                            James A. Saville, Jr.
                            Gerard W. White
                            John J. Sullivan

                            45 Broadway, Suite 1500
                            New York, New York 10006
                            (212) 669-0600