LYONS & FLOOD, LLP
One Exchange Plaza
55 Broadway, Suite 1501
New York, NY 10006
(212) 594-2400

Attorneys for Third-Party Defendant Ocean Network Express Pte. Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF<br><br>Hapag-Lloyd Aktiengesellschaft a/k/a Hapag-Lloyd AG<br>                Petitioner,<br><br>AS OWNERS AND OPERATORS OF THE M/V YANTIAN EXPRESS. | 19 Civ. 5731 (GHW) (RWL)<br><br>**<u>ANSWER</u>** |

Third-party defendant Ocean Network Express Pte. Ltd. (hereinafter, "ONE"), by its attorneys, Lyons & Flood, LLP, answers the Second Amended Third-Party Complaint of the Hill Rivkins' Claimants (ECF 169) upon information and belief as follows.

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1, 3, 4-6, 8, 10-107, 108, 110, 112, 113, 120, 122, 132, 133, 141, 142, 146, 150 and 151.

2. Denies the allegations of paragraphs 109, 111, 127-131, 134, 137-140, 143 and 147-149 and 152.

3. Admits the allegations of paragraphs 115-119, 121, and 136.

4. Admits the allegations of paragraph 2 except denies the following: that the vessel will ever be within this District; that the vessel will be within the jurisdiction of this Court; and that

the vessel will ever be scheduled to load and/or discharge in any port within the state of New York.

5. Admits the allegations of paragraph 7 except denies that ONE issued bills of lading for carriage to any port within the state of New York.

6. Answering paragraph 9, admits that HL, Yang Ming and ONE were parties to a vessel sharing agreement and that ONE and Yang Ming purchased slot space on the Vessel pursuant to the agreement, but except as so specifically admitted, denies the allegations of paragraph 9.

7. Answering paragraph 114, admits that ONE and Yang Ming did not own the Vessel, but the rest of paragraph 114 is a legal conclusion to which no response is required. Otherwise the request is denied.

8. Answering paragraph 123, ONE denies that it was involved with any aspect of General Average or Salvage security, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 123.

9. Answering paragraph 124, ONE repeats and reallges its responses to paragraphs 1-123.

10. The allegations of paragraph 125 cannot be answered in any accurate or meaningful way because The Schedules identify several thousand claims, only some of which involve containers carried under ONE bills of lading, and paragraph 125 does not specify any particular claims. Moreover, many of the claims listed in The Claims Schedules do not identify any bill of lading and some identify only NVOCC bills of lading; thus, for those, it cannot be determined which of the Vessel Defendants issued a bill of lading. Thus, paragraph 125 can be answered only with the general remark that The Schedules do include claims for containers carried under ONE bills of lading. In response to the allegation that

cargo "was in good order and condition and suitable in every respect for the intended transportation," ONE denies knowledge or information sufficient to form a belief as to the truth of such allegations.

11. Paragraph 126 cannot be answered in any meaningful or accurate way because it does not identify any particular shipment. Thus, ONE denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 126.

12. Answering paragraph 135, ONE repeats and realleges its responses to paragraphs 1-134 above.

13. Answering paragraph 144, ONE repeats and realleges its responses to paragraphs 1-143 above.

14. Paragraph 145 calls for a legal conclusion and therefore no response is required. Otherwise the request is denied.

15. The Fourth, Fifth, Sixth, Seventh and Eighth causes of action are not directed at ONE and therefore no response is required to paragraphs 153-195.

## FIRST AFFIRMATIVE DEFENSE

The shipments in question were subject to all of the terms, conditions, defenses, limitations, and limitations of liability available under bills of lading and sea waybills issued by ONE including, but not limited to, the fire defense and others listed in ONE's terms and conditions of carriage.

## SECOND AFFIRMATIVE DEFENSE

The shipments in question were subject to all of the terms, conditions, defenses, limitations, and limitations of liability of the United States Carriage of Goods by Sea Act, including, but not limited to, the fire defense (COGSA Section 4(2)(b)).

3

### THIRD AFFIRMATIVE DEFENSE

Any damage and/or loss to the shipments in question arose without the actual fault and privity of ONE and without the fault or neglect of the agents or servants of ONE.

### FOURTH AFFIRMATIVE DEFENSE

Any damage and/or loss to the shipments in question were caused by or due to the acts, omissions, fault or neglect of the owners of the shipments, the shippers or receivers and their agents or the nature of the shipments, including insufficiency of packing, inherent vice, or resulted from the acts, omissions, fault or negligent of other persons or entities for which ONE is neither responsible nor liable.

### FIFTH AFFIRMATIVE DEFENSE

ONE's liability, if any, is limited to $500 per package, or for goods not shipped in packages, $500 per customary freight unit.

### SIXTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is defective and void because third-party plaintiffs did not obtain leave to file such a pleading.

### SEVENTH AFFIRMATIVE DEFENSE

The Second Amended Complaint is defective and void and fails to state claims upon which relief can be granted because third-party plaintiffs do not qualify as defendants under F.R.Civ.14(a)(1).

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that third-party plaintiffs are claiming against ONE for carriage under bills of lading or sea waybills issued by Hapag-Lloyd, ONE reserves the right to rely on any terms, conditions, defenses, limitations, and limitations of liability therein including, but not limited to,

that such claims should be dismissed on the basis of the covenant not to sue clause (Clause 4(2)) of Hapag-Lloyd's terms and conditions of carriage.

## NINTH AFFIRMATIVE DEFENSE

To the extent that third-party plaintiffs are claiming against ONE for carriage under bills of lading or sea waybills issued by Yang Ming, ONE reserves the right to rely on any terms, conditions, defenses and limitations, and limitations of liability therein including, but not limited to, that such claims should be dismissed on the basis of the covenant not to sue clause (Clause 4(2)(a)) of Yang Ming's terms and conditions of carriage.

## TENTH AFFIRMATIVE DEFENSE

ONE reserves the right to rely on the covenant not to sue clause contained in any bill of lading or sea waybill issued by any NVOCC.

## ELEVENTH AFFIRMATIVE DEFENSE

ONE reserves the right to rely on all terms, conditions, defenses, limitations, and limitations of liability including, but not limited to any jurisdiction or arbitration clause contained in any bill of lading or sea waybill issued by an NVOCC.

## TWELFTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over ONE.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any claims arising under or related in any way to bills of lading or sea waybills issued by ONE should be dismissed on the basis of the mandatory Singapore High Court jurisdiction clause in ONE's terms and conditions of carriage.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims against ONE are time-barred.

FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that third-party plaintiffs are claiming against ONE for cargoes carried under bills of lading or sea waybills issued by Hapag-Lloyd, such claims should be dismissed on the basis of the mandatory Hamburg, Germany jurisdiction clause in Hapag-Lloyd's terms and conditions of carriage.

SIXTEENTH AFFIRMATIVE DEFENSE

ONE reserves the right to rely on any terms, conditions, defenses, limitations and limitations of liability of any applicable service contract.

WHEREFORE, ONE prays for judgment dismissing all claims against ONE, for all costs and attorneys' fees associated with this action, and for such other and further relief as the Court deems just and proper.

Dated: March 9, 2020

    Respectfully submitted,
    LYONS & FLOOD, LLP
    Attorneys for Third-Party Defendant
    Ocean Network Express Pte. Ltd.

    s/ Randolph Donatelli
      Randolph Donatelli
    One Exchange Plaza
    55 Broadway, Suite 1501
    New York, NY 10006
    Telephone: (212) 594-2400