

**LYONS ◆ FLOOD**

*Attorneys At Law*

LYONS & FLOOD LLP
ONE EXCHANGE PLAZA
55 BROADWAY, SUITE 1501
NEW YORK, NY 10006
TEL (212) 594-2400
FAX (212) 594-4589
www.lyons-flood.com

RANDOLPH H. DONATELLI
E-Mail: rdonatelli@lyons-flood.com

August 20, 2020

**BY ECF**

Honorable Robert W. Lehrburger
U.S. Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/21/2020

Re:   In the Matter of the Complaint of Hapag-Lloyd Aktiengesellschaft
      a/k/a Hapag-Lloyd AG
      19-cv-05731-(GHW) (RWL)
      Our file: 2766005

Dear Judge Lehrburger:

We represent third-party plaintiff Ocean Network Express (ONE) and report here on the results of the discussions among counsel on a bellwether approach to ONE's motion to enforce the Singapore forum clause in ONE's bill of lading. The discussions have been between the undersigned and counsel acting for parties who have claimed against ONE in this action with respect to cargo in shipping containers moving under ONE bills of lading.

As noted in our August 10, 2020 report (ECF 519), claims entailing cargo moving under roughly 1,500 ONE bills of lading have been asserted by 11 law firms against ONE.

The parties have selected test claims for a bellwether motion (particulars of the claims are listed below) and respectfully request that Your Honor endorse the proposal described herein.

The basic understanding of the parties may be summarized as follows. A decision by the Court on the test claims would not be binding as to any other claims, but all parties recognize that the purpose of a test claim approach is to obtain a decision from the Court that will provide guidance as to the many other claims. The bellwether approach is without prejudice to the claims, rights, defenses, etc. of all parties. Everything is reserved and nothing is waived. To be clear, proceeding with a bellwether motion is without prejudice to ONE's right to enforce the forum clause as to all claims (including as to any asserted after the bellwether motion is made), and the fact that ONE is now moving only under the test claims is not a waiver of ONE's right to later enforce as to any and all other claims.

NEW YORK          NEW JERSEY          MASSACHUSETTS

19-cv-05731-(GHW) (RWL)

The parties who have claimed against ONE can be classified into two general groups: cargo claimants and non-vessel-operating common carriers (NVOCCs).[1]

The agreement with cargo claimants entails the following three test claims, each brought by the Hill Rivkins firm, who act for the vast majority of all cargo claimants: Claim QT from schedule 11 to ECF 169 (this claim concerns ONE bill of lading ONEYSGNUC2079300); Claim B from schedule 4 to ECF 169 (this claim concerns ONE bill of lading ONEYBKKUH0061800); and Claim M from schedule 5 to ECF 169 (this claim concerns ONE bill of lading ONEYBKKUF3664400). The agreement with NVOCCs as to claims by NVOCCs against ONE entails a single test claim: the claim by the Kennedy Lillis firm in schedule no. 1 to ECF 435 involving ONE bill of lading ONEYBKKUF7623300. In the aggregate, the test claims are representative of a very high percentage of all claims asserted against ONE.

As for the opposition to ONE's motion on the three test claims, Hill Rivkins will invite the other law firms acting for cargo claimants to provide (for incorporation into Hill Rivkins' opposition brief) any additional legal arguments as to the test claims such other firms believe should be included in the brief; however, if such additional legal arguments on the three test claims are not included in Hill Rivkins' brief, they may be made by way of a single supplemental brief of any such non-Hill Rivkins firms (i.e, if there is more than one such firm, they will co-ordinate such that all appear in one brief). Non-Hill Rivkins counsel request the Court that the single supplemental brief not be subject to the 25 page limit for an opposition brief if, after careful consideration of ONE's moving papers and Hill Rivkins legal arguments, they believe there is a genuine need to exceed the limit. Non-Hill Rivkins counsel advise that in the event the Court denies this request, they reserve the right to submit separate briefs, rather than having a single brief for all.

The procedure with respect to Kennedy Lillis and the NVOCC test claim would be the same as outlined above except that Kennedy Lillis would be working with the law firms acting for the NVOCCs. Kennedy Lillis request that NVOCCs be permitted to apply for leave to file an oversize brief if necessary to represent fairly and comprehensively the position of the NVOCC group as a whole.

If the Court approves of the bellwether approach, the parties propose the following briefing schedule:

September 21. ONE's motion
October 21. Opposition to the motion
November 2. Supplemental briefs (if any)
November 23. ONE's reply

The bellwether discussions have necessarily been with parties who have appeared and claimed against ONE. No further cargo claims are expected to be filed against ONE but there

---

[1] "The term 'non-vessel-operating common carrier' means a common carrier that (A) does not operate the vessels by which the ocean transportation is provided; and (B) is a shipper in its relationship with an ocean common carrier." 46 U.S.C. § 40102(17).

19-cv-05731-(GHW) (RWL)

will likely be cross-claims against ONE by NVOCCs who have yet to appear in this action. Cargo claimants have sued dozens of NVOCCs and many of them have yet to appear in the case. We will invite any such NVOCCs to agree to the bellwether approach and any motion that needs to be made against them will be made at an appropriate time.

    Thank you for your consideration

Respectfully submitted,

**Lyons & Flood, LLP**

By: Randolph H. Donatelli

The proposed bellwether approach to ONE's motion to enforce the Singapore forum clause is acceptable to the Court; accordingly, the parties shall proceed as set forth and pursuant to the schedule in this letter. Any requests for exceeding the Court's normal page limits are denied without prejudice to renewal at a later time, if any, when the responding parties believe they will require additional pages to effectively respond.

SO ORDERED:

8/21/2020

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE