LYONS & FLOOD, LLP
One Exchange Plaza
55 Broadway, Suite 1501
New York, NY 10006
(212) 594-2400

Attorneys for Third-Party Defendant Ocean Network Express Pte. Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN THE MATTER OF THE COMPLAINT OF<br><br>Hapag-Lloyd Aktiengesellschaft a/k/a Hapag-Lloyd AG<br>　　　　　　Petitioner,<br><br>AS OWNERS AND OPERATORS OF THE M/V YANTIAN EXPRESS. | 19 Civ. 5731 (GHW) (RWL)<br><br>**SUPPLEMENTAL DECLARATION OF BERNARD YEE WENG WAI** |
|---|---|

1. I refer to my declaration of 17 September 2020 in this action, and I give this supplemental declaration at the request of counsel for ONE and in support of ONE's motion in the U.S. District Court for the Southern District of New York to enforce the Singapore forum selection clause in ONE's bill of lading terms. A copy of ONE's bill of lading terms is attached as exhibit "F" to my 17 September 2020 declaration.

2. I have reviewed the opposition briefs submitted by the law firms of Hill Rivkins and Kennedy Lillis to the said motion and note that they both (Hill Rivkins at pages 24-25 and Kennedy Lillis in footnote 13 on page 16) seem to suggest that my 17 September 2020 declaration implies that the Singapore court would not apply the U.S. Carriage of Goods by Sea Act ("U.S. COGSA") as the substantive law for claims brought against ONE in the Singapore court for shipments to or from the U.S. As explained below, this is a misreading of my 17 September 2020 declaration.

1

3. In my 17 September 2020 declaration at paragraphs 23-24 I explained that the 1976 Limitation Convention is procedural in nature and will apply irrespective of Clause 25.2 of the bill of lading, a U.S. choice of law clause applicable to shipments to or from U.S. ports. As I explained, the 1976 Limitation Convention is the lex fori (law of the forum) of Singapore, as it is procedural in nature, and in Singapore the law of the forum governs procedural matters. As far as substantive law issues are concerned, the Singapore court will give effect to the choice of governing law made in clause 25 and apply U.S. law to shipments to or from the U.S.

4. My 17 September declaration did not specifically refer to bill of lading clause 26.1, which provides that U.S. COGSA applies to shipments to or from the U.S.; however, this clause is effectively just a subset of clause 25.2, as Clause 25.2 provides for application of U.S. law to shipments to or from the U.S. and, of course, U.S. COGSA is U.S. substantive law. The Singapore court will give effect to clause 26 and apply U.S. COGSA as substantive law for shipments to or from the U.S. and, as noted above and in my 17 September 2020 declaration, the 1976 Limitation Convention as procedural law for all shipments.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 4th day of December 2020.

*[signature]*

Bernard Yee Weng Wai