```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/4/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MITSUBISHI LOGISTICS AMERICAS CORP.,       :
                                            Plaintiff, :
       - against -                                    :
                                            :
OCEAN NETWORK EXPRESS PTE. LTD.,           :
                                          Defendant. :
-------------------------------------------------------------X

20-CV-6319 (GHW) (RWL)

**ORDER GRANTING MOTION TO CONSOLIDATE CASES**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Before the Court is the parties' letter motion requesting that this matter, *Mitsubishi Logistics Americas Corp. v. Ocean Network Express Pte. Ltd.*, No. 20-CV-6319, be consolidated with *In re Hapag-Lloyd Aktiengesellschaft*, No. 19-CV-5731 (the "Main Action"); and that all scheduling deadlines in this matter be the same as in the Main Action. (Dkt. 14.) For the following reasons, the parties' request to consolidate is GRANTED.

## Background

This case concerns a fire that started aboard the M/V YANTIAN EXPRESS on January 3, 2019, while the cargo ship was in-transit from Colombo, Sri Lanka, to Halifax, Nova Scotia, and certain ports along the East Coast of the United States. (Complaint, Dkt. 1 ¶ 13.) Plaintiff is engaged in the business of carriage of goods by sea as a Non-Vessel Owning Common Carrier ("NVOCC"); Defendant is engaged in business as a common carrier of goods for hire and issued bills of lading for carriage of cargo aboard the M/V YANTIAN EXPRESS. (*Id.* ¶¶ 3-4.) Plaintiff commenced this

1

action on August 11, 2020, alleging in sum and substance that "[b]y reason of the premises, [Defendant] breached, failed, and violated its duties to Plaintiff as common carriers by water for hire and/or bailees, and caused additional aggravated damages above and beyond the invoice value of the cargo … and was negligent and otherwise at fault." (*Id.* ¶ 18.)

On the same day that Plaintiff filed its complaint, Plaintiff also filed a Related Case Statement, explaining that this matter was related to the Main Action because

> Th[is] new case involves Ocean Network Express, a party in the prior filed case, and the cause of action arises out of the same facts and circumstances as the prior case. The same forum selection clause issue will be presented in this case as in the prior case, all of the discovery will be the overlapping, and the same issues of liability and defenses presented in the prior case also will be presented here.

(Dkt. 4 at 2.) In the instant motion, the parties similarly state that this matter "arises out of the same incident as the main action (the fire on the Yantian Express), has legal and factual issues identical with those presented in the main action, and defendant Ocean Network Express is already a party to and involved in that action." (Dkt. 14 at 1.) The parties now request that this case be consolidated with the Main Action and all scheduling deadlines be the same as in the Main Action. (*Id.*)

## Discussion

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a); *see also Devlin v. Transportation Communications International Union*, 175 F.3d 121,

130 (2d Cir. 1999) ("The Rule should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion.") (internal quotation marks and citations omitted). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, __ U.S. __, __, 138 S. Ct. 1118, 1131 (2018); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) (same). "However, the discretion to consolidate is not unfettered. Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Malcolm v. National Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (quoting *Johnson*, 889 F.2d at 1284-85); *see also Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 464 (S.D.N.Y. 1977) ("consolidation should not be ordered if it would prejudice defendant"). "A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions, and a district court must examine the special underlying facts with close attention before ordering a consolidation." *In re Repetitive Stress Injury Litigation*, 11 F.3d 368, 373 (2d Cir. 1993) (internal quotation marks and citations omitted).

The Court finds that consolidation of this matter with the Main Action would eliminate unnecessary cost, delay, repetition, and confusion. *See* Fed. R. Civ. P. 42(a)(3); *Devlin*, 175 F.3d at 130. The cases involve the same questions of law and fact: the fire aboard the M/V Yantian Express and Defendant's alleged breach of duty and negligence in relation to the fire. (*Compare* No. 20-CV-6319 at Dkt. 1 ¶¶ 13, 18,

3

*with* No. 19-CV-5731 at Dkt. 169 ¶¶ 115, 127.[1]) Moreover, Plaintiff itself states that the cause of action in the instant case "arises out of the same facts and circumstances as the [Main Action], … all of the discovery will be overlapping, and the same issues of liability and defenses presented in the [Main Action] also will be presented here." (Dkt. 4 at 2.) Finally, there is little risk of prejudice to Defendant as Defendant not only agrees with Plaintiff that this matter "has legal and factual issues identical with those presented in the main action," but also joins Plaintiff in the instant request for consolidation. (Dkt. 14 at 1.) As such, the Court finds that consolidation of this matter with the Main Action is appropriate.

## Conclusion

Accordingly, it is hereby ORDERED:

1. The parties' request for consolidation is GRANTED.

2. *Mitsubishi Logistics Americas Corp. v. Ocean Network Express Pte. Ltd.*, No. 20-CV-6319, shall be consolidated with *In re Hapag-Lloyd Aktiengesellschaft*, No. 19-CV-5731.

3. All scheduling deadlines in *Mitsubishi Logistics Americas Corp. v. Ocean Network Express Pte. Ltd.*, No. 20-CV-6319, shall be the same as in *In re Hapag-Lloyd Aktiengesellschaft*, No. 19-CV-5731.

4. The Initial Pretrial Conference set for January 6, 2021 at 9:30 a.m. is cancelled.

---

[1] "Dkt. 169" refers to the self-styled Hill Rivkins' Claimants' Second Amended Third-Party Complaint against certain third-party defendants, including Defendant. (No. 19-CV-5731 at Dkt. 169.) According to Defendant, "the Hill Rivkins firm … act[s] for the vast majority of all cargo claimants" in the Main Action. (No. 19-CV-5731, Letter of Ocean Network Express dated Aug. 20, 2020, Dkt. 532 at 2.)

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  January 4, 2021
         New York, New York

Copies transmitted this date to all counsel of record.