```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
IN THE MATTER OF THE COMPLAINT OF           19 Civ. 5731 (GHW)(RWL)
HAPAG-LLOYD AKTIENGESELLSCHAFT a/k/a
HAPAG-LLOYD AG                              ANSWER TO AMENDED THIRD-
                                            PARTY COMPLAINT WITH
AS OWNERS AND OPERATORS OF THE              AFFIRMATIVE DEFENSES AND
M/V YANTIAN EXPRESS,                        CROSS-CLAIMS

        Limitation Plaintiffs
-----------------------------------------X
FEDERAL INSURANCE COMPANY, et al.,

        Claimants/
        Third-Party Plaintiffs,

        -against-

YANG MING MARINE TRANSPORT CORP.,
et al.,

        Third-Party Defendants.
-----------------------------------------X
```

Third-party defendant MITSUBISHI ELECTRIC LOGISTICS CORP. ("answering third-party defendant"), by its attorneys Mahoney & Keane, LLP, answers the Amended Third-Party Complaint of claimants/third-party plaintiffs upon information and belief as follows:

FIRST:   Answering third-party defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "2", "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34"," 35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64",

1

"65", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78", "79", "80", "81", "82", "83", "84", "85", "86", "87", "88", "89", "90", "91", "92", "93", "94", "95", "96", "97", "98", "99", "100", "101", "102", "103", "104", "105", "106", "107", "108", "109", "110", 111", "112", "113", "114", "115", "116", "117", "118", "119", "120", "121", "122", "123", "124", "125", "126", "127", "128", "129", "130", "131", "132", "133", "134", "135", "136", "137", "138", "139", "140", "141", "142", "143", "144", "145", "146", "147", "148", "149", "150", "151", "152", "153", "154", "155", "156", "157", "158", "159", "160", "161", "162", "163", "164", "165", "166", "167", "168", "169", "170", "171", "172", "173", "174", "175", "176", "177", "178"," 179", "180", "181", "182", "183", "184", "185", "186", "187", "188", "189", "190", "191", "192", "193", "194", "195", "196", "197", "198", "199", "200", "201", "202", "203", "204", "205", "206", "207", "208", "209", 210", "211", "212", 213", 215", "216", "217", "218", "219", "220", "221", "222", "223", "224", "225", "226", "227", and "228" of third-party plaintiffs' Amended Third-Party Complaint.

SECOND: Answering third-party defendant denies the allegation contained in paragraphs "66" and "214" of third-party plaintiffs' Amended Third-Party Complaint.

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

THIRD: Answering third-party defendant repeats and reiterates its responses to the allegations contained in paragraphs "1" through "123" of third-party plaintiffs' Amended Third-Party Complaint as if fully set forth herein at length in response to paragraph "229" of third-party plaintiff's Amended Third-Party Complaint.

FOURTH: Answering third-party defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "230", "231", "232", "233", "234", "235", "236", "237", "238", and "239" of third-party plaintiff's Amended Third-Party Complaint.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION**

FIFTH: Answering third-party defendant repeats and reiterates its responses to the allegations contained in paragraphs "1" through "134" of third-party plaintiffs' Amended Third-Party Complaint as if fully set forth herein at length in response to paragraph "240" of third-party plaintiffs' Amended Third-Party Complaint.

SIXTH: Answering third-party defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "241", "242", "243", "244", "245", "246", "247", and "248" of third-party plaintiffs' Amended Third-Party Complaint.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

SEVENTH: Answering third-party defendant repeats and reiterates its responses to the allegations contained in paragraphs "1" through "143" of third-party plaintiffs' Amended Third-Party Complaint as if fully set forth herein at length in response to paragraph "249" of third-party plaintiffs' Amended Third-Party Complaint.

EIGHTH: Answering third-party defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "250", "251", "252", "253", "254", "255", "256", and "257" of third-party plaintiffs' Third-Party Complaint.

### AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

NINTH: Answering third-party defendant repeats and reiterates its responses to the allegations contained in paragraphs "1" through "152" of third-party plaintiffs' Amended Third-Party Complaint as if fully set forth herein at length in response to paragraph "258" of third-party plaintiffs' Amended Third-Party Complaint.

TENTH: Answering third-party defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "259", "260", "261", "262", "263", "264", "265", and "266" of third-party plaintiffs' Amended Third-Party Complaint.

### AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

ELEVENTH: Answering third-party defendant repeats and reiterates its responses to the allegations contained in paragraphs "1" through "161" of third-party plaintiffs' Amended Third-Party Complaint as if fully set forth herein at length in response to paragraph "267" of third-party plaintiffs' Amended Third-Party Complaint.

TWELFTH: Answering third-party defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "268", "269", "270", "271", "272", "273", "274", and "275" of third-party plaintiffs' Amended Third-Party Complaint.

### AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

THIRTEENTH: Answering third-party defendant repeats and reiterates its responses to the allegations contained in paragraphs "1" through "170" of third-party plaintiffs' Amended Third-Party Complaint as if fully set forth herein at length in response to paragraph "276" of third-party plaintiffs' Amended Third-Party Complaint.

FOURTEENTH: Answering third-party defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "277", "278", "279", "280", "281", "283", and "284" of third-party plaintiffs' Amended Third-Party Complaint.

**AS AND FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION**

FIFTEENTH: Answering third-party defendant repeats and reiterates its responses to the allegations contained in paragraphs "1" through "179" of third-party plaintiffs' Amended Third-Party Complaint as if fully set forth herein at length in response to paragraph "285" of third-party plaintiffs' Amended Third-Party Complaint.

SIXTEENTH: Answering third-party defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "286", "287", "288", "289", "290", and "291" of third-party plaintiffs' Amended Third-Party Complaint.

**AS AND FOR AN ANSWER TO THE EIGHTH CAUSE OF ACTION**

SEVENTEENTH: Answering third-party defendant repeats and reiterates its responses to the allegations contained in paragraphs "1" through "186" of third-party plaintiffs' Amended Third-Party Complaint as if fully set forth herein at length in response to paragraph "292" of third-party plaintiffs' Amended Third-Party Complaint.

EIGHTEENTH: Answering third-party defendant denies the allegations contained in paragraphs "293", "295", "296", "299", and "300" of third-party plaintiffs' Amended Third-Party Complaint.

NINETEENTH: Answering third-party defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "294", "297", and "298" of third-party plaintiffs' Amended Third-Party Complaint.

**AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTIETH: The Amended Third-Party Complaint fails to state a claim against answering third-party defendant on which relief can be granted.

**AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTY-FIRST:  Answering third-party defendant is not liable to third-party plaintiffs on the causes of action alleged in the Amended Third-Party Complaint.

**AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTY-SECOND: If there was any loss and/or damage to cargo as alleged in the Amended Third-Party Complaint it was occasioned by causes for which the answering third-party defendant is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq.

**AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTY-THIRD:  If this Honorable Court finds that the third-party plaintiffs have suffered damages to cargo for which answering third-party defendant is liable, said damages must be limited pursuant to 46  U.S.C. § 1304(5).

**AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTY-FOURTH:  If there was any loss of and/or damage to cargo as alleged in the Amended Third-Party Complaint, answering third-party defendant is not liable to the third-party plaintiffs by reason of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

**AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTY-FIFTH:  If there was any loss/and or damage to cargo as alleged in the Amended Third-Party Complaint, it was occasioned by causes for which answering third-party defendant is exonerated under the Harter Act, Title 46 U.S.C.A. § 190, et seq.

**AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTY-SIXTH:  Answering third-party defendant puts third-party plaintiffs to their proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 1936.

**AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTY-SEVENTH:   Any loss or damage to the goods, as alleged in the Third-Party Complaint, that may have occurred while they were in the possession of custody of answering third-party defendant or on board the carrying vessel(s) arose from the conditions of the goods when delivered to answering third-party defendant or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and answering third-party defendant is not under any liability for any such loss or damage.

**AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTY-EIGHTH: (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, l936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, answering third-party defendant is not under liability therefore.

**AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

TWENTY-NINTH: Third-party plaintiffs' claims are barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, l936 and/or the doctrine of laches.

**AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

THIRTIETH: Any damages sustained by third-party plaintiffs, as alleged in the Amended Third-Party Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom answering third-party defendant had and has no direction or control.

9

**AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

THIRTY-FIRST: Third-party plaintiffs knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

**AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

THIRTY-SECOND: Any injuries that may have been sustained by third-party plaintiffs, as alleged in their Amended Third-Party Complaint, occurred as a direct result of third-party plaintiffs' own negligent conduct, and not by any negligence of answering third-party defendant, and as such third-party plaintiffs are barred from recovery in this action.

**AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

THIRTY-THIRD: Third-party plaintiffs are guilty of culpable conduct in the events giving rise to the claims now asserted in third-party plaintiffs' Amended Third-Party Complaint, and their recovery, if any, must be diminished in proportion thereto.

**AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

THIRTY-FOURTH: Third-party plaintiffs have failed to mitigate their damages.

**AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

THIRTY-FIFTH: The Amended Third-Party Complaint should be dismissed pursuant to the doctrine of forum non conveniens.

**AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

THIRTY-SIXTH: The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. § 1404.

**AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

THIRTY-SEVENTH: The terms of the bill of lading, tariff, charter party, and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

**AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

THIRTY-EIGHTH: Third-party plaintiffs have failed to bring answering third-party defendant within the personal jurisdiction of the Court.

**AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

THIRTY-NINTH: This Court lacks personal jurisdiction of the answering third-party defendant.

**AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

FORTIETH: Third-party plaintiffs have failed to make proper service of process upon answering third-party defendant.

**AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

FORTY-FIRST: Answering third-party defendant was an agent for a disclosed principal at all times at issue and therefore is not liable on the causes of action alleged.

## AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-SECOND: Any damage as alleged in third-party plaintiff's Third-Party Complaint was caused by Act of God and/or force majeure, and answering third-party defendant is thus under no liability therefor.

## AS AND FOR A TWENTY-FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-THIRD: Answering third-party defendant was not a carrier subject to liability for the loss alleged by third-party plaintiff.

## AS AND FOR A TWENTY-FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-FOURTH: Answering third-party defendant lacked privity or knowledge of the conditions alleged to have given rise to the losses asserted by third-party plaintiffs, those alleged conditions rose without the neglect or fault of answering third-party defendant, and, accordingly, answering defendant cannot be liable therefor under the Fire Statute, 46 U.S.C. § 182, COGSA, 46 U.S.C. § 4(2)(b), or otherwise.

## AS AND FOR A TWENTY-SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-FIFTH:  This Answer and all Cross-Claims are made without waiver of any jurisdictional defenses or rights to arbitrate or proceed in another forum that may exist between any of the parties.

**AS AND FOR A CROSS-CLAIM AGAINST PLAINTIFF, HAPAG-LLOYD AKTIENGESELLSCHAFT a/k/a HAPAG LLOYD AG, and THIRD-PARTY DEFENDANTS YANG MING MARINE TRANSPORT CORP., OCEAN NETWORK EXPRESS PTE., TRANSWORLD TRANSPORTATION CO. LTD., ORIENT STAR TRANSPORT INTERNATIONAL LTD., BAO BINH IMPORT EXPORT BUSINESS COMPANY LIMITED, and ZEMU INTERNTIONAL, INC.**

FORTY-SIXTH:  This is a claim under the Court's admiralty and maritime jurisdiction, and under the Court's diversity and pendent jurisdiction.

FORTY-SEVENTH: At all pertinent times answering third-party defendant was and is a corporation duly organized and existing pursuant to the laws of a foreign country with offices and a place of business located in Tokyo, Japan.

FORTY-EIGHTH:  At all pertinent times plaintiff, HAPAG-LLOYD AKTIENGESELLSCHAFT a/k/a HAPAG-LLOYD AG ("HL"), was and is a corporation duly organized and existing pursuant to the laws of Germany with offices and a place of business located at Hapag-Lloyd Haus, Ballindamn 25, 20095 Hamburg, Germany.

FORTY-NINTH:  At all pertinent times third-party defendants YANG MING MARINE TRANSPORT CORP. ("YM"), OCEAN NETWORK EXPRESS PTE. ("ONE"), TRANSWORLD TRANSPORTATION CO. LTD. ("TTC"), ORIENT STAR TRANSPORT INTERNATIONAL LTD. ("OST"), BAO BINH IMPORT BUSINESS COMPANY LIMITED("BAO BINH"), and ZEMU INTERNATIONAL ("ZEMU") were and are corporations duly organized and existing pursuant to the laws of a foreign country and/or one of the States of the United States.

FIFTIETH: If third-party plaintiffs suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach

13

of warranty (express or implied) and/or the fault of HL, YM, ONE, TTC, OST, BAO BINH, and/or ZEMU.

FIFTY-FIRST: If answering third-party defendant is found responsible for any of the loss and/or damage sustained by third-party plaintiffs, answering third-party defendant is entitled to indemnification and/or contribution in whole or in part from the HL, YM, ONE, TTC, OST, BAO BINH, and/or ZEMU for said losses and/or damage, including costs and reasonable counsel fees.

WHEREFORE, answering third-party defendant demands judgment dismissing the Third-Party Complaint and awarding to answering third-party defendant costs, fees, including reasonable attorneys' fees and disbursements of this action; and further demands judgment against HL, YM, ONE, TTC, OST, BAO, BINH, and ZEMU for all sums which may be recovered by third-party plaintiffs against answering third-party defendant, as well as costs and fees, including attorney's fees and disbursements of this action; and further requests such other and further relief the Court may deem just and proper.

Dated: New York, New York
       May 3, 2021

                                MAHONEY & KEANE, LLP
                                Attorneys for Third-Party Defendant
                                MITSUBISHI ELECTRIC LOGISTICS CORP.

                    By:  s/ Garth S. Wolfson
                          Edward A. Keane
                          Garth S. Wolfson
                          40 Worth Street, Tenth Floor
                          New York, New York 10013
                          (212) 385-1422