**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
:
IN THE MATTER OF THE COMPLAINT OF       :
HAPAG-LLOYD AKTIENGESELLSCHAFT,         :  Case No. 19-cv-5731 (GHW) (RWL)
as owner and operator of the M/V YANTIAN :
EXPRESS,                                :
:
         Limitation Plaintiffs    :
------------------------------------------------------------X
:
FEDERAL INSURANCE COMPANY, et al.,      :
:
         Third-Party Plaintiffs,  :
:
  vs.                                   :
:
YANG MING MARINE TRANSPORT CORP.,       :
et al.,                                 :
:
         Third-Party Defendants.  :
------------------------------------------------------------X

## THIRD-PARTY PLAINTIFFS' OBJECTIONS
## TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATIONS

HILL RIVKINS LLP
Attorneys for Claimants/Third-Party Plaintiffs
45 Broadway, Suite 1500
New York, NY 10006
(Tel) 212-669-0600 | (Fax) 212-669-0698

*Of Counsel*:
John J. Sullivan
Justin M. Heilig
James A. Saville, Jr.

Respondents/Claimants/Third-Party Plaintiffs Bien Dong Seafood Co. Ltd., Mitsui Sumitomo Ins. Co. Ltd (Japan), and Mitsui Sumitomo Ins. Co. of America (collectively the "Claimants"), by their attorneys Hill Rivkins LLP, respectfully submit these *limited* objections to certain elements of the June 30, 2021 Report & Recommendation of the Honorable Robert W. Lehrburger ("R&R"), to preserve arguments that he declined to address.[1]

This case arises out of a fire aboard the M/V YANTIAN EXPRESS during a transatlantic voyage in early January 2019. Magistrate Judge Lehrburger recommended that the bellwether motion of Third-Party Defendant Ocean Network Express Pte Ltd. ("ONE") to dismiss four test claims based on a Singapore forum-selection clause in ONE's bill of lading terms and the doctrine of *forum non conveniens* be denied in its entirety.[2] *See* ECF no. 707 at 45. Claimants are the shippers or insurers of the cargoes comprising the first, second, and third test claims. *See* ECF no. 605 at 1 n.1.

Claimants opposed ONE's motion, and therefore submit that Magistrate Judge Lehrburger correctly determined—in a thorough and well-reasoned R&R—that enforcement of the forum-selection clause would contravene both the U.S. Carriage of Goods Act ("COGSA"), 46 U.S.C. § 30701 (notes), and the purpose of the Limitation of Shipowners' Liability Act ("Limitation Act"), 46 U.S.C. §§ 30501, *et seq. See* ECF no. 707 at 20-35.

Nevertheless, having found that enforcement of the forum-selection clause would (a) impermissibly lessen ONE's liability below what COGSA guarantees and (b) unreasonably and

---

[1] Claimants adopt and incorporate the objections of Apex Maritime Co., Inc. to the R&R, including those on the issue of whether the hierarchy of terms in the ONE service contracts renders the Singapore forum-selection clause inapplicable.

[2] At the time of the casualty, ONE was a member of a Vessel Sharing Agreement pursuant to which ONE was permitted to charter container space aboard the YANTIAN EXPRESS. A carrier who reserves space under such agreements as a "slot charterer" will issue its own bills of lading and act as a principal carrier in its relationship to the shipper. *See* ECF no. 707 at 3; ECF no. 605 at 2-3.

1

unnecessarily fragment this limitation proceeding, Magistrate Judge Lehrburger declined to address Claimants' argument that dismissal of ONE under *forum non conveniens* would first require the Court to undertake a severance analysis under Fed. R. Civ. P. 21.  *Id.* at 44; *see also* ECF no. 605 at 16-18.  He likewise declined to directly address Claimants' reverse forum shopping argument, i.e., that the forum-selection clause is not enforceable because ONE admittedly seeks an advantage in Singapore to which it is not entitled in this action, namely the ability to drastically limit its liability as a mere slot charterer under an international convention that the U.S. has not ratified.  *See* ECF no. 707 at 35 n.34.

      Claimants object to the R&R insofar as the severance analysis provides an independent basis for denying ONE's motion—especially in this complex, multiparty limitation proceeding. Thus, in the event that the Court were to disagree with Magistrate Judge Lehrburger's analysis and find that the forum-selection clause is enforceable notwithstanding § 3(8) of COGSA and the purpose of the Limitation Act, Claimants respectfully submit that that this matter should be recommitted to Magistrate Judge Lehrburger, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), with instructions to address Claimants' severance arguments.  *See Rudersdal, EEOD v. Harris*, 2020 WL 5836517 at *13 (S.D.N.Y. Sept. 30, 2020) (Woods, J.) ("In the event that not all Defendants are amenable to suit in Bulgaria, the Court understands that Judge Lehrburger may also consider whether it is appropriate to sever those defendants that are not amenable to suit in Bulgaria in order to facilitate a dismiss for *forum non conveniens*."); *see also Freeplay Music, LLC v. Nian Infosolutions Private Ltd.*, 2018 WL 1725554 at *1 (S.D.N.Y. Apr. 6, 2018) (finding that the magistrate judge should consider the issue of personal jurisdiction under Fed. R. Civ. P. 4(k)(2) in the first instance, having only addressed CPLR §§ 301-302 in his report & recommendation).

For the same reasons, Claimants submit that their reverse forum shopping argument should be considered by Magistrate Judge Lehrburger in the first instance, if the Court were to reject his recommendation that ONE's motion be denied.  ONE candidly admits why it moved for dismissal: as a slot charterer, ONE is not entitled to limit its liability under the Limitation Act.  Thus, ONE seeks to take advantage of Singapore's enactment of the 1976 Convention and limit its liability thereunder by elevating foreign procedural law over the U.S. substantive law that governs the cargo claims against ONE.  *See* ECF no. 572 at ¶¶ 24-25.  Such gamesmanship militates against enforcement of the forum-selection clause in this limitation proceeding.

Otherwise, Claimants respectfully request that ONE's objections to Magistrate Judge Lehrburger's R&R be rejected and that ONE's motion to dismiss be denied in its entirety.

Dated: New York, New York
      July 14, 2021

                                        Respectfully submitted,

                              By:   /s/ *John J. Sullivan*

                                    John J. Sullivan
                                    Justin M. Heilig
                                    James A. Saville, Jr.
                                    HILL RIVKINS LLP
                                    45 Broadway, Suite 1500
                                    New York, New York 10006
                                    (Tel) 212-669-0600
                                    (Fax) 212-669-0698

                                    *Attorneys for Claimants/Third-Party Plaintiffs*