**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
                                           :

IN THE MATTER OF THE COMPLAINT OF   :
HAPAG-LLOYD AKTIENGESELLSCHAFT,   :    Case No. 19-cv-5731 (GHW) (RWL)
as owner and operator of the M/V YANTIAN   :
EXPRESS,   :
                                          :
           Limitation Plaintiffs   :
------------------------------------------------------------X
                                          :

FEDERAL INSURANCE COMPANY, et al.,   :
                                          :
           Third-Party Plaintiffs,   :

   vs.   :

YANG MING MARINE TRANSPORT CORP.,   :
et al.,   :
                                          :
           Third-Party Defendants.   :
------------------------------------------------------------X

**THIRD-PARTY PLAINTIFFS' RESPONSE TO THE OBJECTIONS**
**OF OCEAN NETWORK EXPRESS PTE LTD. TO THE**
**<u>MAGISTRATE JUDGE'S REPORT & RECOMMENDATION</u>**

HILL RIVKINS LLP
Attorneys for Claimants/Third-Party Plaintiffs
45 Broadway, Suite 1500
New York, NY 10006
(Tel) 212-669-0600 | (Fax) 212-669-0698

*Of Counsel*:
John J. Sullivan
Justin M. Heilig

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................1

FACTUAL BACKGROUND ............................................................................................1

PROCEDURAL HISTORY................................................................................................2

ARGUMENT .....................................................................................................................4

    I.    ONE's Objections Are Subject to Review for Clear Error .......................................4

    II.    The Magistrate Judge Did Not Base His R&R on Private Interest Factors ..................7

    III.    The R&R Correctly Applies *Sky Reefer* and § 3(8) of COGSA ................................11

    IV.    The Magistrate Judge Correctly Looked to the Limitation Act as Part of His *Forum Non Conveniens* Analysis........................................................................15

    V.    The Magistrate Judge Did Not Overlook Clause 4 of ONE's Terms .........................16

CONCLUSION.................................................................................................................18

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                                                                                          **<u>Pages</u>**

*Atlantic Marine Constr. Co. v. W.D. Tex.*, 571 U.S. 49 (2013) ............................................ *passim*

*Averbach v. Cairo Amman Bank*, 2020 WL 1130733 (S.D.N.Y. Mar. 9, 2020) ...........................4

*Binladen BSB Landscaping v. M.V. Nedlloyd Rotterdam*,
    759 F.2d 1006 (2d Cir.), *cert. denied*, 474 U.S. 902 (1985)................................................17

*Central National-Gottesman, Inc. v. M/V "Gertrude Oldendorff"*,
    204 F. Supp. 2d 675 (S.D.N.Y. 2002).........................................................................10, 18

*E.I. Du Pont De Nemours & Co. v. Bentley*,
    19 F.2d 354 (2d Cir. 1927)............................................................................................14

*Encyclopedia Brittanica, Inc. v. S.S. Hong Kong Producer*,
    422 F.2d 7 (2d Cir. 1969), *cert. denied*, 397 U.S. 964 (1970)...................................... 17-18

*General Elec. Co. v. M/V Lady Sophie*, 458 F. Supp. 620 (S.D.N.Y. 1978) ................................17

*In re Chesapeake Shipping, Inc.*, 778 F. Supp. 153 (S.D.N.Y. 1991) .......................................5, 14

*In re M.V. President Kennedy Ltd.*, 2001 WL 180144 (S.D.N.Y. Feb. 22, 2001)....................5, 14

*In re Rationis Enterprises, Inc. of Panama*,
    1999 WL 6364 (S.D.N.Y. Jan. 7, 1999) ...................................................................... 4-5

*Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800 (2d Cir. 1971) ................................. 17-18

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) ............................................................15

*Martinez v. Bloomberg LP*, 740 F.3d 211 (2d Cir. 2014).................................................... 8-9, 15

*Pan Am. World Airways, Inc. v. Int'l Broth. of Teamsters*,
    894 F.2d 36 (2d Cir. 1990)............................................................................................4

*Phillips v. Audio Active, Ltd.*, 494 F.3d 378 (2d Cir. 2007) ....................................................3, 8

*Pioneer Nav. Ltd. v. Chemical Equip. Labs, Inc.*,
    2020 WL 1031082 (S.D.N.Y. Mar. 3, 2020) .................................................................4, 6

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)................................................................. 8-10

*Roby v. Corp. of Lloyd's*, 996 F.2d 1353 (2d Cir.), *cert. denied*, 510 U.S. 945 (1993)............. 9-10

*Royal & Sun Alliance PLC v. Ocean World Lines, Inc.*,
    612 F.3d 138 (2d Cir. 2010)............................................................................2

*Rudersdal v. Harris*, 2020 WL 5836517 (S.D.N.Y. Sept. 30, 2020)...............................................4

*Scientific Components Corp. v. Sirenza Microdevices, Inc.*,
    2006 WL 2524187 (E.D.N.Y. Aug. 30, 2006)..............................................................4

*Tubacex, Inc. v. M/V Risan*, 45 F.3d 951 (5th Cir. 1995)..............................................................17

*United States v. Atlantic Mut. Ins. Co.*, 343 U.S. 236 (1952).......................................................18

*Vega v. Artuz*, 2002 WL 31174466 (S.D.N.Y. Sept. 30, 2002)...................................................4, 6

*Vigilant Ins. Co. v. Nippon Kusen Kaisha (NYK Line)*,
    1998 WL 391116 (S.D.N.Y. July 14, 1998)...................................................................10

*Vimar Seguros y Reaseguros S.A. v. M/V Sky Reefer*,
    515 U.S. 582 (1995)..................................................................................... *passim*

## Statutes & Regulations                                                    Pages

28 U.S.C. § 1404..........................................................................................................15

28 U.S.C. § 2072...........................................................................................................7

Carriage of Goods By Sea Act, 46 U.S.C. § 30701, Note ..................................... *passim*

Limitation of Shipowners' Liability Act, 46 U.S.C. §§ 30501 *et seq.*................................... *passim*

46 U.S.C. § 40102..........................................................................................................2

46 C.F.R. § 503.3...........................................................................................................2

46 C.F.R. § 515.2...........................................................................................................2

iii

Respondents/Claimants/Third-Party Plaintiffs Bien Dong Seafood Co. Ltd., Mitsui Sumitomo Ins. Co. Ltd (Japan), and Mitsui Sumitomo Ins. Co. of America (collectively "Claimants"), by their attorneys Hill Rivkins LLP, hereby respond to the objections raised by Third-Party Defendant Ocean Network Express Pte Ltd. ("ONE") to the June 30, 2021 Report & Recommendation of the Honorable Robert W. Lehrburger ("R&R"), pursuant to Fed. R. Civ. P. 72(b)(2).

## PRELIMINARY STATEMENT

The R&R concluded that the forum selection clause in ONE's bills of lading is unenforceable under the unique circumstances of this limitation action, and recommended that the Court deny ONE's bellwether motion to dismiss in its entirety.  *See* Dkt. #707.  ONE's objections merely repeat the same arguments made before Magistrate Judge Lehrburger.  ONE does not identify any actual errors in law or fact, but instead doubles down on its misinterpretation of the U.S. Carriage of Goods by Sea Act ("COGSA"), as well as the Supreme Court's decisions in *Atlantic Marine Constr. Co. v. W.D. Tex.*, 571 U.S. 49 (2013), and *Vimar Seguros & Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 582 (1995).  Accordingly, the Court should adopt Magistrate Judge Lehrburger's R&R and deny ONE's motion to dismiss.

## FACTUAL BACKGROUND

As more fully detailed in the R&R, this case arises out of a fire aboard the containership YANTIAN EXPRESS (the "Vessel") during a transatlantic voyage in early January 2019.  *See* Dkt. #707 at 2-4.  At the time of the casualty, the Vessel's owner/operator Hapag-Lloyd AG ("Hapag") was a member of a vessel sharing agreement ("VSA") with ONE and Yang Ming Marine Transport Corp. ("Yang Ming"), which allowed those carriers as "slot charterers" to reserve space aboard the Vessel for the carriage of cargoes under their own bills of lading.  *Id.* at

3.  ONE issued some bills of lading directly to cargo interests, and others to non-vessel-operating common carriers ("NVOCCs" [1]), who in turn issued "house" bills of lading to the actual shippers. ONE also had entered into service contracts with numerous customers.[2]  *Id.* at 4.

## PROCEDURAL HISTORY

Hapag commenced this action on June 19, 2019, seeking exoneration from and/or limitation of liability pursuant to the Limitation of Shipowners' Liability Act, 46 U.S.C. §§ 30501, *et seq.* (the "Limitation Act").  Dkt. #707 at 6. Thereafter, on June 28, 2019, this Court issued a Restraining Order, which enjoined the commencement or prosecution of

> any and all claims, actions, suits, and proceedings (whether such has been commenced already or not) of any nature and description whatsoever in any jurisdiction against Plaintiff and/or the M/V YANTIAN EXPRESS and/or any of their agents,  representatives, employees, or insurers, and/or any other property of Plaintiff, and the taking of any steps and the making of any motion in such actions, suits or proceedings, to impose liability or recover for any injury, loss or damage for or in respect to the aforesaid casualty….

Dkt. #12 at ¶ 5.  In compliance with that Order, Claimants and other similarly situated cargo interests answered Hapag's limitation complaint within the "monition period," before subsequently a filing third-party action against ONE, Yang Ming, and more than 200 NVOCCs. In turn, various third-party defendants cross-claimed against ONE.  Dkt. #707 at 7.

On June 1, 2020, ONE requested a pre-motion conference to discuss its anticipated motion to dismiss those claims subject to the terms and conditions of ONE's bills of lading, which contain a Singapore forum-selection clause.  *Id.* at 7-8.  The following day, the Court referred the matter to Magistrate Judge Lehrburger (Dkt. #335), who directed the parties to meet and confer on a

---

[1]     An NVOCC is a hybrid entity defined by federal statute and regulation as a common carrier that "does not operate the vessels by which the ocean transportation is provided; and … is a shipper in its relationship with an ocean common carrier."  46 U.S.C. § 40102(17); 46 C.F.R. § 515.2(m)(2); *see also Royal & Sun Alliance PLC v. Ocean World Lines, Inc.*, 612 F.3d 138, 140 n.2 (2d Cir. 2010).

[2]     *See* 46 U.S.C. § 40102(21); 46 C.F.R. § 503.3(q).

potential bellwether approach (Dkt. #385).  *Id.*  On August 20, 2020, the parties submitted a letter to the Court, with the consent of counsel for all concerned parties, proposing that four test claims be the subject of ONE's motion: three from cargo interests and one from the NVOCCs.  Dkt. #532. Claimants herein are the shippers or insurers of the cargoes comprising the first, second, and third test claims.  The Court endorsed the parties' proposal the following day (Dkt. #533), and ONE filed the instant motion on September 21, 2020 (Dkt. #570).

On June 23, 2021, the Court held oral argument on ONE's motion to dismiss.  A week later, Magistrate Judge Lehrburger issued his R&R, recommending that the motion be denied in its entirety.  In short, Magistrate Judge Lehrburger found that the Singapore forum-selection clause "is unenforceable in this action because it is rendered null and void by the Carriage of Goods by Sea Act … and the public interest weighs against its enforcement…."  Dkt. #707 at 13.

ONE lodged its objections to the R&R on July 14, 2021, raising five main arguments: (i) Magistrate Lehrburger did not properly apply the standards of  *Atlantic Marine, Constr. Co. v. W.D. Tex.*, 571 U.S. 49 (2013), and *Phillips v. Audio Active, Inc.*, 494 F.3d 378 (2d Cir. 2007), to its motion; (ii) he did not properly interpret § 3(8) of COGSA and the Supreme Court's decision in *Sky Reefer*; (iii) he erred by considering the Limitation Act as part of his *forum non conveniens* analysis; and (iv) he erred by finding there to be a direct conflict between the Singapore forum-selection clause and the New York arbitration clause in ONE's service contracts; and (v) Magistrate Judge Lehrburger overlooked clause 4 of ONE's bill of lading terms.  As demonstrated below, none of ONE's objections have any merit.[3]

---

[3]      To avoid repetition and conserve judicial economy, Claimants adopt and incorporate herein the response of Apex Maritime Co., Inc. to ONE's fourth objection, set forth in Point 4 of its Response filed on today's date.

**ARGUMENT**

**I.      ONE's Objections Are Subject to Review for Clear Error**

While claiming entitlement to a *de novo* review of Magistrate Judge Lehrburger's R&R, ONE's objections do not meet the requirements for such scrutiny.  *See* Dkt. #712 at 3.  Although a court reviews *de novo* "any part of the magistrate judge's disposition that has been **properly** objected to," Fed. R. Civ. P. 72(b)(3) (emphasis added), this Court has consistently recognized that objections that simply reiterate the original arguments raised by the objecting party are reviewed "strictly for clear error".  *See*, *e.g.*, *Rudersdal v. Harris*, 2020 WL 5836517 at *3-4 (S.D.N.Y. Sept. 30, 2020); *Averbach v. Cairo Amman Bank*, 2020 WL 1130733 at *1 (S.D.N.Y. Mar. 9, 2020); *Pioneer Nav. Ltd. v. Chemical Equip. Labs, Inc.*, 2020 WL 1031082 at *3 (S.D.N.Y. Mar. 3, 2020). "Objections of this sort … would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Rudersdal*, 2020 WL 5836517 at *3 (quoting *Vega v. Artuz*, 2002 WL 31174466 at *1 (S.D.N.Y. Sept. 30, 2002)).  "The purpose of the Federal Magistrate Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which [they] presented to the Magistrate Judge." *Id.*  To the extent that ONE's objections raise new arguments not made in its moving papers, in attempt to buttress its unsuccessful contentions before Magistrate Judge Lehrburger, such arguments should not be considered.  *See Pioneer Nav.*, 2020 WL 1031082 at *3 (quoting *Scientific Components Corp. v. Sirenza Microdevices, Inc.*, 2006 WL 2524187 at *2 (E.D.N.Y. Aug. 30, 2006)); *see also Pan Am. World Airways, Inc. v. Int'l Broth. of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990).

ONE's repackaging of numerous arguments raised in its motion papers is evident.  For example, ONE's moving brief argued that Judge Owens' decision in *In re Rationis Enterprises,*

*Inc. of Panama*, 1999 WL 6364 (S.D.N.Y. Jan. 7, 1999), is not persuasive because it misapplied

the Supreme Court's decision in *Sky Reefer*:

> Rationis was based on the incorrect view that the Supreme Court's 1995 decision in SKY
> REEFER applies only to enforcement of foreign arbitration clauses in ocean bills of lading, not to
> clauses calling for a foreign court. Rationis, 1999 WL 6364 at *3. In SKY REEFER, the Supreme

*See* Dkt. #574 at 10.  That argument conspicuously reappears in ONE's objections:

> This reliance is misplaced however, because Judge Owen's decision in *Rationis* was
> premised on the incorrect belief that *Sky Reefer* applied only to enforcement of foreign arbitration
> clauses in ocean bills of lading and therefore was not binding with respect to clauses calling for
> litigation in a foreign court. *Id.* at *3. *Sky Reefer* itself noted that "foreign arbitration clauses are

*See* Dkt. #712 at 20.

ONE's reply brief also argued that Singapore's application of the Convention on Limitation

of Liability for Maritime Claims ("1976 Convention") would not be "unfair" to Claimants because

it provides a greater limitation amount than the U.S. Limitation Act:

> However, irrespective of Clause 4 of the bill of lading, application of the 1976 Limitation
> Convention cannot be fundamentally unfair because "[t]he limitation fund is greater under the
> 1976 Convention than under the [U.S.] Limitation Act; it [the 1976 Convention] is based on
> tonnage of the vessel, rather than the vessel's value after the casualty." Mediterranean Shipping
> Co., S.A. Geneva v. POL-Atlantic, 229 F.3d 397, 402 at n. 11 (2d Cir. 2000). Indeed, in the instant
> matter the limitation fund under the 1976 Limitation Convention exceeds the limitation fund under
> the U.S. limitation statute, 46 U.S.C. § 30505. In Singapore, under the 1976 Convention, the

*See* Dkt. #614 at 6.[4]  ONE merely added bold emphasis to recycle this argument in its objections:

---

[4]      As a mere slot charterer, ONE is not entitled to limit its liability under the Limitation Act, but rather
is liable under U.S. law "for the full amount of damage suffered by cargo owners" as a result of breaching
the bills of lading that it issued.  *In re M.V. President Kennedy Ltd.*, 2001 WL 180144 at *2 (S.D.N.Y. Feb.
22, 2001); *see also In re Chesapeake Shipping, Inc.*, 778 F. Supp. 153, 157 (S.D.N.Y. 1991).  Thus, ONE's

> Third, the application of the 1976 Convention[8] is not "fundamentally unfair" given that it provides a **greater** limitation amount than the limitation amount in Hapag-Lloyd's instant limitation action in this Court. In Singapore, under the 1976 Convention, the amount of ONE's

*See* Dkt. #712 at 9.

These, of course, are not the only examples of ONE repeating the same arguments raised in its motion papers. Attached hereto as Annex A is a table containing additional excerpts for the Court's reference. Suffice it to say that the Court should review the R&R for clear error to avoid rendering Magistrate Judge Lehrburger's work a "mere dress rehearsal." *Vega*, 2002 WL 31174466 at *1.[5]

Read holistically, ONE's motion papers and its objections make the same basic plea to this Court as they did to Magistrate Judge Lehrburger: ONE contends that the forum selection clause should be enforced—even though Singapore would supposedly elevate its own allegedly procedural law over the U.S. substantive law that indisputably governs the claims against ONE under COGSA and thereby lessen ONE's liability below what COGSA guarantees—because the Supreme Court said in *Atlantic Marine* that forum selection clauses should be given controlling

---

argument about the "greater limitation amount" provided by the 1976 Convention is entirely irrelevant where it has not right to limitation under the Act.

[5]    ONE dedicates part of its main objection to discussing the historical context for the enactment of both COGSA and the Limitation Act, and argument not previously raised, in an attempt to convince this Court that a limitation of liability can never run afoul of the public policies underpinning them.[5] *See* Dkt. #712 at 6-7. Although it did not include a historical overview in its motion papers, ONE certainly made the same resulting argument that "COGSA expressly recognizes that limitation of liability rights are not impacted by U.S. COGSA," and thus do not contravene U.S. public policy. *See* Dkt. #614 at 6. Magistrate Judge Lehrburger rejected that contention, which ONE's historical analysis does not resuscitate. In any event, as this Court has observed, such new arguments need not be considered. *See Pioneer Nav.*, 2020 WL 1031082 at *3

weight in all but the most exceptional of cases.[6]  Magistrate Judge Lehrburger found this to be an exceptional case, and ONE simply has not raised any coherent argument to the contrary. Accordingly, the Court should adopt the R&R and deny ONE's motion.

## II.    The Magistrate Judge Did Not Base His R&R on Private Interest Factors

ONE's main objection is based on the misapprehension that the R&R did not correctly apply *Atlantic Marine* and *Phillips* standards for determining whether to enforce a forum selection clause. *See* Dkt. #712 at 3.  ONE contends that Magistrate Judge Lehrburger improperly based his recommended denial on two "private interest" factors: (1) granting the motion might reduce Claimants' recovery under COGSA through application of Singapore procedural law; and (2) granting the motion would fragment this litigation to Claimants' detriment.  *See* Dkt. #712 at #4. These arguments not only misconstrue the R&R, but also lack explanation.

First, ONE makes no effort whatsoever to explain how Magistrate Judge Lehrburger's extensive analysis of the public policies behind COGSA and the Limitation Act (Dkt. #707 at 20-35) constitutes an impermissible reliance on private interest factors; it simply deems that to be the case without further comment.  This conclusory argument comes as no surprise, as ONE cannot demonstrate that a public policy analysis falls into one of the private interest categories.  "Factors relating to the parties' private interest include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and

---

[6]    ONE has never denied that it is engaged in reverse forum shopping, and has never offered any explanation as to why a Singapore court would allow its domestic procedural law to trump the minimum protections afforded to shippers under the governing U.S. substantive law. ONE's Singapore counsel merely opines that a Singapore court would do so without any supporting authority. *See* Dkt. #615 at ¶¶ 3-4.  At least in the U.S., substantive laws prevail over procedural rules.  *See*, *e.g.*, 28 U.S.C. § 2072(b).

inexpensive.'" *Atlantic Marine Constr. Co. v. W.D. Tex.*, 571 U.S. 49, 62 n.6 (2013) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

Second, the R&R does not pay mere lip service to *Atlantic Marine* and *Phillips*, as ONE suggests. *See* Dkt. #712 at 3. Magistrate Judge Lehrburger expressly acknowledged that the *forum non conveniens* analysis "changes … when a forum selection clause is at issue," and only requires a court to determine (1) whether the clause is valid and, if so, (2) whether public interest factors nevertheless counsel against enforcement. *See* Dkt. #707 at 11-12 (citing *Atlantic Marine*, 571 U.S. at 63-64). Ignoring that the **validity** of a forum selection clause is a threshold inquiry, ONE contends that Magistrate Judge Lehrburger must have relied on private interest factors because he declined to analyze separately whether "there are public interest considerations that further weigh against … enforcement." *See* Dkt. #712 at 4. However, entirely in accordance with the directives of *Atlantic Marine* and *Phillips*, Magistrate Judge Lehrburger thoroughly analyzed the extent to which the clause met the requirements for validity, correctly noting that courts in this Circuit apply a four-part analysis to determine the validity of a forum-selection clause. *See* Dkt. #707 at 13 (citing *Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007)). A forum clause will be presumptively valid if it (1) is reasonably communicated, (2) is mandatory and exclusive, and (3) encompasses the parties and claims at issue. However, the presumption can be overcome if the fourth prong applies, such that enforcement of the clause would be unreasonable or unjust. *Martinez v. Bloomberg LP*, 740 F.3d 211, 227 (2d Cir. 2014). As the Second Circuit explained in *Martinez*, the fourth factor is made up of, in effect, "four subparts that fall under the final prong of [the] four-part framework governing the effect of forum selection clauses":

> (1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum in which suit is brought; or (4) trial in the

selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court.

*Id.* at 227-28.  The R&R faithfully applied the correct standard and examined each of the four primary factors for validity in detail, as well as the four sub-parts to the fourth prong in accordance with binding Second Circuit precedent (that post-dates *Atlantic Marine*).  *See id.* & Dkt. #707 at 13-35.  Magistrate Judge Lehrburger ultimately concluded that the forum clause is invalid because it fails the fourth requirement, in that "enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching".  Dkt. #707 at 13-14.

The Magistrate Judge then went on to explain how the second and third sub-parts of the fourth prong would preclude enforcement of the Singapore jurisdiction clause in this case.  The Magistrate Judge correctly analyzed how enforcement of the clause would be fundamentally unfair and would contravene a strong public policy of the United States.  *See* Dkt. #707 at 20-35.  Specifically, as discussed in further detail in Points III and V below, sending the claims to Singapore would present an irreconcilable conflict with COGSA, by impermissibly allowing ONE to limit its liability below the basic levels of liability mandated by the Act.  *Id.* at 24.

In a vain attempt to detract from the Magistrate Judge's conclusion regarding how enforcement of the clause would undermine COGSA, ONE cites inapplicable case law that was not decided under COGSA or any analogous statute embodying a strong public policy of the United States.  Citing *Roby v. Corp. of Lloyd's*, 996 F.2d 1353 (2d Cir.), *cert. denied*, 510 U.S. 945 (1993), and *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), ONE contends that the lessening of its liability under the 1976 Convention in Singapore "is insufficient as a matter of law, to constitute the fundamental unfairness contemplated in the second subpart of *Phillips*."  *See* Dkt. #712 at 8.  According to ONE, "it is not enough that the foreign law or procedure merely [would]

9

be different or less favorable than that of the United States." *Id.* (quoting *Roby*, 996 F.2d at 1363) (emphasis added). That argument cannot stand.

First, because the courts in *Roby* and *Piper* were not called upon to interpret COGSA, neither analyzed § 3(8) and its nullification of "[a]ny clause, covenant, or agreement in a contract of carriage … lessening [a carrier's] liability otherwise than as provided in this Act." 46 U.S.C. § 30701 (Notes). Thus, in *Central National-Gottesman, Inc. v. M/V "Gertrude Oldendorff"*, 204 F. Supp. 2d 675 (S.D.N.Y. 2002), Judge Cote distinguished both cases in rejecting the same argument now advanced by ONE's objections. She declined to enforce a London jurisdiction clause where limitations under English law as to who could be sued as a "carrier" would present a clear conflict with COGSA. She specifically rejected the carrier's reliance on "*Piper Aircraft* and *Roby* … as neither decision implicated COGSA and its protections." *Id.* at 681-82.[7]

Second, adopting ONE's position would permit the enforcement (by foreign courts) of any bill of lading term that violates COGSA's minimum standards and essentially would nullify Section 3(8). As demonstrated in Point V below, § 3(8) was included in the statute precisely to prevent carriers from enforcing bill of lading provisions that violate the statute. ONE's faulty premise cannot be squared with the Supreme Court's warning in *Sky Reefer* that it would not hesitate to condemn an agreement as being against public policy where the forum-selection and choice-of-law provisions operate in tandem "as a prospective waiver of a party's right to pursue statutory remedies." 515 U.S. at 540. Yet, that is precisely the gamesmanship for which ONE advocates in its objections.

---

[7]     ONE's reliance on Judge Cote's earlier decision in *Vigilant Ins. Co. v. Nippon Kusen Kaisha (NYK Line)*, 1998 WL 391116 (S.D.N.Y. July 14, 1998), is similarly misplaced, where the bill of lading at issue in that case did not cover a shipment to or from the United States, but between Korea and Paraguay, such that COGSA was not implicated. Just as she distinguished *Roby* and *Piper Aircraft*, Judge Cote in *Central National-Gottesman*, specifically distinguished her decision in *Vigilant* because it did not involve COGSA. 204 F. Supp. 2d at 682.

Because he determined that the forum selection clause in ONE's bill of lading is not valid under the circumstances of this case, Magistrate Judge Lehrburger did not have to address the traditional public interest factors (e.g., court congestion, local interest in adjudicating dispute at home, etc.) under the second prong of the *Atlantic Marine* test. *See* Dkt. #707 at 44. ONE erroneously assumes that, by refraining from analyzing the public interest factors, Magistrate Judge Lehrburger impermissibly relied on private interest factors instead. In reality, he concluded that the clause was invalid without having to address the public interest factors. [8] Thus, ONE is guilty of precisely what it accuses Magistrate Judge Lehrburger of doing: misinterpreting and misapplying the *Atlantic Marine* and *Phillips* standards.

III.    **The R&R Correctly Applies *Sky Reefer* and § 3(8) of COGSA**

For its second objection, ONE contends that Magistrate Judge Lehrburger failed to properly interpret the Supreme Court's decision in *Sky Reefer* and § 3(8) of COGSA. *See* Dkt. #712 at 11. However, ONE's argument misconstrues both the decision and the statute. According to ONE, the only relevant question is whether the *substantive law* to be applied will reduce a carrier's obligations to a cargo owner below what COGSA guarantees. *Id.* at 11-12. And because the 1976 Convention is considered *procedural* law in Singapore, its prospective application there cannot serve as a basis for invaliding the forum selection clause in ONE's bill of lading, notwithstanding any conflict with § 3(8) of COGSA. *Id.* at 14. However, this syllogistic argument finds no support in *Sky Reefer* or the text of the statute.

Magistrate Judge Lehrburger analyzed the facts of *Sky Reefer* and appropriately noted that ONE reads the decision "too broadly." *See* Dkt. #707 at 24. Claimants do not dispute that the Supreme Court rejected the default approach the Second Circuit had employed to invalidate

---

[8]    By contrast, the Court in *Atlantic Marine* expressly "presupposed" a contractually valid forum selection clause. *See* 571 U.S. at 62 n.5.

foreign arbitration clauses that put a "high hurdle" in the way of enforcing liability.  It found that

nothing in § 3(8) of COGSA "suggests that the statute prevents the parties from agreeing to enforce

[the obligations of § 3] in a particular forum."  515 U.S. at 535.  Nevertheless, the Supreme Court

*declined* to address the petitioner's particular argument that the otherwise applicable arbitration

clause would operate to lessen the carrier's liability to below what COGSA guarantees based on

the potential discrepancies between COGSA and application of Japan's version of the Hague

Rules.   The Court noted that, whatever the merits of the "comparative reading" of the two

enactments, the argument was premature because it had not been established (at the interlocutory

stage) what law the Japanese arbitrators would apply. *Id.* at 540. It also noted that the district court

had retained jurisdiction and would have the "opportunity at the award-enforcement state to ensure

that the legitimate interest in the enforcement of the laws has been addressed." *Id.*  Importantly,

the Supreme Court concluded by warning:

> Were there no subsequent opportunity for review and were we persuaded
> that the choice-of-forum and choice-of-law clauses operated in tandem as a
> prospective waiver of a party's right to pursue statutory remedies, we would
> have little hesitation in condemning the agreement as against public policy.

*Id.* (citations and internal quotations omitted).

Magistrate Judge Lehrburger correctly distinguished the facts of this case from *Sky Reefer*

in three material respects.  First, he found that the issue here is "not one of transactions costs

[associated with litigating abroad] but rather a lessening of the carrier's liability otherwise

guaranteed by COGSA." *See* Dkt. #707 at 27.  Second, he found that the "lessening of ONE's

liability is not a mere possibility, but a virtual certainty" based on ONE's own argument that a

Singapore court would allow ONE (as a mere slot charterer) to limit its liability pursuant to the

1976 Convention below what COGSA otherwise guarantees.   *Id.*   Third, Magistrate Judge

Lehrburger noted that the forum selection clause requires litigation, not arbitration—meaning that

the Claimants would not have the "opportunity to obtain review by a U.S. court at a later award-enforcement stage as did the plaintiffs in *Sky Reefer*." *Id.* Accordingly, enforcement of the jurisdiction clause presents the precise situations in which the Supreme Court in *Sky Reefer* stated that it "would have little hesitation in condemning the agreement as against public policy." 515 U.S. at 540. Noticeably, ONE's objections do not dispute that *Sky Reefer* is distinguishable on these grounds. Nor has ONE attempted to overcome the R&R's observation that of the lack "of any controlling or persuasive case where a court has, over a claimant's objection, enforced a forum selection clause in a bill of lading to which COGSA applied and as to which there was no dispute that enforcement would reduce the carrier's liability for damage or loss of cargo." Dkt. #707 at 28-29.

Instead, ONE contends that the Supreme Court drew a distinction between substantive and procedural laws for purposes of allowing the latter to lessen a carrier's liability below what COGSA otherwise guarantees through enforcement of a forum selection clause. Such an untenable argument elevates form (and procedure) over substance. Section 3(8) of COGSA is broadly worded and provides that "[a]ny clause, covenant, or agreement in a contract of carriage … lessening [a carrier's] liability otherwise than as provided in this Act, shall be null and void and of no effect." *See* 46 U.S.C. § 30701 (Notes). The text of § 3(8) draws no distinction between substantive and procedural laws, and creates no exceptions for clauses that would result in the application of an international convention to which the U.S. is not a signatory. Thus, Magistrate Judge Lehrburger correctly deemed the distinction drawn by ONE to be irrelevant:

> Regardless of whether the law to be applied is deemed substantive or procedural … the issue is whether enforcement of the Clause would result in "lessening of liability in the sense that COGSA prohibits." *Sky Reefer*, 515 U.S. at 530. As discussed above, the Clause does exactly that.

*See* Dkt. #707 at 26 n.28. He continued:

13

> ONE mischaracterizes *Sky Reefer* in saying that "the Supreme Court held that foreign forum [selection] clauses in ocean bills of lading do not contravene COGSA." (ONE Mem. At 8.) The Court made no such categorical ruling.

*Id.* at 27.  Indeed, ONE's flawed interpretation of *Sky Reefer* is directly at odds with the Court's warning that where a choice-of-forum and choice-of-law clauses operate in tandem as a "prospective waiver of a party's right to pursue statutory remedies," it would have "little hesitation in condemning the agreement as against public policy." 515 U.S. at 540.

That is the case here, as Magistrate Judge Lehrburger discerned in his R&R.  The forum selection clause in ONE's bill of lading and Singapore's enactment of the 1976 Convention would operate in tandem as a "prospective waiver" of Claimants' rights against ONE under COGSA.  As a slot charterer, ONE cannot invoke the protections of the Limitation Act in the U.S. but, according to its own submissions, would be able to invoke the protections of the 1976 Convention in Singapore.  *See* Dkt. #572 at ¶ 16.  Regardless of whether Singapore might deem its enactment of the 1976 Convention to be merely "procedural", the reality is that its application would confer upon ONE a substantive right to limit is liability as if it were a shipowner—one which does not exist under the U.S. Limitation Act.  *See E.I. Du Pont De Nemours & Co. v. Bentley*, 19 F.2d 354, 354 (2d Cir. 1927) (holding that a charterer that fails to plead that it has sufficient control of the vessel as defined in the Limitation Act cannot limit its liability); *In re M.V. President Kennedy Ltd.*, 2001 WL 180144 at *2 (S.D.N.Y. Feb. 22, 2001) (concluding that slot charterers have no standing to invoke the protections of the Limitation Act and are "liable for the full amount of damage suffered by cargo owners as the result of breaches of bills of lading"); *In re Chesapeake Shipping, Inc.*, 778 F. Supp. 153, 156-57 (S.D.N.Y. 1991) (vessel operator who employed the crew did not meet the definition of an "owner" entitled to commence a petition under the Limitation Act).  Because it cannot limit its liability under the Limitation Act, the lowest amount to which

ONE can limit its liability under COGSA would be $500 per package of cargo as set out in § 4(5). Indeed, ONE's admitted goal in engaging in reverse forum shopping is to limit its liability to less than 25% of the amount that Claimants are entitled to recover under COGSA.[9]  Yet, ONE has the temerity to argue that no "credible argument [can] be made that limitation of liability is contrary to the public policy arguments that underlie COGSA." *See* Dkt. #712 at 6.  As Magistrate Judge Lehrburger correctly concluded, ONE's argument must be rejected on public policy grounds.

## IV.    The Magistrate Judge Correctly Looked to the Limitation Act as Part of *Forum Non Conveniens* Analysis

For its third objection, ONE contends that Magistrate Judge Lehrburger erred by considering the Limitation Act as part of his analysis.  That argument directly contradicts controlling authority and should be rejected outright.  The Second Circuit has expressly stated that "'[i]n determining whether enforcement of a forum-selection clause would contravene a strong public policy of the forum in which suit is brought,' we look to federal statutes … because such materials may constitute declarations of public policy that justifies invalidating a forum selection clause." *Martinez*, 740 F.3d at 228 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).[10]  Thus, it was entirely appropriate for Magistrate Judge Lehrburger to look to both

---

[9]    ONE's Singapore solicitor calculated that application of the 1976 Convention would reduce ONE's potential exposure from more than $75 million to $16.41 million. Dkt. #572 ¶¶ 9, 32-36.  Even with application of the $500 per package limitation in § 4(5) of COGSA, the Cargo Claimants have calculated ONE's potential liability under COGSA at no less than $50 million, as discussed during oral argument before the Magistrate Judge.

[10]    The Second Circuit also noted that *Atlantic Marine* merely held that "private interests play no role in determining whether to transfer a case based on a forum selection clause" from one federal district to another pursuant to 28 U.S.C. § 1404(a).  *Martinez*, 740 F.3d at 229.  It then acknowledged that "[f]orum selection clauses pointing to foreign for a present distinct challenges not raised by clauses that merely point to other federal district courts." *Id.* at 230.  However, the Second Circuit declined to determine "whether a showing of private hardships might be sufficient to invalidate a forum selection clause designating a foreign forum…" because the plaintiff had failed to make such a showing.  *Id.*

COGSA and the Limitation Act—and doing so did not transform a public policy analysis into a consideration of private interest factors, as ONE's first objection contends.

For the sake of completeness, Claimants note that Magistrate Judge Lehrburger did not find their "fragmentation" argument to be an independent or alternative ground for denial, as ONE suggests.  *See* Dkt. #712 at 4 & 17.  Although Magistrate Judge Lehrburger deemed Claimants' concerns about frustrating the very purpose of the Limitation Act to be "valid," he found that they were not dispositive.  *See* Dkt. #707 at 30-31.  He thus clarified:

> [T]he Court does not conclude that the fact that this case is a large-scale, complex limitation action *by itself* would be sufficient to render the forum selection clause unenforceable. . . . But *in the context of this case*, in which enforcement of the forum selection clause would violate COGSA, the overriding purpose of the Limitation Act additionally also [sic] weighs against enforcement.

*Id.* at 35 (emphasis added).  Once again, Magistrate Judge Lehrburger found this to be an exceptional case, with a unique confluence of public policy concerns, and ONE has made no persuasive argument to the contrary.  Thus, ONE's objection should be rejected.

## V.     The Magistrate Judge Did Not Overlook Clause 4 of ONE's Terms

As its fifth and final objection, ONE contends that Magistrate Judge Lehrburger overlooked clause 4 of ONE's bill of lading terms.[11]  Clause 4 is a catchall provision through which ONE contends that Claimants are barred from challenging ONE's ability to invoke the 1976 Convention (even though it does not apply in the U.S.).  ONE made the same argument in its motion papers and at oral argument.  *See* Dkt. #614 at 5-6; Dkt. #708 at 22 & 34.  Magistrate Judge Lehrburger did not overlook clause 4 in his R&R, but instead rejected ONE's arguments about its effect.

---

[11]     The clause states in generalized terms that: (1) nothing in the bill of lading shall operate, limit, or deprive ONE of any statutory protection, exemption, or limitation authorized by any applicable law, statute, or regulation of any country; and (2) ONE shall be regarded as a person entitled to limit its liability under any applicable Convention for the Limitation of Liability for Maritime Claims, notwithstanding the fact that ONE may be a slot charterer.  *See* Dkt. #571-1 at 8-9.

16

Indeed, the R&R expressly concludes: "To the extent not addressed above, the Court has considered ONE's arguments and finds them to be without merit."  *See* Dkt. #707 at 45.

Even assuming *arguendo* that Magistrate Judge Lehrburger had overlooked clause 4 (which is not the case), the error would be harmless.  Clause 4 is not the elixir that ONE claims it to be, for the simple reason that a cargo owner cannot be compelled to waive its rights under COGSA merely by accepting a carrier's form bill of lading, where the terms thereof purport to reduce its rights.  One of the primary purposes of the Harter Act, the Hague Rules of 1921, and COGSA was to prohibit the enforcement of onerous terms that carriers had inserted in their bills of lading to relieve or unreasonably reduce their liability.  *See Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 955 (5th Cir.1995); *Encyclopedia Brittanica, Inc. v. S.S. Hong Kong Producer*, 422 F.2d 7, 11-13 (2d Cir. 1969), *cert. denied*, 397 U.S. 964 (1970); *General Elec. Co. v. M/V Lady Sophie*, 458 F. Supp. 620, 621 n.1 (S.D.N.Y. 1978).  Accordingly, § 3(8) of COGSA prohibits enforcement of any bill of lading term "relieving the carrier or the ship from liability for loss or damage to or in connection with the goods, arising from negligence, fault, or failure in the duties and obligations provided in this section, or lessening such liability otherwise than as provided in this chapter …" 46 U.S.C. § 30701 (Notes).  ONE's proposed interpretation and operation of clause 4 would violate § 3(8) in the same manner that Magistrate Judge Lehrburger found the forum selection clause to violate § 3(8).  In other words, because clause 4 purports to permit ONE to limit its liability as if it were a shipowner, contrary to the Limitation Act, it would operate to limit ONE's liability "to a sum lower than what it otherwise would be liable for under COGSA," and thus would be unenforceable.  *See* Dkt. #707 at 28; *see also Binladen BSB Landscaping v. M.V. Nedlloyd Rotterdam*, 759 F.2d 1006, 1017 n.12 (2d Cir.), *cert. denied*, 474 U.S. 902 (1985) (lower limitation invalid where bill of lading incorporated COGSA, which superseded any conflicting provisions

17

therein), *cert. denied*, 474 U.S. 902 (1985); *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800,

815 (2d Cir. 1971) ("the purpose of § 4(5) of COGSA was to set a reasonable figure below which

the carrier should not be permitted to limit his liability"); *Central National-Gottesman, Inc. v. M/V*

*"Gertrude Oldendorff"*, 204 F. Supp. 2d 675, 681-82 (S.D.N.Y. 2002) (declining to enforce a

London jurisdiction clause where the restriction under English law as to who could be sued as a

carrier presented would allow the carrier to escape liability under COGSA).[12]   Accordingly, ONE's

clause 4 argument cannot save its motion under any scenario.

## CONCLUSION

As demonstrated above, ONE's objections merely repeat the same arguments—and

advance the same misinterpretations of COGSA and Supreme Court decisions—that Magistrate

Judge Lehrburger rejected.   Therefore, in the absence of any clear errors in law or fact, the Court

should adopt the R&R and deny ONE's motion to dismiss.

Dated: New York, New York
      July 28, 2021

                                   Respectfully submitted,

                    By:    */s/ John J. Sullivan*
                                  John J. Sullivan
                                  Justin M. Heilig
                                  HILL RIVKINS LLP
                                  45 Broadway, Suite 1500
                                  New York, New York 10006
                                  (Tel) 212-669-0600
                                  (Fax) 212-669-0698

---

[12]     As Claimants noted during oral argument before Magistrate Judge Lehrburger, application of the Singapore forum clause, as well as ONE's interpretation of clause 4, would run afoul of § 3(8) in the same manner that both-to-blame clauses do.  Both-to-blame clauses appear as boilerplate in most carrier bills of lading, including ONE's at Clause 24. They violate § 3(8) and therefore are not enforceable in the United States, even though they do not explicitly mention the scope of the carrier's liability.  *See*, *e.g.*, *United States v. Atlantic Mut. Ins. Co.*, 343 U.S. 236, 240-41 (1952); *Encyclopedia Brittanica, Inc.*, 422 F.2d at 12.

jsullivan@hillrivkins.com
jheilig@hillrivkins.com
*Attorneys for Claimants/Third-Party Plaintiffs*