## ANNEX A

**ONE's Moving Brief (Dkt. #574) at 9:**

"A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum," Id. at 64, and "[p]laintiff's choice of forum merits no weight." Id. at 63. "As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum selection clauses should control except in unusual cases." Id at 64.

**ONE's Objections (Dkt. #712) at 3:**

In *Atlantic Marine*, the Supreme Court declared that the presence of a valid forum-selection clause requires the district court to "deem the private-interest factors to weigh entirely in favor of the preselected forum." *Atlantic Marine*, 571 U.S. at 64. As Justice Alito explained, this must be the result because "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Ibid*. "As a consequence, a district court may consider arguments about public-interest factors only." *Ibid*. The intended effect of *Atlantic*

**ONE's Moving Brief (Dkt. #574) at 8:**

by Sea Act (COGSA), and since SKY REEFER foreign court clauses in ocean bills of lading have routinely been enforced. See, e.g. Jockey International, Inc. v. M/V LEVERKUSEN EXPRESS, 217 F. Supp. 2d 447 (S.D.N.Y. 2002); Ana Distribution v. CMA-CGM, Inc., 329 F. Supp. 2d 565, (S.D.N.Y. 2004); Fubon Ins. Co. Ltd. v. OHL Int'l, No. 12-cv-5035 (RJS), 2014 WL 1383604 (S.D.N.Y. Mar. 31, 2014); Allianz Global Corporate & Specialty v. "CHISWICK BRIDGE", No. 13-cv-7559 (RA), 2014 WL 6469027 (S.D.N.Y. Nov. 17, 2014).

**ONE's Objections (Dkt. #712) at 4 n.4:**

[4] Since *Atlantic Marine*, courts have continued to routinely enforce foreign forum section clauses in ocean bills of lading. See, e.g., *Allianz Global Corporate & Specialty v. "CHISWICK BRIDGE"*, No. 13-cv-7559 (RA), 2014 WL 6469027 (S.D.N.Y. Nov. 17, 2014); *Fubon Ins. Co. Ltd. v. OHL Int'l*, No. 12-cv-5035 (RJS), 2014 WL 1383604 (S.D.N.Y. Mar. 31, 2014); *Ana Distribution v. CMA-CGM, Inc.*, 329 F. Supp. 2d 565 (S.D.N.Y. 2004); *Jockey International, Inc. v. M/V LEVERKUSEN EXPRESS*, 217 F. Supp. 2d 447 (S.D.N.Y. 2002).

**ONE's Reply Brief (Dkt. #614) at 8:**

the law of the forum governs all procedural matters." (ECF 572, Wai Decl., ¶ 23-25). U.S. courts also treat limitation of liability as a procedural matter:

> [l]imitation of liability which determines the amount to be posted for claimants, defines the remedy, and is a matter of procedure. *See Kloeckner, Reederei und Kohlenhandel v. A/S Hakedal, (The Western Farmer)* 210 F.2d 754, 756 (2d Cir.1954), appeal dismissed, 348 U.S. 801, 75 S.Ct. 17, 99 L.Ed. 633 (1955). The limitation of liability simply measures damages and does not attached to a pre-existing right. It merely provides a limited fund for all claimants. *See Black Diamond, supra*…336 U.S. at 395–96, 69 S.Ct. at 627 (1949).
>
> Because the limitation of liability provision at issue is procedural, the court applies the laws of the forum - United States law.

In re Compania Gijonesa De Navegacion, S.A., 590 F. Supp. 241, 245 (S.D.N.Y. 1984).

**ONE's Objections (Dkt. #712) at 13:**

A clear, succinct statement of the distinction between substantive law and limitation of liability as procedural law is found in *In re Compania Gijonesa De Navegacion, S.A.*, 590 F. Supp. 241 (S.D.N.Y. 1984):

> [L]imitation of liability which determines the amount to be posted for claimants, defines the remedy, and is a matter of procedure. The limitation of liability simply measures damages and does not attach to a pre-existing right. It merely provides a limited fund for all claimants.
>
> Because the limitation of liability provision at issue is procedural, the Court applies the laws of the forum—United States law.

*In re Compania*, 590 F. Supp. at 245 (internal citations omitted).

**ONE's Moving Brief (Dkt. #574) at 8:**

> Clauses in contracts mandating the courts of Singapore as the forum are regularly enforced. Anwar v. Fairfield Greenwich Ltd., 742 F. Supp. 2d 367, 377 (S.D.N.Y. 2010) ("[T]he Court is satisfied that Singapore offers more than adequate remedies for the subject of Plaintiffs' lawsuit"); Sherrill v. Brinkerhoff Mar. Drilling, 615 F. Supp. 1021, 1031 n.5 (N.D. Cal. 1985) ("Singapore's status as a major center of international trade and commerce… lends weight to [the] assertion of its adequacy as an alternative forum."); Mayhem Crude Inc. v. Barrelli Walsh Pte. Ltd., 445 F. Supp. 3d 337, 345 (N.D. Cal. 2020) ("Plaintiff's contention that Singapore is not an adequate alternative forum is unavailing.").

**ONE's Objections (Dkt. #712) at 10:**

> Finally, numerous U.S. courts have enforced forum selection clauses calling for litigation in Singapore, or have found Singapore to be an adequate alternative forum under a *forum non conveniens* analysis.[11] Thus, any notion that Singapore is a "fundamentally unfair" forum is without merit.
>
> [11] *See, e.g., Anwar v. Fairfield Greenwich Ltd.*, 742 F. Supp. 2d 367, 378 (S.D.N.Y. 2010) (accepting a foreign law expert's statement "that Singapore courts are among the fastest and most efficient in the world."); *Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd.*, No. 13-CV-9239 (CS), 2017 WL 972117, at *7 (S.D.N.Y. Mar. 10, 2017), *aff'd*, 712 F. App'x 88 (2d Cir. 2018) (finding Singapore to be an adequate alternative forum); *Mayhem Crude, Inc. v. Borrelli Walsh Pte. Ltd.*, 445 F. Supp. 3d 337, 345 (N.D. Cal. 2020), *aff'd*, 847 F. App'x 509 (9th Cir. 2021) (same).

**ONE's Moving Brief (Dkt. #574) at 14-15:**

> Although the analysis of Phillips v. Audio Active is easily met as shown in Point II above, the cargo claimants (for test claims 1, 2 and 3) and the NVOCC (for test claim 4) are bound by the Singapore forum clause in any event by virtue of having sued under the ONE bills of lading. Farrell Lines v. Columbus Cello-Poly, 32 F. Supp. 2d 118, 125 (S.D.N.Y. 1997), aff'd 161 F. 3d 115 (2d Cir. 1998) ("[D]efendants have filed suit on the bill of lading, and thereby accepted its terms [including the forum selection clause]"); Fed. Ins. Co. v. M/V VILLE D'AQUARIAS, No. 08-cv-08997 (PKC), 2009 WL 3398266 (S.D.N.Y. October 20, 2009) ("Courts in this and other circuits generally hold that a party suing on a bill of lading has consented to the terms of that bill of lading, including its forum selection clause"); Kukje Hwajae Ins. Co. v. M/V HYUNDAI LIBERTY, 408

**ONE's Objections (Dkt. #712) at 23:**

> By filing suit against ONE under the ONE bills of lading, the Claimants are deemed to have accepted the terms of the bills of lading and may be bound to those terms. See, e.g., Thyssen Inc. v. M/V MARKOS N, No. 97-cv-6181 (MBM), 1999 WL 619634 at *6 (S.D.N.Y. Aug. 16, 1999), aff'd, 310 F. 3d 102 (2d Cir. 2002) (A party "cannot pick and choose among the clauses of the bills of lading, selecting those that impose duties on the vessel and impose liability while avoiding those that establish the forum where that liability is to be determined."); Farrell Lines v. Columbus Cello-Poly, 32 F. Supp. 2d 118, 125 (S.D.N.Y. 1997), aff'd, 161 F. 3d 115 (2d Cir. 1998) ("[D]efendants have filed suit on the bill of lading, and thereby accepted its terms…."); Fed. Ins. Co. v. M/V VILLE D'AQUARIAS, No. 08-cv-08997 (PKC), 2009 WL 3398266 (S.D.N.Y. Oct. 20, 2009) ("Courts in this and other circuits generally hold that a party suing on a bill of lading has consented to the terms of that bill of lading….").

**ONE's Reply Brief (Dkt. #614) at 7:**

*COGSA*. Section 8 of U.S. COGSA, note following 46 U.S.C. §30701 (formerly 46 U.S.C. §1308)

provides as follows:

> The provisions of this chapter shall not affect the rights and obligations of the carrier under the provisions of the Shipping Act, 1916, or under the provisions of sections 175, 181 to 183, and 183b to 188 of this title or any amendments thereto; or under the provisions of any other enactment of the time being in force relating to the limitation of the liability of the owners of seagoing vessels.

The reference in Section 8 of COGSA to Section 183 of this title (i.e., Title 46) is to the U.S.

**ONE's Objections (Dkt. #712) at 7:**

conflict with the U.S. Limitation of Liability Act. Indeed, COGSA specifically provides, at Section

8, that:

> The provisions of this Act shall not affect the rights and obligations of the carrier under the provisions of the Shipping Act, 1916 [former 46 U.S.C. App. 801 et seq., see Disposition Table preceding section 101 of this title], or under the provisions of sections 4281 to 4289, inclusive, of the Revised Statutes of the United States [see chapter 305 of this title] or of any amendments thereto; or under the provisions of any other enactment for the time being in force relating to the limitation of the liability of the owners of seagoing vessels.[5]

Thus, COGSA is entirely consistent with U.S. public policy on limitation of liability, and neither

the Claimants, nor the R&R, cite any authority to the contrary.

**ONE's Reply Brief (Dkt. #614) at 5-6:**

Most strikingly, the opposition briefs overlook that the terms of ONE's bill of lading expressly recognize that ONE has the benefit of the applicable limitation of liability convention, even when ONE acts as a slot charterer. Clause 4 of ONE's bill of lading terms (ECF 571-1, Ex. A to Wyatt Decl.) provides in pertinent part as follows:

**ONE's Objections (Dkt. #712) at 23-24:**

Included among the terms in the ONE bill of lading is Clause 4,[15] which, as noted on page 8 above, includes an agreement by Claimants that they may not challenge ONE's entitlement to invoke any "applicable convention for the Limitation of Liability for Maritime Claims"[16] on the basis of ONE's status as a slot charterer.[17]

Thus, any arguments raised by Claimants suggesting that ONE is not entitled to limitation of liability based on its status as a slot charterer, should have been rejected as estopped by operation of Clause 4. However, the R&R failed to even mention Clause 4 in analyzing ONE's motion and therefore, it erred to the extent it improperly entertained any arguments by Claimants based on ONE's status as a slot charterer. *See* R&R at 21 and 35 n.34.