USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
IN THE MATTER OF THE COMPLAINT OF :
                                                :
Hapag-Lloyd Aktiengesellschaft a/k/a :
Hapag-Lloyd AG.                                      1:19-cv-5731-GHW-RWL
                Petitioner, :
                                                :     MEMORANDUM OPINION &
AS OWNERS AND OPERATORS OF THE :                ORDER
M/V YANTIAN EXPRESS                    :
                                                :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      On January 3, 2019, a fire broke out on board a container ship owned by Petitioner Hapag-Lloyd Aktiengesellschaft a/k/a Hapag-Lloyd AG ("Hapag"). Hapag's ship, the M/V Yantian Express (the "Vessel"), was in transit from Sri Lanka to Halifax, Nova Scotia and ports along the U.S. East Coast, including the Port of New York. Following the blaze, Hapag commenced this action seeking exoneration from, or limitation of, liability pursuant to the Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501 *et seq.* (the "Limitation Act"), and Rule F of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions, Federal Rules Of Civil Procedure ("Rule F"). Dkt. No. 1. Hapag's filing sparked numerous third-party claims and counterclaims from the owners and insurers of the destroyed and damaged cargo (the "cargo claimants") and non-vessel-operating common carriers ("NVOCCs") who were responsible to their customers for shipping certain containers on board the Vessel. Those parties filed claims for damages, indemnity, and/or contribution against Hapag and third-party defendants Ocean Network Express Pte. Ltd. ("ONE") and Yang Ming Marine Transport Corporation ("Yang Ming").

      On June 30, 2021, Magistrate Judge Robert W. Lehrburger issued a Report and Recommendation (the "R&R") denying ONE's bellwether motion to dismiss four test claims based

on a forum selection clause in ONE's bill of lading terms. Dkt. No. 707. Because the Court agrees with and adopts the R&R in its entirety, ONE's motion to dismiss is DENIED.

I.     BACKGROUND

The Court refers to the R&R for a comprehensive description of the facts and procedural history of the case but will briefly review the procedural history relevant to this motion.

Certain cargo claimants represented by Hill Rivkins LLP (the "Hill Rivkins Claimants") filed their initial Third-Party Complaint against ONE and others on December 24, 2019. Dkt. No. 160. The Hill Rivkins Claimants then filed an Amended Third-Party Complaint on January 3, 2020 (Dkt. No. 168) and the operative Second Amended Third-Party Complaint on January 7, 2020 (Dkt. No. 169[1]). On March 5, 2020, Zurich American Insurance Company filed a Third-Party Complaint against claimant Apex and others. Dkt. No. 239. Apex answered and crossclaimed against ONE on July 6, 2020. Dkt. No. 435.

On June 1, 2020, ONE requested a pre-motion conference with the Court to discuss its anticipated motion to dismiss claims governed by a forum selection clause in its standard bill of lading (the "Clause"). The Court referred the parties to Judge Lehrburger for dispositive motions on June 2, 2020. Dkt. No. 335. Judge Lehrburger held a pre-motion conference on June 11, 2020 and ordered the relevant parties—ONE and all parties who had claims against ONE stemming from cargo moving under ONE bills of lading—to meet and confer to discuss a bellwether approach to for addressing ONE's anticipated motion to dismiss. Dkt. No. 385.

---

[1] As noted by Judge Lehrburger, the Hill Rivkins Claimants refiled their Third-Party Complaint on December 31, 2019, due to a deficiency identified by the Southern District of New York's Electronic Case Filing system. Dkt. No. 167. The Hill Rivkins Claimants' Amended and Second Amended Third-Party Complaints also suffered from deficiencies, but were not refiled. Instead, the Hill Rivkins Claimants filed an "Amended Third-Party Complaint" on March 4, 2020. Dkt. 233. ONE denies being served with this latest complaint (Dkt. No. 574 at 4 n.5), and the Hill Rivkins Claimants do not argue otherwise. Accordingly, the Court—like Judge Lehrburger—treats the Hill Rivkins Claimants' Second Amended Third-Party Complaint as their operative pleading.

On August 20, 2020, the parties filed a letter proposing a briefing schedule and procedure for ONE's bellwether motion, proposed four test claims, and set forth the parties' "basic understanding . . . [that a] decision by the Court on the test claims would not be binding as to any other claims, but . . . that the purpose of a test claim approach is to obtain a decision from the Court that will provide guidance as to the many other claims." Dkt. No. 532. Judge Lehrburger endorsed the parties' proposal on August 21, 2020. Dkt. No. 533. ONE filed its bellwether motion on September 21, 2020. Dkt. No. 570. The parties completed briefing on December 7, 2020, and Judge Lehrburger held oral argument on June 23, 2021.

On June 30, 2021, Judge Lehrburger issued the R&R—denying ONE's bellwether motion in its entirety. Dkt. No. 707. ONE filed timely objections to the R&R on July 14, 2021. ONE's Objs. to the R&R ("ONE Objs."), Dkt. No. 712. Apex and the Hill Rivkins Claimants also filed objections. Apex's Objs. to the R&R ("Apex Objs."), Dkt. No. 713; Hill Rivkins Claimants Objs. to the R&R ("Hill Rivkins Objs."), Dkt. No. 714. ONE, Apex, and the Hill Rivkins Claimants filed responses to the objections on July 28, 2021. Dkt. Nos. 716, 717, and 718.

## II.     LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the

3

report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

### III. DISCUSSION

In the R&R, Judge Lehrburger found that the Clause, which would have required the parties to litigate in the Singapore High Court, was unenforceable "because it is rendered null and void by the Carriage Of Goods By Sea Act ('COGSA')" and that "the public interest weighs against its enforcement . . . ." R&R at 13. Judge Lehrburger's conclusion rests on an analysis of Section 3(8) of COGSA, which voids contractual provisions that limit liability beyond the limitations set by Section 4 of COGSA. *Id.* at 23–24. Judge Lehrburger found that the Singapore High Court would apply its own law, which would limit defendants' liability to a greater extent than that permitted by COGSA. *Id.* at 21–23. Because the Clause effectively imposed a limitation on liability greater than that permitted by COGSA, Judge Lehrburger reasoned, COGSA mandated that Clause be treated as null and void.

ONE objects to the R&R's conclusion that the Clause violates COGSA, arguing that in *Vimar Seguros y Reaseguros v. M/V Sky Reefer*, 515 U.S 528 (1995), the Supreme Court held that purely procedural provisions of contracts that limit recovery are not rendered void by COGSA. ONE also objects to the conclusion of the R&R by arguing that the R&R improperly considered private interest factors, as opposed to public policy factors, in violation of the Supreme Court's holding in *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49 (2013).

The Court appreciates the serious concerns raised by these objections. The law recognizes the significant value in permitting parties to a contract to litigate in their contractually preselected forum. *See Atlantic Marine*, 571 U.S. at 63 ("'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases'" (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). And certainty is beneficial in commercial contracts. The conclusion in this case—in which a privately negotiated forum selection clause is voided by a court—is in tension with those important principles. But, as described in the R&R and outlined below, the result in this unusual situation is mandated by federal statute and clear Supreme Court precedent. Accordingly, the Court adopts the R&R and its analysis in full.

A. **Objection Regarding Application of *Atlantic Marine* and *Phillips***

In the R&R, Judge Lehrburger found that "the bill of lading's forum selection clause is unenforceable in this action because it is rendered null and void by [COGSA] and the public interest weighs against its enforcement." R&R at 13. In so finding, Judge Lehrburger acknowledged that, under the Supreme Court's holdings in *Atlantic Marine*, 571 U.S. at 63 and *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 17 (1972), "a valid forum selection clause is given 'controlling weight in all but the most exceptional cases.'" R&R at 11–12 (quoting *Atlantic Marine*, 571 U.S. at 63). Judge Lehrburger then applied *Phillips v. Audio Active, Ltd.*, 494 F.3d 378 (2d Cir. 2007), in which the Second Circuit described the framework by which courts should analyze the validity of a forum selection clause following *Bremen*. R&R at 13–30.

ONE's first objection argues that the R&R misapplied the Supreme Court's ruling in *Atlantic Marine* and the Second Circuit's ruling in *Phillips* by "recommend[ing] denial of ONE's motion based on two private interest factors." ONE's Objs. at 4. ONE further argues that, to the extent the R&R was based on public interest factors, limiting liability is not against public policy. *Id.* at 6.

5

Ultimately, this objection relies on a misreading of the R&R and an unfounded position that Congress's will, expressed by statute in COGSA, is not properly viewed as public policy.

*Atlantic Marine* reaffirmed the Supreme Court's holding in *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), that "'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" 571 U.S. at 63 (quoting *Stewart*, 487 U.S. at 33) (brackets in original). In so holding, the Court ruled that, when considering a motion to enforce a valid forum-selection clause, a court "should not consider arguments about the parties' private interests" and "[a]s a consequence, a district court may consider arguments about public-interest factors only." *Id.* at 64. Thus, as correctly stated in the R&R, "when a forum selection clause is at issue . . . a court need only determine (1) whether the forum selection clause is valid and (2) whether public interest factors nevertheless counsel against enforcement." R&R at 11 (citing *Atlantic Marine*, 571 U.S. at 63–64).

In *Phillips*, which predated *Atlantic Marine* by six years, the Second Circuit outlined a framework for how courts should analyze the validity of forum selection clauses. The *Phillips* court held the following:

> Determining whether to dismiss a claim based on a forum selection clause involves a four-part analysis. The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires [the court] the classify the clause as mandatory or permissive . . . . Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause. If the forum selection clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable.

*Phillips*, 494 F.3d at 383 (citations omitted). "The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Id.* at 383–84 (quoting *Bremen*, 407 U.S. at 10, 17). In this fourth and final step a court must determine whether

> (1) [the forum-selection clause's] incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes strong public policy of the forum state; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court.

*Phillips*, 494 F.3d at 392; *see also Martinez v. Bloomberg LP*, 740 F.3d 211, 227–28 (2d Cir. 2014) (applying *Phillips* post-*Atlantic Marine*).

In *Phillips*, the Second Circuit was not navigating uncharted waters. The Supreme Court has long held that, in the admiralty context, forum-selection clauses "are prima facie valid and should be enforced" unless the resisting party meets the "heavy burden" of showing that enforcement would be "'unreasonable' under the circumstances." *Bremen*, 407 U.S. at 10, 17. The Second Circuit recognized this long-standing principle in crafting *Phillips*. And the fourth part of its analysis is specifically targeted to answer the question of whether enforcement would be unreasonable. *See Phillips*, 494 F.3d at 392 ("Under *M/S Bremen*, dismissal . . . is proper unless appellant makes a prima facie showing that the clause should be set aside. We have explained that a forum clause is enforceable unless . . . ." (citations omitted)).

Having reviewed the R&R's application of *Atlantic Marine* and *Phillips de novo*, the Court adopts Judge Lehrburger's recommendation. In essence, ONE's objection is based on a misreading of the R&R. Judge Lehrburger found that Clause satisfied the first three steps outlined in *Phillips* and was, therefore, presumptively enforceable. R&R at 20. Nevertheless, Judge Lehrburger found that that Clause was "unenforceable in this action because it is rendered null and void by [COGSA] and the public interest weighs against its enforcement." R&R at 13. Judge Lehrburger's conclusion is consistent with the *Phillips* framework. *See Phillips*, 494 F.3d at 392 (finding that forum selection clauses are not valid where "enforcement contravenes strong public policy of the forum state."). As discussed below, Judge Lehrburger properly concluded that the Clause was rendered void by COGSA. Fundamentally, Congress's will, as enacted by statute in COGSA, reflects public policy. If

7

a contractual provision, such as the Clause, is anathema under COGSA, it is proper to conclude that the public interest weighs against its enforcement, as Judge Lehrburger did here.

That Judge Lehrburger declined to "further" consider additional public interest factors does not, as ONE argues, mean that he considered only private interest factors. *See* ONE Objs. at 4. Nor does the fact that the dispositive public interest factors are aligned with the private interests of third-party plaintiffs mean, as ONE argues, that the decision was based considerations of those private interests. *See* ONE Objs. at 8.

Seeming to recognize that the R&R's conclusion is based on considerations of public policy, ONE attempts to salvage its objection by arguing that the R&R wrongly concluded that "it would contravene U.S. public policy to have limitation of liability apply." ONE Objs. at 6. But the R&R made no such finding. Because Judge Lehrburger declined to enforce the Clause based on public, rather than, private interests, the R&R properly applied *Bremen*—using the framework supplied by *Phillips*—and ably steered clear of any consideration of private interest factors in accordance with *Atlantic Marine*.

### B. Objection Regarding Application of *Sky Reefer* and COGSA

ONE next objects to the substance of the R&R's conclusion regarding the application of COGSA, arguing that Judge Lehrburger misinterpreted Section 3(8) of COGSA and the Supreme Court's decision in *Sky Reefer*. ONE Objs. at 11. In the R&R, Judge Lehrburger found that the Clause was rendered null and void by § 3(8) of COGSA. Specifically, Judge Lehrburger reasoned that if the Clause were enforced, and the dispute was heard in the courts of Singapore, the Singapore High Court would apply a Singapore law that would limit ONE's liability beyond the limitations permitted by COGSA. R&R at 24. Because the Clause had the effect of limiting liability beyond the scope permitted under COGSA, Judge Lehrburger concluded, § 3(8) of COGSA rendered the Clause void.

ONE argues that this conclusion was incorrect because, as a forum selection provision, the Clause is merely procedural, not substantive. ONE argues that, in *Sky Reefer*, the Supreme Court distinguished between substantive and procedural limitations on liability—holding that substantive limitations were against public policy while merely procedural limitations were not. Based on this interpretation, ONE argues that, because the law the Singapore High Court would use to limit liability is nominally procedural, the Clause is not voided by COGSA. ONE Objs. at 11–17. However, ONE misinterprets *Sky Reefer*. Indeed, as discussed in further detail below, in *Sky Reefer* the Supreme Court considered a hypothetical forum selection clause with substantive effect equivalent to the one presented here. The Supreme Court concluded that such a forum selection clause would be void under COGSA. *Id.* at 540.

COGSA limits liability for certain parties while expressly voiding any provisions in a contract that would further limit liability. Section 4 of COGSA, titled "Rights and Immunities," creates the liability limitation. It states the following:

> Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States, or in case of goods not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before shipment and inserted into the bill of lading.

46 U.S.C. § 30701 note § 4(5).

Section 3 of COGSA, which sets forth a carrier's duties and liabilities with respect to shipping and care of cargo and issuing bills of lading, renders null and void any terms of a contract that eliminate or lessen a carrier's liability. It states in relevant part the following:

> Any clause, covenant, or agreement in a contract of carriage relieving the carrier or the ship from liability for loss or damage to or in connection with the goods, arising from negligence, fault, or failure in the duties and obligations provided in this section, or lessening such liability otherwise than as provided in this Act, shall be null and void and of no effect.

46 U.S.C. § 30701 note § 3(8).[2]

The parties agree that if the Clause were enforced, the Singapore High Court would apply a Singapore law known as the 1976 Convention of Limitation of Liability for Maritime Claims (the "1976 Convention"), a limitation convention to which Singapore, but not the United States, is a party. R&R at 22. The Singapore High Court would still apply COGSA as substantive law but would overlay the 1976 Convention—nominally as a matter of procedure. R&R at 23. The effect of the application of the 1976 Convention is significant—using COGSA's limitation on liability, the plaintiffs' recovery could be approximately $75 million while application of the 1976 Convention would limit plaintiffs' recovery to approximately $16.4 million. R&R at 23.

Because the Singapore High Court would indisputably apply the 1976 Convention, the effect of the Clause is to reduce ONE's liability below that which is permitted under COGSA, and by a substantial amount. The Clause is, therefore, voided pursuant to Section 3(8) of COGSA, despite the fact that the Clause on its face deals with a "procedural" matter—namely, forum. The objection's arguments to the contrary based on *Sky Reefer* are misplaced.

In *Sky Reefer*, the Supreme Court considered "whether a foreign arbitration clause in a bill of lading is invalid under COGSA" because "the inconvenience and costs of proceeding in Japan would 'lesse[n] . . . liability' as those terms are used in COGSA." 515 U.S. at 530, 532.[3] In holding that the clause was valid, the Court reasoned that

---

[2] For clarification, the Court repeats the R&R's helpful note on COGSA's statutory codification. "COGSA was previously codified at 46 U.S.C. §§ 1300-1315. In 2006, Congress recodified Title 46 of the U.S. Code, and COGSA was uncodified but reprinted at 46 U.S.C. § 30701, historical and statutory notes." *Caddell Construction Co. (DE), LLC v. Danmar Lines Ltd.*, 2018 WL 6726549, at *2 n.1 (S.D.N.Y. Dec. 20, 2018) (citing Pub. L. No. 109-304, 120 Stat. 1485 (2006)); *see also Rexroth v. Hydraudyne B.V. v. Ocean World Lines, Inc.*, 547 F.3d 351, 354 n.2 (2d Cir. 2008) (noting recodification and lack of substantive changes), *abrogated on other grounds*, *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 561 U.S. 89, 130 S. Ct. 2433 (2010). The Court, like the R&R, cites to the COGSA sections as reflected in the statutory notes to 46 U.S.C. § 30701.

[3] Courts have consistently held, and this Court agrees, that *Sky Reefer* is applicable to forum-selection clauses outside of the arbitration context. *See, e.g.*, *Hyundai Corp. U.S.A. Inc. v. M/V AN LONG JIAN*, 1998 WL 13835 (S.D.N.Y. Jan. 15, 1998); *Fireman's Fund Ins. Co. v. M.V. DSR Atlantic*, 131 F.3d 1336 (9th Cir. 1997); *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33 (5th Cir. 1997).

10

> [t]he liability that may not be lessened is "liability for loss or damage . . . arising from negligence, fault, or failure in the duties and obligations provided in this section." The statute thus addresses the lessening of the specific liability imposed by the Act, without addressing the separate question of the means and costs of enforcing that liability. The difference is that between explicit statutory guarantees and the procedure for enforcing them, between applicable liability principles and the forum in which they are to be vindicated.

*Sky Reefer*, 515 U.S. at 534.

In considering whether the Clause violated COGSA 3(8), the R&R framed the relevant question as "whether the substantive law to be applied will reduce the carrier's obligations to the cargo owner below what COGSA guarantees." R&R at 25–26 (quoting *Sky Reefer*, 515 U.S. at 539). In answering in the affirmative, the R&R found that while "[t]he Clause does not on its face transgress § 3(8) [it] nevertheless is unenforceable because Singapore, 'as the exclusive forum,' would apply the 1976 Limitation Convention, 'which would result in limiting [ONE]'s liability to [a]sum lower than' what it otherwise would be liable for under COGSA." R&R at 28 (quoting *Sky Reefer*, 515 U.S. at 541.

ONE argues that *Sky Reefer* distinguished between substantive and procedural limitations on liability—holding that substantive limitations on liability are void under Section 3(8) while procedural provisions that merely have the effect of limiting liability are not. ONE Objs. at 11–17. That the Clause is nominally procedural, however, does not remove it from the ambit of Section 3(8). The text of the statute does not distinguish amongst the means by which a contractual provision limits liability. *Sky Reefer* did not draw a rough line between substantive and procedural contractual provisions, as ONE argues. Instead, it distinguished between provisions that lessened the specific liability imposed by COGSA from "the separate question of the means and costs of enforcing that liability . . . ." *Sky Reefer*, 515 U.S. at 534.

That the Clause falls into the category of provisions that lessen specific liability imposed by COGSA, rather than merely the means and costs of enforcing liability, is confirmed by the Court's

11

analysis in *Sky Reefer*. In deciding *Sky Reefer*, the Supreme Court considered a situation precisely of this nature and concluded that such a clause would be void under COGSA:

> Were there no subsequent opportunity to review and were we persuaded that "the choice-of-forum and choice-of-law clauses operated in tandem as a prospective waiver of a party's right to pursue statutory remedies . . . , we would have little hesitation in condemning the agreement as against public policy."

*Sky Reefer*, 515 U.S. at 540 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 637 n.19 (ellipsis in original)). So, in *Sky Reefer* the Supreme Court made clear that a choice of forum clause that functioned, together with the applicable choice-of-law, as a prospective waiver of a party's rights to pursue statutory remedies would not be permitted. That the "choice-of-forum" clause is "procedural" in nature, rather than an express limitation on liability did not figure in the Court's analysis—what mattered was that it functioned as a prospective waiver of the party's rights to pursue statutory remedies.

Here, under the terms of the Clause, the applicable substantive law and the procedural law applied due to the Clause operate in "tandem" to limit the litigants' ability to recover to a greater degree than permitted under COGSA. While nominally procedural, the Clause, which brings with it the limitation on liability established in the 1976 Convention, functions as a substantive limitation on recovery—precisely of the type that the Supreme Court "would have little hesitation in condemning . . . ." *Id.* Because the Clause is an effective limitation on liability, Judge Lehrburger correctly found that it was rendered void by Section 3(8) of COGSA. R&R at 13. Having reviewed these portions of the R&R *de novo*, the Court adopts the portions of the R&R regarding to the application of *Sky Reefer* and COGSA Section 3(8) in full.[4]

---

[4] The Court acknowledges that COGSA's Section 3(8) may a trap for the unwary when applied to a forum selection clause. As noted in *Bremen* and again in *Sky Reefer*, "[t]he expansion of American business and industry will hardly be encouraged if, notwithstanding solemn contracts, we insist on a parochial concept that all disputes must be resolved under our laws and in our courts. *Bremen*, 407 U.S. at 9 (quoted in *Sky Reefer*, 515 U.S. at 538). The Court anticipates that cases such as this—where it is certain that the selected forum would not apply the substantive law selected by the parties—will be rare. Parties to such commercial maritime contracts are also well positioned to formulate their agreements with COGSA's constraints in mind.

12

### C. Objection Regarding Consideration of the Limitation Act

ONE next objects to the R&R's finding that the overriding purpose of the Limitation Act to bring all claims into concourse and settle every dispute in one action—additionally weighs against enforcement. ONE Objs. at 17; R&R at 34–35. The Limitation Act indisputably espouses a public policy in favor of resolving claims in a single forum. *See Hartford Accident & Indemnity Co. Of Hartford v. Southern Pacific Co.*, 273 U.S. 207, 215–16 (1927) ("[T]his court has . . . given the [Limitation Act] a very broad and equitable construction for the purpose of carrying out its purpose, and for facilitating a settlement of the whole controversy over such losses as are comprehended within it, and that all the ease with which rights can be adjusted in equity is intended to be given to the proceeding."). However, according to ONE, the ills of fragmented claims that the Limitation Act seeks to prevent is a private interest factor foreclosed from consideration by *Atlantic Marine*. ONE Objs. at 18. While ONE may disagree, Congress has embedded this policy in law—the Court does not accept the argument that Congress's will should not be considered to be valid public policy.

That courts may consider public interest factors in determining whether to enforce forum selection clauses is not disputed. *See Atlantic Marine*, 571 U.S. at 64. Accordingly, having reviewed *de novo*, the Court adopts the portions of the R&R regarding consideration of the Limitation Act in full.[5]

### D. Objection Regarding Apparent Conflict Between the Forum Selection Clause in the ONE Bill of Lading and the Arbitration Provision the ONE Service Contract

ONE next objects to "[t]he suggestion in the R&R that there 'appears to be a direct conflict between the forum selection clause in ONE's bill of lading terms and the arbitration provision in ONE's service contract.'" ONE Objs. at 21 (quoting R&R at 40). But as ONE notes, "[t]he R&R

---

[5] Of course, whether "the fact that this case is a large-scale, complex limitation action by itself would be sufficient to render the forum selection clause unenforceable," is an open question. As the R&R explicitly stated that its consideration of the Limitation Act was not dispositive, the Court need not answer that question here.

13

expressly noted that "the Court need not resolve the conflict" because "[n]o party has moved to compel arbitration." *Id.* at 21. As the R&R did not resolve this question, the objection is not directed towards a decision included in the R&R, but rather only an idea suggested by its analysis. Because the R&R did not reach a conclusion on this topic, and the suggestion to which ONE objects had no impact on the outcome of the motion, this is not a viable objection.

    E.  **Objection Regarding Clause Four of the ONE Bill of Lading**

    Finally, ONE objects to what it describes as the R&R's failure to reject "any arguments raised by Claimants suggesting that ONE is not entitled to limitation of liability based on its status as a slot charterer . . . as estopped by operation of Clause 4" of the ONE bill of lading. ONE Objs. at 24. According to ONE, under Clause 4, Claimants agreed "that they may not challenge ONE's entitlement to invoke any 'applicable convention for the Limitation of Liability for Maritime Claims' on the basis of ONE's status as a slot charterer." *Id.* at 23–24. Whatever the merits of this argument in the future, it is irrelevant at present. ONE points to two passages in the R&R that refer to ONE's status as a slot charterer. The first, (R&R at 21), simply recounts Claimants' argument without any further consideration or comment. The second, (R&R at 35 n.34), specifically "does not address this argument." Because the R&R did not rely on these arguments, ONE's objection is baseless.

    F.  **Claimants' Objections**

      i.  **Objection Regarding the Hierarchy of Terms Between the ONE Bill of Lading and the ONE Service Contract**

    Not content with victory alone, Apex raises two objections to the R&R. First, Apex objects to the R&R's refusal to "resolve the conflict between dispute resolution provisions for purposes of the instant motion [because] [n]o party has moved to compel arbitration." Apex Objs. at 5. Instead, argues Apex, Judge Lehrburger "should have continued the analysis and concluded that, because the conflict does not relate to a 'term about liability,' under the hierarchy of terms established by the

14

Service Contract, the conflict must be resolved against the applicability of Bill of Lading clause 25.1." *Id.* As the R&R did not need to consider this argument to decide the motion and was not otherwise required to include what would amount to an advisory opinion, there is no basis for this objection.

### ii. Objection Regarding Asserted Failure to Consider Unique Features of a Large and Complex Maritime Limitation Action

Next, Apex objects to the R&R because it did not find that "the unique features of a large and complex maritime limitation action merit refusal to enforce choice of forum clauses." Apex Objs. at 6. Instead, the R&R explicitly "[did] not conclude that the fact that this case is a large-scale, complex limitation action by itself would be sufficient to render the forum selection clause unenforceable." Again, the R&R did not need to consider this argument to decide the motion and was not otherwise required to include what would amount to an advisory opinion.

### iii. Objection Regarding Severance Analysis and Reverse Forum Shopping

Finally, the Hill Rivkins Claimants "object to the R&R insofar as the severance analysis provides an independent basis for denying ONE's motion." Hill Rivkins Objs. at 2. They also object to the R&R because it does not address the Hill Rivkins Claimants' reverse forum shopping argument. Essentially, the Hill Rivkins Claimants take issue with the fact that, having denied ONE's motion because the Clause was unenforceable, the R&R did not provide separate advisory opinions as to the Hill Rivkins Claimants' other arguments. At bottom, this objection amounts to little more than an attempt by the Hill Rivkins Claimants to submit additional briefing on their arguments in case the Court were to reject the R&R. As discussed above, however, the Court adopts the R&R in its entirety. Accordingly, this objection is baseless.

### IV.     CONCLUSION

For the foregoing reasons, the Court adopts Judge Lehrburger's thoughtful and well-reasoned report and recommendation in full.  ONE's motion to dismiss is DENIED.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 570.

SO ORDERED.

Dated:  November 29, 2021  
New York, New York

GREGORY H. WOODS  
United States District Judge