

**Attorneys At Law**

LYONS & FLOOD LLP
THE TOWERS, SUITE 206
111 GREAT NECK ROAD
GREAT NECK, NY 11021
TEL (212) 594-2400
FAX (212) 594-4589
www.lyons-flood.com

RANDOLPH H. DONATELLI
E-Mail: rdonatelli@lyons-flood.com

ADMITTED IN NEW YORK,
GEORGIA

January 11, 2022

**BY ECF**

Honorable Robert W. Lehrburger
U.S. Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   In the Matter of the Complaint of Hapag-Lloyd Aktiengesellschaft
a/k/a Hapag-Lloyd AG
19-cv-05731-(GHW) (RWL)
Our file: 2766005

Dear Judge Lehrburger:

We represent third-party defendant Ocean Network Express Pte. Ltd. ("ONE") and write in regard to the letter (ECF 741) from the Venable firm (acting for various NVOCCs). Since the relief sought by the NVOCCs does not involve ONE, ONE takes no position with respect to their requests. We also note that the settlement discussions mentioned in that letter are exclusively between NVOCCs and cargo interests.

The purpose of this letter is to clarify their potential misunderstanding regarding the impact of the Court's November 29, 2021 order denying ONE's bellwether motion seeking to enforce ONE's Singapore jurisdiction clause (the order adopting Your Honor's Report and Recommendation dated June 30, 2021) with respect to the four test claims that were the subject of the motion.

As the Court may recall, ONE's bellwether motion was filed in the context of a Court endorsed stipulation (ECF No. 533) which provided that "[a] decision by the Court on the test claims would not be binding as to any other claims…" and that "proceeding with a bellwether motion is without prejudice to ONE's right to enforce the forum clause as to all claims (including as to any asserted after the bellwether motion is made), and the fact that ONE is now moving only under the test claims is not a waiver of ONE's right to later enforce as to any and all other claims."

NEW YORK    NEW JERSEY    MASSACHUSETTS

      Accordingly, if the NVOCCs are suggesting that the November 29, 2021 order binds claims other than the four test claims that were the subject of the bellwether motion, they are mistaken.

      ONE has been carefully considering further options in light of the November 29, 2021 order and expects to advise the parties and the Court by January 19 of the steps ONE might take in connection with the non-test claims (for which claims there is the consideration of preserving appeal rights).

      No matter what action ONE may take, this will not delay discovery. We understand that the depositions being planned by cargo interests are of Hapag-Lloyd concerning the fire incident that occurred on the vessel during the voyage. These depositions have nothing to do with proceedings on ONE's Singapore jurisdiction clause.

      Thank you for your consideration.

                                  Respectfully submitted,

                                  **Lyons & Flood, LLP**

                                  By: Randolph H. Donatelli