

**LYONS & FLOOD LLP**
THE TOWERS, SUITE 206
111 GREAT NECK ROAD
GREAT NECK, NY 11021
TEL  (212) 594-2400
FAX  (212) 594-4589
www.lyons-flood.com

Attorneys At Law

RANDOLPH H. DONATELLI
E-Mail: rdonatelli@lyons-flood.com

ADMITTED IN NEW YORK,
GEORGIA

January 24, 2022

**BY ECF**

Honorable Robert W. Lehrburger
U.S. Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   In the Matter of the Complaint of Hapag-Lloyd Aktiengesellschaft
a/k/a Hapag-Lloyd AG
<u>19-cv-05731-(GHW) (RWL)</u>
Our file:  2766005

Dear Judge Lehrburger:

      We represent third-party defendant Ocean Network Express Pte. Ltd. ("ONE") and refer to Your Honor's order of January 21, 2022 (ECF 751) concerning ONE's request for a pre-motion conference on ONE's proposed motion to dismiss the non-test claims against ONE. The order refers to the non-test claims as being ONE's claims but we respectfully note that the non-test claims are claims against ONE, and the parties (cargo interests and NVOCCs) who have claimed against ONE do not wish to voluntarily dismiss these claims.

      The following background explanation is adapted from our January 19, 2022 letter (ECF 746), which we mistakenly addressed to Judge Woods. We overlooked that the referral order from Judge Woods (ECF 335) covered all dispositive motions.

      As the Court will recall, ONE previously filed a motion (ECF 570) seeking an order to dismiss four "test" claims asserted against ONE relating to shipments carried under ONE's terms and conditions containing a Singapore jurisdiction clause (the "bellwether motion").

      As noted in the proposal laying out the procedure for the bellwether motion, which was approved by the Court's order dated August 21, 2020 (ECF 533), the purpose of a test claim approach is to obtain a decision from the Court that will provide guidance as to the many other claims, but all rights were reserved, and it was expressly agreed that "[a] decision by the Court on the test claims would not be binding as to any other claims…" and that "proceeding with a bellwether motion is without prejudice to ONE's right to enforce the forum clause as to all claims (including as to any asserted after the bellwether motion is made), and the fact that ONE is now moving only under the test claims is not a waiver of ONE's right to later enforce as to any and all other claims."

NEW YORK    NEW JERSEY    MASSACHUSETTS

   Consequently, Judge Woods's November 29, 2021 Memorandum Opinion & Order (ECF 735), adopting Your Honor's Report and Recommendation (ECF 707) and denying the bellwether motion, applies only to the four test claims identified in the motion. While ONE has the right to an eventual appeal from the November 29 decision with respect to the test claims, ONE, at this time, has no right to an appeal with respect to the non-test claims that are subject to the Singapore jurisdiction clause.

   Thus, although guidance as to the Court's thinking was provided in said decision, ONE believes that a further motion with respect to the non-test claims is necessary in order to obtain a formal decision by the Court.

   Accordingly, ONE renews its request for a pre-motion conference for a motion on the non-test claims (as allowed by the August 21, 2020 order).

   As noted in our status letter of January 11, 2022 to Your Honor (ECF 742), such a further motion will not delay discovery. We understand that the depositions being planned by cargo interests are of Petitioner Hapag-Lloyd concerning the fire incident that occurred on the vessel during the voyage. These depositions have nothing to do with any proceedings to further adjudicate ONE's right to enforce its Singapore forum clause with respect to the non-test claim

   Thank you for your consideration.

              Respectfully submitted,

              **Lyons & Flood, LLP**

              By: Randolph H. Donatelli