```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                          :
IN THE MATTER OF THE COMPLAINT OF  :
                                                          :
Hapag-Lloyd Aktiengesellschaft a/k/a        :         1:19-cv-5731-GHW-RWL
Hapag-Lloyd AG.                                    :
                Petitioner,                 :              ORDER
                                                          :
AS OWNERS AND OPERATORS OF THE    :
M/V YANTIAN EXPRESS                         :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       On October 25, 2022, Claimant/Third-Party Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") filed a notice of voluntary dismissal of its third-party complaint, Dkt. No. 245, under Federal Rule of Civil Procedure 41(a)(1)(A)(i), only with respect to Third-Party Defendant Airlift (U.S.A.), Inc. ("Airlift"). *See* Dkt. No. 853. The notice of voluntary dismissal represents that Airlift has "neither answered nor moved for summary judgment . . . ." *Id.* However, Airlift filed an answer to Liberty Mutual's third-party complaint at Dkt. No. 245 on June 22, 2020. *See* Dkt. No. 404. In its answer, Airlift asserted crossclaims against Hapag-Lloyd Aktiengesellschaft a/k/a Hapag Lloyd AG, Yang Ming Marine Transport Corp., Ocean Network Express Pte., Transworld Transportation Co. Ltd., Orient Star Transport International Ltd., Bao Binh Import Export Business Company Limited, and Zemu International, Inc.

       Because Airlift has answered the third-party complaint filed by Liberty Mutual, a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) is not the proper vehicle for dismissing the claims addressed by Liberty Mutual's notice of dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A) ("[T]he plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared."). Although the notice of dismissal is signed by counsel for Liberty Mutual as well as by counsel for Airlift, the Court declines to treat the notice of dismissal as a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Instead, the Court requests that Liberty Mutual and Airlift consider submitting a stipulation of dismissal and that Airlift inform the Court of the impact of such a stipulation on the crossclaims asserted by Airlift in its answer to Liberty Mutual's third-party complaint.

    SO ORDERED.

Dated: October 25, 2022
       New York, New York

_____
GREGORY H. WOODS
United States District Judge