

Raymond T. Waid
rwaid@liskow.com
D: 504.556.4042

July 25, 2023

Honorable Robert W. Lehrburger
U.S. Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    In re Hapag-Lloyd, 19-cv-5731 (GHW)(RWL)

Dear Judge Lehrburger,

    This is a joint letter by Raymond T. Waid of Liskow and Juliette B. McCollough of Peacock, Piper, Tong & Voss LLP ("Peacock Piper").

    Liskow represents MGF Sourcing USA, LLC ("MGF"), an independent US-led global sourcing company with a specialization in apparel, footwear, accessories, and other household goods. Peacock Piper represents Kontoor Brands as successor to VF Jeanswear ("Kontoor"), which is also a clothing company. Relevant to this litigation, MGF and Kontoor purchase goods manufactured in Asia, arrange transportation to the United States, and then resell the goods to retailers. The goods are seasonal in nature due to the shifting demands of consumers in the United States.

    When the M/V YANTIAN EXPRESS caught fire on January 3, 2019, MGF and Kontoor had several containers of cargo onboard. While MGF and Kontoor's goods were not damaged by the smoke and fire, the unreasonable delay in delivery after the fire caused the seasonal goods to lose value and the customers terminated their contracts prior to delivery and did not purchase the goods. MGF attempted salvage sales when the goods were eventually delivered, but there was no market where the cost would not exceed the salvage sale price. Kontoor had to ship the goods back to Asia for sale at a deep discount. As a result, MGF suffered a loss of over $1,851,619.39 and Kontoor suffered damages of approximately $1.8 million as well.

    On June 19, 2019, Hapag Lloyd Aktiengesellschaft ("Limitation Plaintiff") filed the above-captioned limitation action. R.Doc. 1. As a result, MGF and Kontoor filed timely answers and claims against the Limitation Plaintiff and the YANTIAN EXPRESS *in rem* (the "Vessel"). R.Doc. 104 (Kontoor) and 107 (MGF). MGF also filed a third party claim against Pelorus Ocean Line, Limited ("Pelorus"). R.Doc. 107. In the maritime industry, Pelorus is known as a non-vessel operating common carrier ("NVOCC"). NVOCC's essentially subcontract performance to vessel operating common carriers ("VOCCs") and their vessels, which is essentially how Limitation Plaintiff and the Vessel became involved in this claim. Pelorus is the company MGF hired to transport the cargo and which MGF had used on other voyages prior to the YANTIAN EXPRESS incident. *Id*. As will be shown at trial, Pelorus knew the nature of MGF's business, the importance of timely delivery, and the schedules upon which transportation and delivery were to be made.



July 25, 2023

      As "delay claimants," MGF and Kontoor are unique. They do not care how the fire started or what actions were taken to put the fire out. Those issues will involve extensive discovery and a long trial for the claimants whose cargo was lost or damaged. Conversely, MGF and Kontoor's claims are premised on the decisions that shoreside management at Pelorus and the Limitation Plaintiff made in deciding where and when to dock the Vessel after the fire and the timeliness of the steps they took to finish the voyage they contractually agreed to undertake. Those issues do not involve the same facts or legal arguments as the fire loss/damage claims. The delay claims involve simpler issues and facts that will not take extensive time in discovery or at trial. Similarly, these issues should be easier to resolve commercially, especially with the experienced, capable maritime lawyers representing the parties at issue.

      In order to facilitate those discussions, MGF and Kontoor respectfully request that the Court schedule an in-person settlement conference with only the delay claimants and delay defendants. To the undersigned's knowledge, those parties are:

Limitation Plaintiff
Pelorus
MGF
Kontoor Brands as successor to VF Jeanswear
Chubb Canada

The undersigned's understanding is that the total delay claims in this case are more than $4 million, which seems significant enough for all of the parties and counsel to travel, particularly in a case which has been pending for four years. We understand that some of the defendants and underwriters do not reside in New York, but this conference is being scheduled in sufficient time for travel arrangements to be made and schedules to be adjusted. Moreover, there is no prejudice or inequity from asking a party who is litigating in a particular venue, and presumably therefore attending trial, to attend a single day settlement conference in that venue. The Limitation Plaintiff chose this venue in filing its limitation petition (R.Doc. 1), and Pelorus's own contract calls for venue before this Honorable Court.

      To the extent any parties do not wish to travel, those parties can engage in settlement discussions prior to the scheduled conference and try to moot the need for a conference at all, as envisioned in Limitation Petitioner's recent letter to the Court. R.Doc. 894.

      Thank you for your consideration.

                                              Best regards,

                                              Raymond T. Waid
                                              Juliette B. McCullough, of
                                              Peacock, Piper, Tong & Voss LLP